1 **KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
2 Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
3 San Francisco, CA 94108
Telephone: (415) 955-1155
4 Facsimile: (415) 955-1158
karl@KBInternetLaw.com
5 jeff@KBInternetLaw.com

6 Attorneys for Plaintiff Evenflow, Inc.
*dba* Dropbox
7

8

9
                **UNITED STATES DISTRICT COURT**
10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12 **EVENFLOW, INC., a Delaware**            CASE **09        3824**
**corporation *dba* Dropbox,**
13
                    Plaintiff,                **COMPLAINT**
14          v.

15 **DOMAINS BY PROXY, INC., an Arizona**     **JURY TRIAL DEMANDED**
**corporation; and DOES 1-10,**
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

Case No.                                                      **COMPLAINT**

1

**INTRODUCTION**

2    1.    Plaintiff, Evenflow, Inc. *dba* Dropbox provides a massively successful online

3   file syncing and remote access system called Dropbox.

4    2.    For years since the launch of Dropbox, Plaintiff has expended considerable

5   time and resources conducting a comprehensive advertising campaign to promote the

6   Dropbox application under its DROPBOX trademark.

7    3.    As a result of Plaintiff's extensive advertising and the success of the

8   Dropbox application, the DROPBOX trademark has gained widespread consumer

9   recognition. Since before 2008, there has been a strong consumer association between

10  the DROPBOX mark and Plaintiff's Dropbox application.

11    4.    In or around March 2008—well after Plaintiff had generated strong

12  trademark rights in the DROPBOX mark—Defendant Domains By Proxy, Inc. became the

13  registrant of the domain name <www.dropbox.com> (the "Disputed Domain").

14    5.    Since then, Defendant has used the Disputed Domain to operate a website

15  containing hyperlinks to Plaintiff's competitors.

16    6.    As a result of Defendant's registration and use of the Disputed Domain,

17  Defendant has caused widespread consumer confusion.  Consumers going to the

18  website resolving to the Disputed Domain are looking for Plaintiff's website and Dropbox

19  application.  Instead, these consumers are presented with advertisements for Plaintiff's

20  competitors.

21    7.    As a result of Defendant's misconduct, Plaintiff has been substantially

22  harmed.

23

**JURISDICTION AND VENUE**

24    8.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because

25  the amount in controversy exceeds $75,000 exclusive of interest and costs, and because

26  one party is a citizen of the United States and the other party is a citizen of another state.

27  Specifically, Plaintiff is a resident of California, and Defendant is a resident of Arizona.

28  Harm to Plaintiff's trademark and damages arising from the unlawful use of Plaintiff's

Case No.                                                                                   1    **COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 | trademark have exceeded $75,000 in value.

`2 | 9. The Court also has subject matter jurisdiction over the federal claims
3 | pursuant to 28 U.S.C. §§1331 & 1338 because the claims arise under the laws of the
4 | United States. This Court has jurisdiction over the state law claims under 28 U.S.C.
5 | §1367 because the state law claims are so related to the federal claims that they form
6 | part of the same case or controversy and arise from a common nucleus of operative
7 | facts.

8 | 10. This Court has personal jurisdiction over the Defendant because the
9 | Defendant: a) has engaged in significant business within California, b) has a significant
10 | number of customers in California, and c) on information and belief, derives a significant
11 | portion of its revenues from California. Additionally, the brunt of Defendant's misconduct
12 | has been felt by Plaintiff, who is based in California.

13 | 11. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of
14 | the events or omissions giving rise to Plaintiff's claim occurred within the District. Plaintiff
15 | is based in the District and suffered the harm here.

16 | **PARTIES**

17 | 12. Plaintiff Evenflow, Inc. is a Delaware corporation with its principal place of
18 | business in San Francisco, California. Evenflow, Inc. conducts business under its
19 | registered fictitious business name, Dropbox.

20 | 13. Defendant Domains By Proxy, Inc is an Arizona corporation with its
21 | principal place of business in Scottsdale, Arizona.

