1  **KRONENBERGER BURGOYNE, LLP**
2  Karl S. Kronenberger (Bar No. 226112)
   Jeffrey M. Rosenfeld (Bar No. 222187)
3  150 Post Street, Suite 520
   San Francisco, CA 94108
4  Telephone: (415) 955-1155
   Facsimile:  (415) 955-1158
5  karl@KBInternetLaw.com
   jeff@KBInternetLaw.com

6  Attorneys for Plaintiff Evenflow, Inc.
7  *dba* Dropbox

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EVENFLOW, INC.**, a Delaware corporation *dba* **Dropbox**,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>**GIRI NIRKONDAR**, an individual,<br><br>　　　　　Defendant. | CASE NO. C 09-03824 BZ<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Plaintiff, Evenflow, Inc. *dba* Dropbox provides a massively successful online file syncing and remote access system called Dropbox.

2. For years since the launch of Dropbox, Plaintiff has expended considerable time and resources conducting a comprehensive advertising campaign to promote the Dropbox application under its DROPBOX trademark.

3. As a result of Plaintiff's extensive advertising and the success of the Dropbox application, the DROPBOX trademark has gained widespread consumer recognition. Since before 2008, there has been a strong consumer association between the DROPBOX mark and Plaintiff's Dropbox application.

4. In or around March 2008—well after Plaintiff had generated strong trademark rights in the DROPBOX mark—Defendant Giri Nirkondar ("Nirkondar" or "Defendant") transferred the registration of the domain name <www.dropbox.com> (the "Disputed Domain") to third party Domains By Proxy, Inc., which became the new registrant of the Disputed Domain.

5. Thereafter, Defendant, through his contractual relationship with Domains By Proxy, Inc., used the Disputed Domain to operate a commercial website, which displays hyperlinks to Plaintiff's competitors.

6. On approximately August 21, 2009, Domains By Proxy, Inc. transferred the Disputed Domain back to Defendant. Since this recent transfer, Defendant has continued to use the Disputed Domain to operate a website displaying hyperlinks to Plaintiff's competitors.

7. As a result of Defendant's use of the Disputed Domain, Defendant has caused widespread consumer confusion. Consumers going to the website resolving to the Disputed Domain are looking for Plaintiff's website and Plaintiff's Dropbox application. Instead, these consumers are presented with advertisements for Plaintiff's competitors.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

8. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 & 1338 because the claims arise under the laws of the United States. This Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

10. This Court has personal jurisdiction over the Defendant because the Defendant resides in Pleasanton, California.

11. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the District. Plaintiff is based in the District and suffered the harm here. Further, Defendant resides in the District.

## PARTIES

12. Plaintiff Evenflow, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Evenflow, Inc. conducts business under its registered fictitious business name, Dropbox.

13. Defendant Giri Nirkondar is an individual residing in Pleasanton, California.

## INTRADISTRICT ASSIGNMENT

14. For the purposes of Local Rule 3-2(c), this action should be assigned to the San Francisco division of the Court because San Francisco is the county in which a substantial part of the events or omissions which give rise to the claim occurred.

## BACKGROUND

### Plaintiff's Business & DROPBOX Trademark

15. Plaintiff offers computer users an online virtual storage application called Dropbox.

16. Dropbox enables computer users to store and sync files online and

1  between computers.  Once users install the Dropbox application, users can drag any
2  computer file into their Dropbox folder, which appears on the users' desktops.  When a
3  computer file is placed in the Dropbox folder, the file becomes accessible to that user on
4  any computer on which the Dropbox application has been installed.  Files in the Dropbox
5  folder may be shared with other Dropbox users or accessed from the Web.

6      17.   Currently, Plaintiff offers users a free Dropbox account, which provides
7  users with two gigabytes of storage.  Users may upgrade to a 50 or 100 gigabyte
8  Dropbox account by paying a monthly or yearly fee.

9      18.   Dropbox employs secure socket layer transfers with AES-256 encryption to
10 ensure its users' security, and Dropbox supports revision history so deleted files may be
11 recovered from any of the synced computers.

12     19.   The combination of Dropbox's simplicity and utility has been met with a
13 resounding success.  Dropbox has won the praise of computer experts and everyday
14 computer users alike.  Businesses, educators, students, children, and grandparents have
15 all embraced Dropbox.  In the years since the introduction of Dropbox, Plaintiff has
16 enjoyed a tremendous success and has acquired a devoted clientele.

17     20.   Demand for Dropbox has been constantly growing.  Millions of users visit
18 Dropbox's website every month, located at <getdropbox.com>.  And this number has
19 been steadily increasing since the introduction of Dropbox.

20     21.   Plaintiff has expended considerable time and effort promoting and
21 advertising Dropbox, using DROPBOX as its brand name.  To date, Plaintiff has spent in
22 excess of $1 million dollars marketing the DROPBOX brand.