22 | 14. Plaintiff does not know the true names or legal capacities of the Defendants
23 | sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by such
24 | fictitious names.

25 | 15. On information and belief, Defendants engaged in a common purpose,
26 | conspired to commit, and acted together to achieve the misconduct described herein.

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.

2

COMPLAINT

1

## INTRADISTRICT ASSIGNMENT

2      16.     For the purposes of Local Rule 3-2(c), this action should be assigned to the

3  San Francisco division of the Court because San Francisco is the county in which a

4  substantial part of the events or omissions which give rise to the claim occurred.

5

## BACKGROUND

6

## Plaintiff's Business & DROPBOX Trademark

7      17.     Plaintiff offers computer users an online virtual storage application called

8  Dropbox.

9      18.     Dropbox enables computer users to store and sync files online and

10  between computers.  Once users install the Dropbox application, users can drag any

11  computer file into their Dropbox folder, which appears on the users' desktops.  When a

12  computer file is placed in the Dropbox folder, the file becomes accessible to that user on

13  any computer on which the Dropbox application has been installed.  Files in the Dropbox

14  folder may be shared with other Dropbox users or accessed from the Web.

15      19.     Currently, Plaintiff offers users a free Dropbox account, which provides

16  users with two gigabytes of storage.  Users may upgrade to a 50 or 100 gigabyte

17  Dropbox account by paying a monthly or yearly fee.

18      20.     Dropbox employs secure socket layer transfers with AES-256 encryption to

19  ensure its users' security, and Dropbox supports revision history so deleted files may be

20  recovered from any of the synced computers.

21      21.     The combination of Dropbox's simplicity and utility has been met with a

22  resounding success.  Dropbox has won the praise of computer experts and everyday

23  computer users alike.  Businesses, educators, students, children, and grandparents have

24  all embraced Dropbox.  In the years since the introduction of Dropbox, Plaintiff has

25  enjoyed a tremendous success and has acquired a devoted clientele.

26      22.     Demand for Dropbox has been constantly growing.  Millions of users visit

27  Dropbox's website every month, located at <getdropbox.com>.  And this number has

28  been steadily increasing since the introduction of Dropbox.

Case No.                                                                      **COMPLAINT**
                                          3

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

23. Plaintiff has expended considerable time and effort promoting and advertising Dropbox, using DROPBOX as its brand name. To date, Plaintiff has spent in excess of \$1 million dollars marketing the DROPBOX brand.

24. Plaintiff has also engaged in aggressive media relations effort regarding DROPBOX. As a result, the DROPBOX application and mark have also enjoyed numerous references in a variety of prominent media outlets like the New York Times, Washington Post, USAToday and Techcrunch.com, as well as media outlets throughout Europe and Asia. Moreover, Plaintiff has received the Webware 100 award by CNET, PC Magazine's Editor's choice Award, and Mac Life's Editor's Choice for its Dropbox application.

25. Plaintiff's advertising and promotion of Dropbox and the DROPBOX mark have been highly successful given the exponential growth that Plaintiff has enjoyed.

26. As a result of Plaintiff's substantial marketing investment and the quality of its Dropbox application, consumers have come to associate the DROPBOX mark with Plaintiff and Plaintiff's Dropbox application.

27. As a result of Plaintiff's advertising and promotion, industry awards and media references, the DROPBOX mark has become famous throughout the United States, and is widely associated with Plaintiff's Dropbox application.

## Defendant's Misconduct

28. Defendant is a for profit corporation that offers privacy services to domain name registrants.

29. When a domain registrant engages Defendant's privacy services, the registrant transfers his or her domain name to Defendant, so that Defendant actually becomes the registrant of the domain name. Defendant agrees to become and serve as the registrant of the domain name, making only its contact information available to the public. As the registrant of the domain names, Defendant becomes legally responsible for the domain name and arranges for the administration of the domain name, including renewing the domain name with the relevant domain name registrar. While Defendant is

Case No.                                                                                    4                                                                    COMPLAINT

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 the legal registrant of the domain name, Defendant's customer remains a beneficiary of
`2 the domain name.