23     22.   Plaintiff has also engaged in an aggressive media relations effort regarding
24 DROPBOX.  As a result, the DROPBOX application and mark have also enjoyed
25 numerous references in a variety of prominent media outlets like the New York Times,
26 Washington Post, USAToday and Techcrunch.com, as well as media outlets throughout
27 Europe and Asia.  Moreover, Plaintiff has received the Webware 100 award by CNET,
28 PC Magazine's Editor's choice Award, and Mac Life's Editor's Choice for its Dropbox

Case No. C 09-03824 BZ      3      **FIRST AMENDED COMPLAINT**

1 application.

2     23. Plaintiff's advertising and promotion of Dropbox and the DROPBOX mark
3 have been highly successful given the exponential growth that Plaintiff has enjoyed.

4     24. As a result of Plaintiff's substantial marketing investment and the quality of
5 its Dropbox application, consumers have come to associate the DROPBOX mark with
6 Plaintiff and Plaintiff's Dropbox application.

7     25. As a result of Plaintiff's advertising and promotion, industry awards and
8 media references, the DROPBOX mark has become famous throughout the United
9 States, and is widely associated with Plaintiff's Dropbox application.

## Defendant's Misconduct

11     26. Defendant Nirkondar registered the Disputed Domain and subsequently re-
12 registered the Disputed Domain multiple times, including on June 27, 2007.

13     27. Despite Defendant Nirkondar's registration and re-registration of the
14 Disputed Domain, Nirkondar did not use the Disputed Domain in commerce or use the
15 word, "dropbox," in commerce prior to March 2008.

16     28. By March 2008 Plaintiff had already experienced tremendous success with
17 its Dropbox service and had spent considerable time and money promoting and
18 advertising the Dropbox application and the DROPBOX mark.  Thus, by March 2008,
19 Plaintiff's customers had come to associate the DROPBOX trademark with Plaintiff and
20 Plaintiff's Dropbox application.

21     29. Recognizing the value that Plaintiff had generated for its DROPBOX
22 trademark, in March 2008 Defendant Nirkondar transferred registration the Disputed
23 Domain to Domains By Proxy, Inc., which became the new registrant of the Disputed
24 Domain.

25     30. Pursuant to the terms of the agreement with Domains by Proxy, Nirkondar
26 retained the benefits of the domain name, including but not limited to the ability to
27 associate the domain name with a commercial website and to generate revenue from
28 that website.

31. After Nirkondar transferred the Disputed Domain to Domains By Proxy, Inc., Nirkondar began to use the Disputed Domain—which is identical to Plaintiff's DROPBOX trademark—in a bad faith effort to generate revenue from the Disputed Domain and trademark.

32. Specifically, after transferring the Disputed Domain to Domains By Proxy, Defendant Nirkondar began operating a website resolving to the Disputed Domain. On that website, Defendant displayed hyperlinks to Plaintiff's competitors. As limited examples, Defendant's website displayed hyperlinks to Box.net, Diino, and GoToMyPC, all of which are file syncing and remote access services, like Dropbox. On information and belief, Defendant generated revenue every time a computer user went to the Disputed Domain and clicked on one of the hyperlinks.

33. In August 2009, Domains by Proxy transferred the registration of the Disputed Domain back to Defendant, thereby permitting Defendant to register the Disputed Domain in the name of Defendant.

34. Following this transfer of registration, Defendant continued to use the Disputed Domain to operate his commercial website, displaying hyperlinks to Plaintiff's competitors. Defendant continues to use the Disputed Domain in this manner today.

35. On information and belief, Defendant continues to generate revenue from the website he operates at the Disputed Domain.

36. Defendant has relied on the confusion of Internet users in operating the website resolving to the Disputed Domain. Users seeking Plaintiff's Dropbox website mistakenly enter the Disputed Domain into the URL field of their web browser and go to Defendant's infringing website. Users are then presented with advertisements for Plaintiff's competitors.

37. The consumer confusion that has resulted from Defendant's misconduct is manifest and illustrated on message boards and other venues throughout the Internet. As a result of Defendant's misconduct, consumers have been confused about the association between Defendant's website on the one hand and Plaintiff and Plaintiff's

Case No. C 09-03824 BZ  5  **FIRST AMENDED COMPLAINT**

1  Dropbox application on the other hand.

2      38.    As a result of Defendant's misconduct, Plaintiff has been substantially
3  harmed.

### FIRST CAUSE OF ACTION
### CYBERSQUATTING (15 U.S.C. §1125(d))

6      39.    Plaintiff re-alleges and incorporates by reference each and every allegation
7  set forth in Paragraphs 1 through 38 inclusive.