3     30.     On or around March 25, 2008 a currently unknown party transferred the
4 Disputed Domain to the Defendant, and the Defendant became the registrant of the
5 Disputed Domain.

6     31.     By March 2008 Plaintiff had already experienced tremendous success with
7 its Dropbox service and had spent considerable time and money promoting and
8 advertising the Dropbox application and the DROPBOX mark. Thus, by March 2008,
9 Plaintiff's customers had come to associate the DROPBOX trademark with Plaintiff and
10 Plaintiff's Dropbox application.

11     32.     Notwithstanding the goodwill associated with Plaintiff and its DROPBOX
12 trademark, after March 2008 Defendant used the Disputed Domain—which is identical to
13 Plaintiff's DROPBOX trademark—in a bad faith effort to generate revenue.

14     33.     Specifically, Defendant began operating—and continues to operate—a
15 website resolving to the Disputed Domain. On that website, Defendant has displayed—
16 and continues to display—hyperlinks to Plaintiff's competitors. As limited examples,
17 Defendant's website regularly displays hyperlinks to Box.net, Diino, and GoToMyPC, all
18 of which are file syncing and remote access services, like Dropbox. On information and
19 belief, Defendants generate revenue any time a computer user goes to the Disputed
20 Domain and clicks on one of these hyperlinks. Additionally, Defendant has generated
21 revenue from offering its privacy services with respect to the Domain Name during which
22 time the Domain Name caused consumer confusion.

23     34.     Defendant has relied on the confusion of Internet users in operating the
24 website resolving to the Disputed Domain. Users seeking Plaintiff's Dropbox website
25 mistakenly enter the Disputed Domain into the URL field of their web browser and go to
26 Defendant's infringing website. Users are then presented with advertisements for
27 Plaintiff's competitors.

28     35.     The consumer confusion that has resulted from Defendant's misconduct is

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 manifest and illustrated on message boards and other venues throughout the Internet.
2 As a result of Defendant's misconduct, consumers have been confused about the
3 association between Defendant's website on the one hand and Plaintiff and Plaintiff's
4 Dropbox application on the other hand.

5 36. As a result of Defendant's misconduct, Plaintiff has been substantially
6 harmed.

7 **FIRST CAUSE OF ACTION**

8 **CYBERSQUATTING (15 U.S.C. §1125(d))**

9 37. Plaintiff re-alleges and incorporates by reference each and every allegation
10 set forth in Paragraphs 1 through 35 inclusive.

11 38. Plaintiff has generated substantial rights in the trademark DROPBOX in
12 connection with its computer file syncing service through Plaintiff's continuous use of the
13 DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

14 39. Defendant, with bad faith intent to profit from Plaintiff's DROPBOX
15 trademark, registered, trafficked in, and used the Disputed Domain.

16 40. At the time Defendant became the registrant of the Disputed Domain (and
17 before Defendant began trafficking in and using the Disputed Domain), the DROPBOX
18 mark had become distinctive and had acquired secondary meaning through Plaintiff's
19 continuous use of the mark and Plaintiff's extensive advertising.

20 41. The Disputed Domain name is identical or confusingly similar to the
21 DROPBOX mark.

22 42. As a result of Defendant's misconduct, Plaintiff has been substantially
23 harmed.

24 43. Defendant's misconduct will continue unless enjoined by this Court.

25 **SECOND CAUSE OF ACTION**

26 **INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. §1125(a))**

27 44. Plaintiff re-alleges and incorporates by reference each and every allegation
28 set forth in Paragraphs 1 through 35 inclusive.