8      40.    Plaintiff has generated substantial rights in the trademark DROPBOX in
9  connection with its computer file syncing service through Plaintiff's continuous use of the
10 DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

11     41.    Defendant, with bad faith intent to profit from Plaintiff's DROPBOX
12 trademark, registered, trafficked in, and used the Disputed Domain.

13     42.    By the time Defendant Nirkondar started using the Disputed Domain, the
14 DROPBOX mark had become distinctive and had acquired secondary meaning through
15 Plaintiff's continuous use of the mark and Plaintiff's extensive advertising.

16     43.    Defendant Nirkondar obtained registrations for and re-registered the
17 Disputed Domain at times when the DROPBOX mark had become distinctive and had
18 acquired secondary meaning through Plaintiff's continuous use of the mark and Plaintiff's
19 extensive advertising.

20     44.    At the time Defendant transferred registration of the Disputed Domain to
21 Domains By Proxy and at the time Domains By Proxy transferred registration of the
22 Disputed Domain back to Defendant, the DROPBOX mark had become distinctive and
23 had acquired secondary meaning through Plaintiff's continuous use of the mark and
24 Plaintiff's extensive advertising.

25     45.    The Disputed Domain name is identical or confusingly similar to the
26 DROPBOX mark.

27     46.    As a result of Defendant's misconduct, Plaintiff has been substantially
28 harmed.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

47. Defendant's misconduct will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION

### INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. §1125(a))

48. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 38 inclusive.

49. Prior to March 2008, Plaintiff had generated substantial rights in the trademark DROPBOX in connection with its computer file syncing service through Plaintiff's continuous use of the DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

50. After March 2008, Defendant used in interstate commerce the DROPBOX trademark and false and misleading permutations of the DROPBOX trademark.

51. Defendant's use of the DROPBOX trademark and permutations thereof is likely to cause—and has in fact caused—confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and the website resolving to the Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and Plaintiff's DROPBOX trademark on the other hand.

52. Defendant's use of the DROPBOX trademark and permutations thereof is likely to cause—and has in fact caused—confusion, mistake, and deception as to the origin, sponsorship, or approval of the website resolving to the Disputed Domain.

53. The Disputed Domain name is identical or confusingly similar to the DROPBOX mark.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

55. Defendant's misconduct will continue unless enjoined by this Court.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

56. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 38 inclusive.

57. Prior to March 2008, Plaintiff had generated substantial rights in the trademark DROPBOX in connection with its computer file syncing service through Plaintiff's continuous use of the DROPBOX mark, its aggressive marketing campaigns, and positive consumer response.

58. After March 2008, Defendant used in interstate commerce the DROPBOX trademark and false and misleading permutations of the DROPBOX trademark.

59. Defendant's use of the DROPBOX trademark and permutations thereof is likely to cause—and has in fact caused—confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and the website resolving to the Disputed Domain on the one hand and Plaintiff, Plaintiff's Dropbox application, and Plaintiff's DROPBOX trademark on the other hand.

60. Defendant's use of the DROPBOX trademark and permutations thereof is likely to cause—and has in fact caused—confusion, mistake, and deception as to the origin, sponsorship, or approval of the website resolving to the Disputed Domain.

61. By engaging in the above-described misconduct, Defendant has engaged in unfair and fraudulent business acts and practices and has engaged in unfair, deceptive, untrue or misleading advertising.

62. Thus Defendant has committed unfair competition in violation of California Business and Professions Code section 17200.

63. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

64. Defendant's misconduct will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter judgment against the Defendant that it has
   a. Committed and is committing cybersquatting in violation of 15 U.S.C. §1125(d);
   b. Committed and is committing acts of infringement of an unregistered

     trademark in violation of 15 U.S.C. §1125(a);

  c. Committed and is committing acts of unfair competition in violation of California Business & Professions Code section 17200.

2. That the Court issue injunctive relief against Defendant, requiring Defendant to transfer the Disputed Domain to Plaintiff.

3. That the Court order Defendant to pay Plaintiff's damages as follows:

  a. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof or Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d).

  b. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark;

  c. Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.

  d. Such other damages as the Court shall deem appropriate;

  e. Interest, including prejudgment interest, on the foregoing sums;

4. That the Court grant to Plaintiff such additional relief as is just and proper.

DATED: September 25, 2009    KRONENBERGER BURGOYNE, LLP

By:  s/ Karl S. Kronenberger
   Karl S. Kronenberger

Attorneys for Plaintiff Evenflow, Inc., dba Dropbox

Case No. C 09-03824 BZ           **FIRST AMENDED COMPLAINT**

9

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby demand a trial of this action by jury.

DATED:  September 25, 2009                **KRONENBERGER BURGOYNE, LLP**


                                          By:  s/ Karl S. Kronenberger

                                               Karl S. Kronenberger

                                          Attorneys for Plaintiff Evenflow, Inc.
                                          *dba* Dropbox