Case No. 6 **COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1       45.     Plaintiff has generated substantial rights in the trademark DROPBOX in

2 connection with its computer file syncing service through Plaintiff's continuous use of the

3 DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

4      46.     Since approximately March 2008, Defendant has used in interstate

5 commerce the DROPBOX trademark and false and misleading permutations of the

6 DROPBOX trademark.

7      47.     Defendant's use of the DROPBOX trademark and permutations thereof are

8 likely to cause—and has in fact caused—confusion, mistake, and deception as to the

9 affiliation, connection, or association of Defendant and the website resolving to the

10 Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and

11 Plaintiff's DROPBOX trademark on the other hand.

12     48.     Defendant's use of the DROPBOX trademark and permutations thereof are

13 likely to cause—and has in fact caused—confusion, mistake, and deception as to the

14 origin, sponsorship, or approval of the website resolving to the Disputed Domain.

15     49.     The Disputed Domain name is identical or confusingly similar to the

16 DROPBOX mark.

17     50.     As a result of Defendant's misconduct, Plaintiff has been substantially

18 harmed.

19     51.     Defendant's misconduct will continue unless enjoined by this Court.

20 **THIRD CAUSE OF ACTION**

21 **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

22     52.     Plaintiff re-alleges and incorporates by reference each and every allegation

23 set forth in Paragraphs 1 through 35 inclusive.

24     53.     Plaintiff has generated substantial rights in the trademark DROPBOX in

25 connection with its computer file syncing service through Plaintiff's continuous use of the

26 DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.

7

COMPLAINT

1  `·` 54. Since approximately March 2008, Defendant has used in interstate
2 commerce the DROPBOX trademark and false and misleading permutations of the
3 DROPBOX trademark.

4  55. Defendant's use of the DROPBOX trademark and permutations thereof are
5 likely to cause—and has in fact caused—confusion, mistake, and deception as to the
6 affiliation, connection, or association of Defendant and the website resolving to the
7 Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and
8 Plaintiff's DROPBOX trademark on the other hand.

9  56. Defendant's use of the DROPBOX trademark and permutations thereof are
10 likely to cause—and has in fact caused—confusion, mistake, and deception as to the
11 origin, sponsorship, or approval of the website resolving to the Disputed Domain.

12  57. By engaging in the above-described misconduct, Defendant has engaged
13 in unfair and fraudulent business acts and practices and has engaged in unfair,
14 deceptive, untrue or misleading advertising.

15  58. Thus Defendant has committed unfair competition in violation of California
16 Business and Professions Code section 17200.

17  59. As a result of Defendant's misconduct, Plaintiff has been substantially
18 harmed.

19  60. Defendant's misconduct will continue unless enjoined by this Court.

20        **PRAYER FOR RELIEF**

21  **WHEREFORE**, Plaintiff respectfully requests judgment as follows:

22  1. That the Court enter judgment against the Defendant that it has

23    a. Committed and is committing cybersquatting in violation of 15 U.S.C.
24     §1125(d);

25    b. Committed and is committing acts of infringement of an unregistered
26     trademark in violation of 15 U.S.C. §1125(a);

27    c. Committed and is committing acts of unfair competition in violation of
28     California Business & Professions Code section 17200.

Case No.            8          **COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

2. That the Court issue injunctive relief against Defendant, requiring Defendant to transfer the Disputed Domain to Plaintiff.

3. That the Court order Defendant to pay Plaintiff's damages as follows:

    a. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to or Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d).

    b. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark;

    c. Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.

    d. Such other damages as the Court shall deem appropriate;

    e. Interest, including prejudgment interest, on the foregoing sums;

4. That the Court grant to Plaintiff such additional relief as is just and proper.

DATED: August 20, 2009

KRONENBERGER BURGOYNE, LLP



By: _____
Karl S. Kronenberger

Attorneys for Plaintiff Evenflow, Inc., dba Dropbox

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  **REQUEST FOR JURY TRIAL**

2  Plaintiffs hereby demand a trial of this action by jury.

3

4  DATED: August 20, 2009            **KRONENBERGER BURGOYNE, LLP**

5

6  By: 

7                      Karl S. Kronenberger

8

9                      Attorneys for Plaintiff Evenflow, Inc.
dba Dropbox

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.                           10                         **COMPLAINT**