1  John A Stottlemire
2  33103 Lake Garrison Street
   Fremont, CA 94555
3  Telephone: (614) 358-4185
   Email: jstottl@comcast.net
4  Defendant, *pro se*

5            UNITED STATES DISTRICT COURT

6         NORTHERN DISTRICT OF CALIFORNIA

7               SAN JOSE DIVISION

8

9

10  COUPONS, INC., a California corporation,  )  Case No.: 5:07-cv-03457-HRL
                                              )
11            Plaintiff,                      )  **REQUEST FOR JUDICIAL NOTICE IN**
                                              )  **SUPPORT OF JOHN STOTTLEMIRE'S**
12            vs.                             )  **MOTION FOR RULE 11 SANCTIONS**
                                              )
13  JOHN STOTTLEMIRE, and DOES 1-10,          )  [Filed concurrently with Defendant's Notice of
                                              )  Motion; Motion for Rule 11 Sanctions;
14            Defendant                       )  Memorandum of Points and Authorities in
                                              )  Support Thereof and Declaration of John
15                                            )  Stottlemire]
                                              )
16                                            )  Date:       November 20, 2007
                                              )  Time:       10 a.m.
17                                            )  Courtroom:  2, 5th Floor
                                              )  Judge:      Hon. Howard R. Lloyd
18                                            )

19        Defendant, John Stottlemire, pursuant to Federal Rules of Evidence, Rule 201, requests

20  that this Court take judicial notice of the following documents:

21  Exhibit A:  Coupons, Inc. v. Anthony Leland, and Does 1-10 4:03-CV-03576-CW First

22  Amended Complaint, Filed 08/26/2003.

23  Exhibit B:  Coupons, Inc. v. Does 1-12 5:05-CV-02115 PVT Declaration of Mark S. Warnick in

24  Support of Order Directing Time Warner Cable to Disclose Subscriber Information Exhibit 1,

25  Filed 07/08/2005.

26  Dated:  September 24, 2007

27                                    By: _____

28                                        John Stottlemire, *pro se*

Request for Judicial Notice in Support of John Stottlemire's Motion for Rule 11 Sanctions.
No. C-07-03457 HRL

1

# EXHIBIT A

John L. Slafsky, State Bar No. 195513
Joseph G. Adams, State Bar No. 209668
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiff Coupons, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| COUPONS, INC., a California corporation, | ) | Civil Action No. C03 03576 CW |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **FOR COPYRIGHT** |
| v. | ) | **INFRINGEMENT, VIOLATIONS** |
| | ) | **OF THE DIGITAL MILLENNIUM** |
| ANDREA HEINTZELMAN, an individual, | ) | **COPYRIGHT ACT, FALSE** |
| MIDWEST WHOLESALE, a Michigan | ) | **DESIGNATION OF ORIGIN,** |
| partnership, ANTHONY "TONY" LELAND, an | ) | **RACKETEERING, AND RELATED** |
| individual; DOES 1-10, | ) | **STATE LAW CLAIMS** |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |

Plaintiff Coupons, Inc. ("Plaintiff") alleges as follows:

## PARTIES

1.     Plaintiff is a California corporation with its principal place of business in Belmont, California.

2.     Plaintiff is informed and believes, and therefore alleges, that defendant Andrea Heintzelman ("Heintzelman") is an individual residing in Milford, Michigan.

3.     Plaintiff is informed and believes, and therefore alleges, that defendant Midwest Wholesale ("Midwest Wholesale") is a Michigan partnership with its principal place of business located in Milford, Michigan. Plaintiff is informed and believes, and therefore alleges, that defendant Heintzelman is a principal or partner of defendant Midwest Wholesale.

4.      Plaintiff is informed and believes, and therefore alleges, that defendant Anthony "Tony" Leland ("Leland") is an individual residing in New Hudson, Michigan.

5.      The true names and capacities of defendants named as Does 1-10 are not presently known to Plaintiff, which therefore sues these defendants by their fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' true names when they are ascertained.  Plaintiff is informed and believes, and therefore alleges, that each of these fictitiously named defendants is responsible in some manner for the conduct alleged in this Complaint.

## JURISDICTION AND VENUE

6.      This action for copyright infringement, violations of the Digital Millennium Copyright Act, false designation of origin, racketeering, and related causes of action arises under 17 U.S.C. § 501, 17 U.S.C. § 1202, 15 U.S.C. § 1125(a), 18 U.S.C. § 1961, California statutes, and the common law of California.

7.      This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Copyright Act, the Digital Millennium Copyright Act, the Lanham Act, and the Racketeer Influenced and Corrupt Organizations Act, and under 28 U.S.C. 1338(b) for the related state-law claims based on unfair competition.  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all related state-law claims.

8.      This Court has personal jurisdiction over Heintzelman, Midwest Wholesale, Leland, and the Doe defendants (collectively, "Defendants") by virtue of Defendants' transacting and doing business in the forum and/or their committing a tort in or directed at the forum.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## BACKGROUND FACTS

10.     Plaintiff is the leading provider of technology for enabling businesses to deliver on-line, printable coupons to consumers.

11.     Plaintiff's clients include many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies, and

1    Internet portals.  Using Plaintiff's technology, Plaintiff's clients are able to deliver on-line

2    coupons directly to their customers from corporate web sites, via on-line banner ads, and through

3    targeted e-mails.

4    **Plaintiff's Technology and Security Measures**

5    12.    In order to supply secure, printable coupons to consumers over the Internet,

6    Plaintiff maintains a distribution system using proprietary encryption, authentication, and private

7    and public key technology.

8    13.    Internet consumers are able to access on-line coupons created by Plaintiff by

9    clicking on a web site, Internet banner advertisement, or targeted e-mail message originating

10   from one of Plaintiff's clients.  When the consumer clicks on one of these Internet links, a file

11   created by Plaintiff's software is automatically sent via the Internet from Plaintiff's computer

12   server directly to the consumer's personal computer.  After the consumer receives the coupon

13   file and chooses to print the coupon, a data stream containing the graphics and content of the

14   coupon is sent directly to the consumer's printer.

15   14.    The coupon file received by the consumer contains built-in security measures to

16   prevent the consumer from copying the file.  For instance, the coupon file does not permit the

17   consumer to display the coupon on a monitor screen.  The coupon file also limits the number of

18   times that a coupon can be printed and provides for built-in expiration.  The coupon file itself is

19   protected by Plaintiff's proprietary encryption technology.

20   15.    The coupon printed by the consumer features a variety of security measures.

21   Each coupon contains two types of bar codes: a pair of traditional bar codes to be scanned by the

22   store where the coupon is redeemed, as well as a more sophisticated "two-dimensional"

23   encrypted bar code that is readable only by Plaintiff.  The "two-dimensional" bar code contains a

24   variety of identifying information about the coupon, including the details of the specific

25   promotional offer, information about the specific coupon and device that printed the coupon, and

26   a time and date stamp.  In addition, the coupon contains visible "microtext" with a time and date

27   stamp, a unique identifying number for the coupon, and information regarding the device and

28   computer operating system used by the consumer.

16.    Many of the printed coupons based on Plaintiff's technology display the conspicuous slogan "Powered by Coupons, Inc."

17.    Many, if not all, of the printed coupons also contain prominent notices informing consumers that they may not transfer or copy the coupons without permission, such as "*Void if altered, transferred, sold, reproduced, or exchanged*" and "*Unauthorized reproduction prohibited*."

**Defendants' Unauthorized Distribution and Sale of Counterfeit Coupons**

18.    Plaintiff reviews on-line auction sites such as eBay in an effort to monitor improper use of its on-line coupons and to protect against unauthorized sales and fraud.

19.    In connection with this monitoring program, Plaintiff's employees reviewed items for sale on eBay and recognized that third parties were selling coupons similar or identical to those created and distributed by Plaintiff.  One of Plaintiff's employees purchased a number of these coupons from the persons selling such coupons on eBay.

20.    After receiving and analyzing the coupon files sold on eBay, Plaintiff confirmed that they were illicit, counterfeit copies of its legitimate coupons.  Plaintiff also noticed that someone had modified coupons by deleting or altering the visible "microtext" that contains identifying information about the coupon and by tampering with the "two-dimensional" encrypted bar codes.

21.    One of the individuals who sold counterfeit coupons is a person with the eBay User ID of "lelandsbarn," who uses the e-mail address "lelandsbarn@aol.com," and who signs e-mails with the name "Tony."

22.    On June 27, 2003, Plaintiff sent an "Electronic Notice of Infringement" to eBay, notifying eBay of the fraudulent coupons sold by "lelandsbarn," requesting that eBay remove access to the counterfeit coupon sales, and asking that eBay provide its contact information for the person operating these auctions.

23.    On June 30, 2003, eBay, consistent with its rules and regulations, deleted these auctions from its system and provided to Plaintiff the contact information submitted by the person using the eBay User ID "lelandsbarn."  According to eBay, this individual identified

1    himself as Tony Leland, with an e-mail address of "lelandsbarn@aol.com," a physical address of

2    148 Kensington S., New Hudson, MI 48165, and a phone number of (248) 685-1456.

3         24.     Using the eBay system, Plaintiff also delivered a message to the person operating

4    the "lelandsbarn" account.  The message reads, in pertinent part: "*Please be advised that*

5    *Coupons, Inc. in conjunction with its clients prosecutes any duplication/distribution of file based*

6    *coupons*," and "*Duplication, alteration or distribution of coupons is a federal crime.*"

7         25.     Plaintiff's employee subsequently received a series of unsolicited e-mail

8    messages directly from "lelandsbarn@aol.com" offering to sell numerous counterfeit coupons.

9    Plaintiff's employee purchased several of these counterfeit coupons using the PayPal online

10   payment service.

11        26.     Documents related to the relevant e-mail addresses and electronic fund transfers

12   make it crystal clear that defendants Heintzelman and Midwest Wholesale are responsible for

13   selling illicit copies of Plaintiff's printable coupons.

14        27.     Based upon this information, Plaintiff is informed and believes, and therefore

15   alleges, that all Defendants are manufacturing, selling and distributing counterfeit copies of

16   Plaintiff's coupons.

17   **<u>Defendants' Copying and Alteration of Coupons Created By Plaintiff</u>**

18        28.     Plaintiff is informed and believes, and therefore alleges, that Defendants have

19   created counterfeit coupons by copying legitimate on-line, printable coupons created and

20   distributed by Plaintiff.

21        29.     Plaintiff is informed and believes, and therefore alleges, that Defendants have

22   created counterfeit coupons by overcoming, hacking, or tampering with the technological anti-

23   copying measures put in place by Plaintiff.

24        30.     Plaintiff is informed and believes, and therefore alleges, that Defendants

25   intentionally have altered some or all of the copied coupons by deleting or modifying the visible

26   "microtext" that contains identifying information about the coupon.  Plaintiff is informed and

27   believes, and therefore alleges, that Defendants delete or modify this "microtext" in an effort to

28   facilitate or conceal their infringing activities.

1    31.    Plaintiff is informed and believes, and therefore alleges, that Defendants

2    intentionally have altered some or all of the copied coupons by modifying or defacing the "two-

3    dimensional" encrypted bar code displayed on each of the printed coupons based on Plaintiff's

4    technology.  This bar code contains, among other things, identifying information about the

5    source of the coupon and the specific promotional offer, as well as all of the "microtext"

6    information.  Plaintiff is informed and believes, and therefore alleges, that Defendants deface this

7    bar code in an effort to facilitate or conceal their infringing activities.

8                              **FIRST CAUSE OF ACTION**

9                         (Infringement of Copyright; 17 U.S.C. § 501)

10    32.    Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as

11    though fully set forth herein.

12    33.    Plaintiff created, and owns copyrights related to, the on-line coupons that it has

13    distributed.

14    34.    Plaintiff has secured copyright registrations of its coupons from the U.S.

15    Copyright Office.

16    35.    Defendants have infringed Plaintiff's copyrights by reproducing and distributing

17    copies of these coupons in violation of 17 U.S.C. § 106.

18    36.    Defendants have infringed Plaintiff's copyrights by preparing derivative works of

19    the coupons in violation of 17 U.S.C. § 106.

20    37.    Plaintiff is entitled to an injunction, statutory damages, actual damages, and an

21    award of attorneys' fees and other costs as provided under 17 U.S.C. § 504.

22                              **SECOND CAUSE OF ACTION**

23                     (Digital Millennium Copyright Act, 17 U.S.C. Section 1202))

24    38.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as

25    though fully set forth herein.

26    39.    By the acts described above, Defendants intentionally removed or altered

27    copyright management information (within the meaning of 17 U.S.C. § 1202(c)) contained in

28

1  coupons created by Plaintiff knowing or having reason to know that it would induce, enable,

2  facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

3       40.    By the acts described above, Defendants distributed coupons created by Plaintiff,

4  or copies thereof, knowing that copyright management information (within the meaning of 17

5  U.S.C. § 1202(c)) had been removed or altered without the authority of the copyright owner or

6  the law knowing or having reason to know that it would induce, enable, facilitate, or conceal an

7  infringement of Plaintiff's rights under the Copyright Act.

8       41.    The conduct described above injured Plaintiff and constitutes a violation of 17

9  U.S.C. § 1202.

10      42.    Plaintiff is entitled to an injunction, statutory damages, actual damages, and an

11 award of attorneys' fees and other costs as provided under 17 U.S.C. § 1203.

12                           **THIRD CAUSE OF ACTION**

13        (Unfair Competition; False Designation of Origin, 15 U.S.C. Section 1125(a))

14      43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as

15 though fully set forth herein.

16      44.    Plaintiff owns the "Coupons, Inc." trade name and trademark and has established

17 rights to this trade name and trademark through continuous and exclusive use in commerce.

18      45.    Defendants' use in commerce of counterfeit coupons prominently displaying the

19 phrase "Powered by Coupons, Inc." as described above is likely to cause, and has actually

20 caused, confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants'

21 products and services, or the affiliation, connection, or association of Defendants with Plaintiff.

22      46.    As the result of such confusion, customers and the public are likely to believe that

23 the counterfeit coupons copied, distributed, and/or sold by Defendants are authorized or

24 associated with Plaintiff, or that Defendants are authorized to distribute coupons bearing the

25 "Coupons, Inc." name.

26      47.    Plaintiff is informed and believes, and therefore alleges, that Defendants' acts

27 have injured or are likely to injure Plaintiff's reputation, business and relations with its clients by

28 causing confusion about Plaintiff's products and services, and a loss of sales to Plaintiff.

48.     Defendants' unauthorized use and alteration of coupons bearing the "Coupons, Inc." name and/or the "Powered by Coupons, Inc." slogan is a deliberate, intentional and willful attempt to confuse and deceive purchasers, to injure the business of Plaintiff, to trade on the business reputation of Plaintiff, and to interfere with the business relationships of Plaintiff.

49.     Defendants' acts described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless restrained by this Court.

51.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendants' profits, and the costs of this action under 15 U.S.C. § 1117.

52.     Defendants' acts have been willful and with direct knowledge of the superior rights of Plaintiff, making this an "exceptional" case justifying an award of treble damages, treble profits, and attorneys' fees against Defendants.

## FOURTH CAUSE OF ACTION

(Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*)

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54.     By the acts described above, Defendants devised a scheme or artifice to defraud, or obtained property by means of false or fraudulent pretenses or representations.

55.     For the purpose of executing this scheme or artifice, Defendants transmitted or caused to be transmitted writings, signs, and signals by means of wire, radio, or television communication in violation of 18 U.S.C. § 1343.

56.     By the acts described above, Defendants infringed Plaintiff's copyrights willfully for purposes of commercial advantage or private financial gain in violation of 17 U.S.C. § 506 and 18 U.S.C. § 2319.

57.     Defendants' acts constitute a pattern of racketeering activity as set forth at 18 U.S.C. § 1961(1).

1    58.    Defendants conducted or participated in the conduct of an enterprise engaged in

2    or affecting interstate commerce though a pattern of racketeering activity in violation of 18

3    U.S.C. § 1962(c).

4    59.    Defendants conspired to violate the provisions of 18 U.S.C. § 1962(c) in violation

5    of § 1962(d).

6    60.    Plaintiff was injured in its business or property by reason of Defendants' violation

7    of 18 U.S.C. § 1962.

8    61.    Plaintiff is entitled to an injunction, treble damages, and an award of attorneys'

9    fees and other costs as provided under 18 U.S.C. § 1964.

10                              **FIFTH CAUSE OF ACTION**

11              (Unlawful Business Practices, Calif. Bus. & Prof. Code § 17200 *et seq.*)

12    62.    Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as

13    though fully set forth herein.

14    63.    By the acts described above, Defendants have engaged in unlawful and unfair

15    business practices and have performed unfair, deceptive and misleading acts that have

16    irreparably injured, and threaten to continue to injure, Plaintiff in its business and property.

17    64.    As a consequence, Plaintiff is entitled, under Sections 17200 and 17203 of the

18    California Business and Professions Code, to an injunction and restitution as set forth below.

19                              **SIXTH CAUSE OF ACTION**

20              (False and Misleading Statements, Calif. Bus. & Prof. Code § 17500 *et seq.*)

21    65.    Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as

22    though fully set forth herein.

23    66.    By the acts described above, Defendants have made and continue to make false

24    and misleading statements in connection with the sales of property and/or services in violation of

25    Sections 17500 and 17505 of the California Business and Professions Code.

26    67.    These acts have irreparably injured, and are likely to continue to injure, Plaintiff

27    in its business and property and entitle it, under Sections 17500 and 17535 of the California

28    Business and Professions Code, to an injunction and restitution as set forth below.

## SEVENTH CAUSE OF ACTION

### (Conversion/Trespass to Chattels)

68.    Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.    By the acts described above, Defendants intentionally and wrongfully exercised authority or control over the property of Plaintiff.

70.    This wrongful exercise or assumption of authority deprived Plaintiff of its property and is inconsistent with Plaintiff's ownership rights.

71.    Defendants' acts described above constitute the tort of conversion in violation of the common law of California.

72.    In the alternative, Defendants' acts described above constitute the tort of trespass to chattels in violation of the common law of California.

73.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court.  Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

## EIGHTH CAUSE OF ACTION

### (Common Law Unfair Competition)

74.    Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

75.    Defendants' acts described above constitute unfair competition in violation of the common law of the State of California.

76.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court.  Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

## NINTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

77.    Plaintiff realleges and incorporates by reference paragraphs 1 through 76 as though fully set forth herein.

78.    Defendants' acts described above constitute trademark infringement in violation of the common law of the State of California.

79.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court.  Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1.    The Court find that Defendants willfully infringed Plaintiff's copyrights and order Defendants to pay to Plaintiff the maximum amount of statutory damages available under 17 U.S.C. § 504(c) in an amount of $150,000 per infringement of each work;

2.    The Court order Defendants to pay to Plaintiff the maximum amount of statutory damages available under 17 U.S.C. § 1203(c)(B) in an amount of $25,000 per violation of 17 U.S.C. § 1202;

3.    That the Court order that, during the pendency of this action, Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained from destroying, modifying, defacing, or concealing any evidence likely to be relevant in this case;

4.    That the Court order that Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from copying, distributing, altering, modifying, offering for sale, or selling coupons, including but not limited to electronic files or images of coupons, created or distributed by Plaintiff;

5.    That the Court order that Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from using Plaintiff's trade name and trademark "Coupons, Inc." in commerce in connection with any products or services;

6.     That the Court order Defendants to deliver to Plaintiff all coupons (including but not limited to electronic files or images of coupons) in the possession of Defendants that are: (a) created or distributed by Plaintiff; (b) copies or counterfeits of coupons distributed by Plaintiff; or (c) bearing or displaying the "Coupons, Inc." name in any way.

7.     That the Court order Defendants to deliver to Plaintiff all documents, files, lists, correspondence reflecting the identities of, and contact information for, the persons to whom Defendants sold coupons that were: (a) created or distributed by Plaintiff; (b) copies or counterfeits of coupons distributed by Plaintiff; or (c) bore or displayed the "Coupons, Inc." name in any way.

8.     That the Court order Defendants to file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction;

9.     That the Court order Defendants to account for and pay to Plaintiff treble the amount of all profits derived by Defendants;

10.     That the Court order Defendants to pay to Plaintiff treble the amount of all damages incurred by Plaintiff by reason of Defendants' acts;

11.     That the Court order Defendants to provide restitution for their unlawful business practices and false and misleading statements, measured by their advertising expenditures and/or profits;

12.     That the Court order Defendants to pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements; and

13.     That the Court grant such other and further relief as the Court deems just and equitable.

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury of

3    all issues triable by a jury.

4                                              Respectfully submitted,

5    Dated:  August 26, 2003               WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
6

7
                                           By:___/s/ John L. Slafsky
8                                          _____
                                                 John L. Slafsky
9
                                           Attorneys for Plaintiff Coupons, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# EXHIBIT 1

COPY

1  John L. Slafsky, State Bar No. 195513
   Mark S. Warnick, State Bar No. 226791
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 493-6811
5
   Attorneys for Plaintiff
6  Coupons, Inc.

**ORIGINAL FILED**

**MAY 2 4 2005**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

                                        E-filing

12  COUPONS, INC., a California corporation,     Civil Action No.

                                        C05 02115 PVT

13              Plaintiff,          )  **COMPLAINT FOR VIOLATIONS**
                                    )  **OF THE DIGITAL MILLENNIUM**
14      v.                          )  **COPYRIGHT ACT, FALSE**
                                    )  **DESIGNATION OF ORIGIN, AND**
15  DOES 1-12,                      )  **RELATED STATE LAW CLAIMS**
                                    )
16              Defendants.         )  **DEMAND FOR JURY TRIAL**
                                    )
17                                  )
                                    )
18  _____)

19          Plaintiff Coupons, Inc. ("Plaintiff") alleges as follows:

20                          **PARTIES**

21          1.    Plaintiff is a California corporation with its principal place of business in

22  Mountain View, California.

23          2.    The true names and capacities of defendants named as Does 1-12 are not

24  presently known to Plaintiff, which therefore sues these defendants by their fictitious names.

25  Plaintiff will seek to amend this Complaint and include these Doe defendants' true names when

26  they are ascertained. Plaintiff is informed and believes, and therefore alleges, that each of these

27  fictitiously named defendants is responsible in some manner for the conduct alleged in this

28  Complaint.

## JURISDICTION AND VENUE

3.    This action for violations of the Digital Millennium Copyright Act, false designation of origin, and related causes of action arises under 17 U.S.C. § 1202, 15 U.S.C. § 1125(a), California statutes, and the common law of California.

4.    This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Digital Millennium Copyright Act and the Lanham Act, and under 28 U.S.C. 1338(b) for the related state-law claims based on unfair competition. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all related state-law claims.

5.    This Court has personal jurisdiction over the Doe defendants (collectively, "Defendants") by virtue of Defendants' committing a tort in or directed at the forum and/or transacting and doing business in the forum.

6.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7.    Pursuant to Civil Local Rule 3-2(c), because this action falls within one of the excepted categories, it will be assigned on a district-wide basis.

## BACKGROUND FACTS

8.    Plaintiff is the leading provider of technology for enabling businesses to deliver on-line, printable coupons to consumers.

9.    Plaintiff's clients include many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies, and Internet portals.  Using Plaintiff's technology, Plaintiff's clients are able to deliver on-line coupons directly to their customers from corporate websites, via on-line banner ads, and through targeted e-mails.

10.    Plaintiff offers a number of technology products to its clients, including its BRICKS™ technology for generating consumer-printed coupons at its clients' corporate websites.

1    11.    An example of a sample printed coupon based on Plaintiff's BRICKS™

2    technology is attached hereto as Exhibit A.

3    12.    Many, if not all, of the printed coupons based on Plaintiff's BRICKS™

4    technology contain prominent notices informing consumers that they may not copy the coupons

5    without permission, such as *"Unauthorized reproduction prohibited"* or *"Void if altered,*

6    *transferred, sold, reproduced, or exchanged"* or *"One coupon per purchase only on product(s)*

7    *indicated; any other use constitutes fraud. Void if reproduced, altered or expired.*

8    13.    Many, if not all, of the printed coupons based on Plaintiff's BRICKS™

9    technology display the conspicuous slogan "Powered by Coupons, Inc."

10    **Plaintiff's Technology and Security Measures**

11    14.    In order to supply secure, printable coupons to consumers over the Internet,

12    Plaintiff maintains a distribution system using proprietary encryption, authentication, and private

13    and public key technology.

14    15.    Internet consumers are able to access on-line coupons created by Plaintiff by

15    clicking on a website, Internet banner advertisement, or e-mail message originating from one of

16    Plaintiff's clients.  When the consumer clicks on one of these Internet links, a file is

17    automatically sent via the Internet from Plaintiff's computer server directly to Plaintiff's client

18    software running on the consumer's personal computer.  After the consumer receives the coupon

19    file, a data stream containing the graphics and content of the coupon is sent directly to the

20    consumer's printer.

21    16.    The software underlying these online coupons contains built-in security measures

22    to prevent consumers from printing multiple copies of the coupons.  The software limits the

23    number of times that a coupon can be printed and uniquely identifies each and every coupon

24    printed.  Plaintiff assigns a unique identifier to the computer of each consumer who uses

25    Plaintiff's software, and any time that a consumer's computer seeks to have a coupon printed, the

26    computer's unique identifier is sent to Plaintiff's server for verification.

27

28

1    17.    Plaintiff's anti-copying restrictions are critical to the integrity and desirability of

2    Plaintiff's technology.  Plaintiff's ability to control electronic reproduction of unique coupons is

3    key to Plaintiff's commercial success.

4    **Defendants' Improper Acts**

5    18.    Deal-A-GoGo (<www.dealagogo.com>) is an online forum in which consumers

6    discuss and trade coupons.

7    19.    Plaintiff is informed and believes, and therefore alleges, that the Deal-A-GoGo

8    online forum receives a significant number of Internet visitors every day.

9    20.    Deal-A-GoGo's rules bar users of its online forum from posting any messages

10    that violate the law.

11    21.    On or about May 9, 2005, a Deal-A-GoGo participant calling himself

12    "jimmywalt" began an online discussion on the Deal-A-GoGo website entitled: "*How to print

13    Brick's coupons more than one time*?"  (Emphasis added).

14    22.    A number of persons – identified only by Internet "usernames" – then posted

15    messages on the Deal-A-GoGo website as part of the discussion initiated by "jimmywalt."  A

16    true and correct copy of this online discussion is attached hereto as Exhibit B.

17    23.    Various persons participating in this online discussion acknowledged in their

18    online postings that they had taken steps to overcome, hack, or tamper with the anti-copying

19    measures created by Plaintiff in connection with Plaintiff's BRICKS™ technology.

20    24.    Various persons participating in this online discussion posted recommended steps

21    for overcoming, hacking or tampering with the anti-copying measures created by Plaintiff in

22    connection with Plaintiff's BRICKS™ technology.

23    25.    Illustrative examples of Defendants' online postings concerning Plaintiff's

24    BRICKS™ technology are set forth below:

25    "I personally (and I don't care what anyone thinks of this) bring up my printer
      properties and when the coupon is done printing (but still printing all the BS at the
26    bottom) I click restart on the printer properties and it cancels the printing of the
      bottom BS and reprints the coupon again." "HollyHobby," May 9, 2005.

27
      "The best way I've found around it is to take a bank hard drive, install windows,
28    then Ghost the installation to a CD for later use.  I then print the coupon, reboot my
      system and restore the operating system from the Ghost CD . . . .  But you figure it

1  takes about 5 minutes total each time. It does work though. I really want to figure
   out what makes this coupon program work, more than I care about printing
2  multiple coupons. I just want to figure it out. Edit – the reason for asking this
   question, is because of curiousity how this program works. It's NOT to print
3  multiple copons!" (sic). "Jimmywalt," May 11, 2005.
   "Here is how you can do that for Win98SE . . . . Voila, you're done."
4  "psychopath," May 14, 2005.

5  "IT WORKED! I have XP, deleted, emptied Recycle Bin and printed!!!
   WOWEEEE!" "HollyHobby," May 14, 2005.

6

7       26.     Various persons participating in this online discussion deliberately included with

8  their postings blatantly false disclaimers of intent to violate the law when, in fact, they intended

9  to violate the law.

10      27.     Plaintiff promptly called this online discussion to the attention of the management

11 of Deal-A-GoGo.

12      28.     Following notice from Plaintiff, the management of Deal-A-GoGo promptly

13 removed this online discussion from the Deal-A-GoGo website.

14      29.     Based on the postings in this online discussion, Plaintiff is informed and believes,

15 and therefore alleges, that Defendants have overcome, hacked, or tampered with Plaintiff's

16 technological anti-copying measures.

17      30.     Based on the postings in this online discussion, Plaintiff is informed and believes,

18 and therefore alleges, that Defendants have altered or removed Plaintiff's copyright management

19 information.

20      31.     Based on the postings in this online discussion, Plaintiff is informed and believes,

21 and therefore alleges, that Defendants have printed unauthorized copies of coupons created and

22 distributed by Plaintiff.

23      32.     Based on the postings in this online discussion, Plaintiff is informed and believes,

24 and therefore alleges, that Defendants have used in commerce unauthorized copies of coupons

25 created and distributed by Plaintiff.

26      33.     Based on the postings in this online discussion, Plaintiff is informed and believes,

27 and therefore alleges, that Defendants have distributed to others recommendations for

28 overcoming, hacking or tampering with Plaintiff's technological anti-copying measures.

34.     Plaintiff is informed and believes, and therefore alleges, that Defendants' online postings about Plaintiff's BRICKS™ technology on the Deal-A-GoGo website have been viewed by thousands of Internet users.

35.     Defendants' acts described above have greatly and irreparably harmed Plaintiff. Security breaches undermine confidence in Plaintiff's technology, lead to unfavorable publicity and lost business for Plaintiff, and require Plaintiff to undertake expensive and time-consuming corrective measures.

## FIRST CAUSE OF ACTION

(Digital Millennium Copyright Act, 17 U.S.C. Section 1202)

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.     By the acts described above, Defendants have intentionally circumvented technological measures that effectively control access to Plaintiff's works.

38.     By the acts described above, Defendants have intentionally offered to the public and provided technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's works.

39.     By the acts described above, Defendants have intentionally offered to the public and provided technology primarily designed for the purpose of circumventing technological measures that effectively protect Plaintiff's copyrights.

40.     By the acts described above, Defendants intentionally removed or altered copyright management information (within the meaning of 17 U.S.C. § 1202(c)) contained in coupons created by Plaintiff knowing or having reason to know that it would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

41.     The conduct described above has injured Plaintiff and constitutes a violation of 17 U.S.C. § 1202.

42.     Plaintiff is entitled to an injunction, statutory damages, actual damages, and an award of attorneys' fees and other costs as provided under 17 U.S.C. § 1203.

**SECOND CAUSE OF ACTION**

(Unfair Competition; False Designation of Origin, 15 U.S.C. Section 1125(a))

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44.    Plaintiff owns the "Coupons, Inc." trade name and trademark and has established rights to this trade name and trademark through continuous and exclusive use in commerce.

45.    Defendants' use in commerce of unauthorized coupons bearing the "Coupons, Inc." name and/or the phrase "Powered by Coupons, Inc." is likely to cause, and has actually caused, confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' unauthorized coupons.

46.    As the result of such confusion, customers and the public are likely to believe that the unauthorized coupons copied and/or distributed by Defendants are authorized or associated with Plaintiff, or that Defendants are authorized to distribute coupons bearing the "Coupons, Inc." name.

47.    Plaintiff is informed and believes, and therefore alleges, that Defendants' acts have injured or are likely to injure Plaintiff's reputation, business and relations with its clients by causing confusion about Plaintiff's products and services and a loss of sales to Plaintiff.

48.    Defendants' unauthorized use of coupons bearing the "Coupons, Inc." name and/or the "Powered by Coupons, Inc." slogan is a deliberate, intentional and willful attempt to confuse and deceive merchants, to trade on the business reputation of Plaintiff, and to interfere with the business relationships of Plaintiff.

49.    Defendants' acts described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless restrained by this Court.

51.    Plaintiff is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendants' profits, and the costs of this action under 15 U.S.C. § 1117.

52.     Defendants' acts have been willful and with direct knowledge of the superior rights of Plaintiff, making this an "exceptional" case justifying an award of treble damages, treble profits, and attorneys' fees against Defendants.

### THIRD CAUSE OF ACTION

(Unlawful Business Practices, Calif. Bus. & Prof. Code § 17200 *et seq.*)

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54.     By the acts described above, Defendants have engaged in unlawful and unfair business practices and have performed unfair, deceptive and misleading acts that have irreparably injured, and threaten to continue to injure, Plaintiff in its business and property.

55.     As a consequence, Plaintiff is entitled, under Sections 17200 and 17203 of the California Business and Professions Code, to an injunction and restitution as set forth below.

### FOURTH CAUSE OF ACTION

(False and Misleading Statements, Calif. Bus. & Prof. Code § 17500 *et seq.*)

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57.     By the acts described above, Defendants have made and continue to make false and misleading statements in connection with the sales of property and/or services in violation of Sections 17500 and 17505 of the California Business and Professions Code.

58.     These acts have irreparably injured, and are likely to continue to injure, Plaintiff in its business and property and entitle it, under Sections 17500 and 17535 of the California Business and Professions Code, to an injunction and restitution as set forth below.

### FIFTH CAUSE OF ACTION

(Conversion/Trespass to Chattels)

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

60.     By the acts described above, Defendants intentionally and wrongfully exercised authority or control over the property of Plaintiff.

1    61.    This wrongful exercise or assumption of authority deprived Plaintiff of its

2 property and is inconsistent with Plaintiff's ownership rights.

3    62.    Defendants' acts described above constitute the tort of conversion in violation of

4 the common law of California.

5    63.    In the alternative, Defendants' acts described above constitute the tort of trespass

6 to chattels in violation of the common law of California.

7    64.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue

8 to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at

9 law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

10                    **SIXTH CAUSE OF ACTION**

11                    (Common Law Unfair Competition)

12    65.    Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as

13 though fully set forth herein.

14    66.    Defendants' acts described above constitute unfair competition in violation of the

15 common law of the State of California.

16    67.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue

17 to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at

18 law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

19                    **SEVENTH CAUSE OF ACTION**

20                    (Common Law Trademark Infringement)

21    68.    Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as

22 though fully set forth herein.

23    69.    Defendants' acts described above constitute trademark infringement in violation

24 of the common law of the State of California.

25    70.    Defendants' acts have greatly and irreparably damaged Plaintiff and will continue

26 to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at

27 law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

1.    The Court order Defendants to pay to Plaintiff the maximum amount of statutory damages available under 17 U.S.C. § 1203(c)(3)(B) in an amount of $25,000 per violation of 17 U.S.C. § 1202;

2.    That the Court order that, during the pendency of this action, Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained from destroying, modifying, defacing, or concealing any evidence likely to be relevant in this case;

3.    That the Court order that Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from copying, distributing, altering, modifying, offering for sale, or selling coupons, including but not limited to electronic files or images of coupons, created or distributed by Plaintiff;

4.    That the Court order that Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from using Plaintiff's trade name and trademark "Coupons, Inc." in commerce in connection with any products or services;

5.    That the Court order Defendants to deliver to Plaintiff all coupons (including but not limited to electronic files or images of coupons) in the possession of Defendants that are: (a) created or distributed by Plaintiff; (b) copies or counterfeits of coupons distributed by Plaintiff; or (c) bearing or displaying the "Coupons, Inc." name in any way.

6.    That the Court order Defendants to deliver to Plaintiff all documents, files, lists, correspondence reflecting the identities of, and contact information for, the persons to whom Defendants distributed coupons that were: (a) created or distributed by Plaintiff; (b) copies or counterfeits of coupons distributed by Plaintiff; or (c) bore or displayed the "Coupons, Inc." name in any way.

7.     That the Court order Defendants to file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction;

8.     That the Court order Defendants to account for and pay to Plaintiff treble the amount of all profits derived by Defendants;

9.     That the Court order Defendants to pay to Plaintiff treble the amount of all damages incurred by Plaintiff by reason of Defendants' acts;

10.    That the Court order Defendants to provide restitution for their unlawful business practices and false and misleading statements, measured by their advertising expenditures and/or profits;

11.    That the Court order Defendants to pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements; and

12.    That the Court grant such other and further relief as the Court deems just and equitable.

Dated:  May 24, 2005                          WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation


                                              By: _____
                                                  John L. Slafsky

                                              Attorneys for Plaintiff
                                              Coupons, Inc.

1

## DEMAND FOR JURY TRIAL

2     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury of

3 all issues triable by a jury.

4                                          Respectfully submitted,

5 Dated:  May 24, 2005                     WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
6

7

                                          By:  _____
8                                              John L. Slafsky

9                                          Attorneys for Plaintiff
                                           Coupons, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, other than the named Plaintiff in this action.

Dated: May 24, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: _____
JOHN L. SLAFSKY

Attorneys for Plaintiff
Coupons, Inc.

# EXHIBIT A



| MANUFACTURER'S COUPON | Expires 6/22/2005 |
|---|---|

## $0.00 off

**Dynamic adBricks™ Demo Coupon**



Sample coupon. Not valid on any product. One offer per customer. May not be combined with other coupons. Not redeemable for cash. Offer excludes previous purchases, purchase of gift certificates, and shipping charges.

29366615 wnex
000014408158 99999
01 05/23/05 11:43AM

**RETAILER: Authenticate at www.veri-fi.com. Do not accept without a dot-scan barcode below the expiration date.**

55555

CONSUMER: Sample coupon. Not valid for any purchase. One coupon per purchase only on product(s) indicated; any other use constitutes fraud. Void if reproduced, altered or expired. Do not transfer. Consumer must pay sales tax.



5  55555 55555 5     5  (5555)5 55555

http://replenish.coupons.com

Powered by Coupons, Inc.

# EXHIBIT B



**Deal-A-GoGo Forums** (*http://dealagogo.com/index.php*)
- **Couponing Questions** (*http://dealagogo.com/forumdisplay.php?f=35*)
- - **How to print Brick's coupons more than one time?** (*http://dealagogo.com/showthread.php?t=9382*)

---

### jimmywalt

05/09/2005 05:59 AM

**How to print Brick's coupons more than one time?**

Case 5:05-cv-02115-PVT   Document 12-2   Filed 07/08/2005   Page 18 of 27

Has anyone figured out how to print coupons from Brick's (coupon printing program that installs on your pc) more than one time?

I've uninstalled and deleted all files that contain "cpbrk" in the name, but that still doesn't work.

Any suggestions?

I'm using Netscape 7.1

Thanks.

Edit - The reason for asking this question, is because of curiousity how this program works. It's NOT to print multiple copons!

---

### phlack

05/09/2005 08:26 AM

**Re: How to print Brick's coupons more than one time?**

Best that can be told, it's done by IP address. Possibly a registry entry and/or MAC address log. If anything matches, it don't allow it.

I haven't been able to determine the IP though, because my dial-up modem doesn't work (must not have XP drivers, though it seemed to auto-detect it) and all I have is cable, and their DHCP always give me the same IP address.

-Mike

---

### militarymom107

05/09/2005 01:17 PM

**Re: How to print Brick's coupons more than one time?**

If it does it by ip addresses there is no easy way to change your address. it is incriped in the memory of the computer sorry ( I just go to work and have everyone print me one off or the public library or college student lounge people look at me funny switching computers but all well i get mine right LOL)

## HollyHobby

**Re: How to print Brick's coupons more than one time?**

I personally (and I don't care what anyone thinks of this) bring up my printer properties and when the coupon is done printing (but still printing all the BS at the bottom) I click restart on the printer properties and it cancels the printing of the bottom BS and reprints the coupon again.

## phlack

**Re: How to print Brick's coupons more than one time?**

That works if you're quick enough! I wouldn't exactly plop 5 of them down at the same place at the same time, though.

-Mike

## HollyHobby

**Re: How to print Brick's coupons more than one time?**

You don't have to be that fast just paying attention. ;-) My GE has limited to 4 of a kind per day so no problems using any printables. now.

## LeggsRobbins

**Re: How to print Brick's coupons more than one time?**

I just tried this, just to see if I could do it, and it was as though the machine knew I was up to mischief! The page just kept showing that picture of a machine sending a signal to a printer, but nothing happened! Has this happened to anyone else before? What causes it?

## phlack

**Re: How to print Brick's coupons more than one time?**

Quote:
___

Originally Posted by **LeggsRobbins**
*I just tried this, just to see if I could do it, and it was as though the machine knew I was up to mischief! The page just kept showing that picture of a machine sending a signal to a printer, but nothing happened! Has this happened to anyone else before? What causes it?*

You sure you were restarting in the printer queue, and not the browser? It does take some pretty

good timing.

-Mike

## jojobanana

**Re: How to print Brick's coupons more than one time?**

i have been able to print lysol coupons quite a few times... i usually go to the registry and do a search for brighstreet then i delete it.

hope this helps!

Case 5:05-cv-02115-PVT    Document 12-2    Filed 07/08/2005    Page 20 of 27

## LeggsRobbins

**Re: How to print Brick's coupons more than one time?**

Quote:

> Originally Posted by **phlack**
> *You sure you were restarting in the printer queue, and not the browser? It does take some pretty good timing.*
>
> *-Mike*

The trouble wasn't on the reprint, it was on getting the first coupon to print out in the first place! My printer just wasn't getting a signal. Anyway, I got it to work on another one (which I know I won't be tempted to use,) so it's nice to know that I CAN do it, even if I never do.

All times are GMT -7. The time now is 09:03 AM.

Page 1 of 3 **1** 2 3 ≥

Show 100 posts from this thread on one page

Powered by: vBulletin Version 3.0.6
Copyright ©2000 - 2005, Jelsoft Enterprises Ltd.



**Deal-A-GoGo Forums** (*http://dealagogo.com/index.php*)
- **Couponing Questions** (*http://dealagogo.com/forumdisplay.php?f=35*)
- - **How to print Brick's coupons more than one time?** (*http://dealagogo.com/showthread.php?t=9382*)

---

### jimmywalt                                                    05/11/2005 05:42 AM

**Re: How to print Brick's coupons more than one time?**

Case 5:05-cv-02115-PVT    Document 12-2    Filed 07/08/2005    Page 21 of 27

The best way I've found around it is to take a bank hard drive, install windows, then Ghost the installation to a CD for later use.

I then print the coupon, reboot my system and restore the operating system from the Ghost CD. It only takes about 3 minutes to reinstall the Ghost image, and then I can get back on the net and repeat the process. But you figure it takes about 5 minutes total each time. It does work though.

I really want to figure out what makes this coupon program work, more than I care about printing multiple coupons. I just want to figure it out.

Edit - The reason for asking this question, is because of curiosity how this program works. It's NOT to print multiple copons!

---

### phlack                                                       05/11/2005 06:51 AM

**Re: How to print Brick's coupons more than one time?**

I've done the equivalent by installing in a <u>Virtual Machine</u>, taking a snapshot, installing, printing, then reverting.

No dice. It's got to be based at least in part by ip address.

-Mike

---

### jimmywalt                                                    05/11/2005 08:44 AM

**Re: How to print Brick's coupons more than one time?**

Quote:

Originally Posted by **phlack**
*I've done the equivalent by installing in a <u>Virtual Machine</u>, taking a snapshot, installing, printing, then reverting.*

*No dice. It's got to be based at least in part by ip address.*

-Mike.

Can I change my ip address?

I tried Start - Run - CMD ipconfig/renew and can't seem to make it change. But I thought I had changed it before when I was messing with something a few months ago..... I don't remember how!

---

## bluerae
05/11/2005 08:48 AM

Case 5:05-cv-02115-PVT    Document 12-2    Filed 07/08/2005    Page 22 of 27

### Re: How to print Brick's coupons more than one time?

Quote:

> Originally Posted by **jimmywalt**
> *Can I change my ip address?*
>
> *I tried Start - Run - CMD ipconfig/renew and can't seem to make it change. But I thought I had changed it before when I was messing with something a few months ago..... I don't remember how!*

Looks like you have a static IP. If this is personal computer, perhaps you have a static IP setup with your ISP.

---

## HollyHobby
05/11/2005 09:23 AM

### Re: How to print Brick's coupons more than one time?

I have cable and was told that the modem changes the IP every now and then but there is no way to tell when it does ow when it will ](*,)

---

## phlack
05/11/2005 12:58 PM

### Re: How to print Brick's coupons more than one time?

The IP address will change with your MAC address.
Which I believe is the cable modem MAC address (or DSL). If you have dialup, then it should change all the time.

Since the VM didn't work for me, it can't be plopping something on the computer.

I think it's IP. But you're saying you can reinstall and have it work again (which is what the VM is doing).

I think it takes more than one criteria. I think it uses a combination!

-Mike

## Tylianna

05/11/2005 01:34 PM

### Re: How to print Brick's coupons more than one time?

Wouldn't reprinting the coupons like that be almost like copying them? They have your info coded in them. Even if you used a false NAZ they could still track you from your IP number, or something? I've received 3 or 4 multiples from the same person that had the exact same printing time. I didn't use them, since I am not going to jeopardize the ability to use printables at my store! I figure if they find any fraudulent coupons, they will stop taking them! [-X

## phlack

05/11/2005 05:20 PM

### Re: How to print Brick's coupons more than one time?

Quote:

Originally Posted by **Tylianna**
*Wouldn't reprinting the coupons like that be almost like copying them? They have your info coded in them. Even if you used a false NAZ they could still track you from your IP number, or something? I've received 3 or 4 multiples from the same person that had the exact same printing time. I didn't use them, since I am not going to jeopardize the ability to use printables at my store! I figure if they find any fraudulent coupons, they will stop taking them! [-X*

The coupons aren't coded for a specific person. I've printed several from different computers (all legit) and the only difference was the time stamp (and possible expiration date, since most are 30 days from printing). Oh yeah, and the 01, or 02 which tells how many you've printed so far.

That said, it is almost like copying. So unless the stores (or whoever) see 20+ with the exact same timestamp, I doubt it would be noticed. But it is possible, and something to consider.

-Mike

## HollyHobby

05/11/2005 06:34 PM

### Re: How to print Brick's coupons more than one time?

Quote:

Originally Posted by **HollyHobby**
*(and I don't care what anyone thinks of this)*

I think it was being directed at me which is why I said the above.

---

## shrup

### Re: How to print Brick's coupons more than one time?

Quote:

Originally Posted by **jojobanana**
*i have been able to print lysol coupons quite a few times... i usually go to the registry and do a search for brighstreet then i delete it.*

*hope this helps!*   Case 5:05-cv-02115-PVT   Document 12-2   Filed 07/08/2005   Page 24 of 27

What folder would this be in, and what is brightstreet?

---

All times are GMT -7. The time now is 09:04 AM.

Page 2 of 3 ≤ 1 **2** 3 ≥

Show 100 posts from this thread on one page

Powered by: vBulletin Version 3.0.6
Copyright ©2000 - 2005, Jelsoft Enterprises Ltd.



**D e a l - A - G o G o**

**Deal-A-GoGo Forums** (*http://dealagogo.com/index.php*)
- **Couponing Questions** (*http://dealagogo.com/forumdisplay.php?f=35*)
- - **How to print Brick's coupons more than one time?** (*http://dealagogo.com/showthread.php?t=9382*)

---

### ingosgirl

05/13/2005 08:29 AM

**Re: How to print Brick's coupons more than one time?**

Case 5:05-cv-02115-PVT    Document 12-2    Filed 07/08/2005    Page 25 of 27

I (along with others, I'm sure) am hoping you computer experts figure this out. I am unable to print at my library so ool there.

---

### HondaGirl

05/13/2005 10:44 AM

**Re: How to print Brick's coupons more than one time?**

I talked to one person from another board, and she said she had a program called Microsoft Write (or something very similar), and that you could, if I understood her correctly, make if your default to print through this program, and it "captures" the image in doing so. Therefore you could save the image, and print however many you wanted.

I Googled this program, and didn't find a thing on it, so I'm not sure about it. I haven't been able to find it at all, though. *shrug*

---

### shrup

05/14/2005 12:57 AM

**Re: How to print Brick's coupons more than one time?**

What about saving the print to a .PRN file? I could do this if I were to issue a print command but I don't know if it can be done from the coupon program, or know how to open and print from this file. I tried to print using a DOS command, it said 'ok', but nothing printed. Has anyone printed a .PRN file before?

---

### psychopath

05/14/2005 10:24 PM

**Re: How to print Brick's coupons more than one time?**

Here is how you can do that for Win98SE but please do not use it for the wrong reasons:

Start >Run >Regedit >HKEY_CURRENT_USER >Software >Microsoft >Windows >CurrentVersion (do not click on + sign, just click on the word CurrentVersion) >delete LastBrick & UccSpecB

>HKEY_LOCAL_MACHINE >Software >Microsoft >Windows >CurrentVersion (same as above) >delete

---

UccSpecB

Start >Find >Search for UccSpecB in My Computer >Delete UccSpecB

Voila, you're done. :) HTH

---

## ingosgirl

05/15/2005 09:26 AM

**Re: How to print Brick's coupons more than one time?**

Quote:

> Originally Posted by **psychopath** 6-cv-02115-PVT    Document 12-2    Filed 07/08/2005    Page 26 of 27
> Here is how you can do that for Win98SE but please do not use it for the wrong reasons:
>
> *Start >Run >Regedit >HKEY_CURRENT_USER >Software >Microsoft >Windows >CurrentVersion (do not click on + sign, just click on the word CurrentVersion) >delete LastBrick & UccSpecB*
>
> *>HKEY_LOCAL_MACHINE >Software >Microsoft >Windows >CurrentVersion (same as above) >delete UccSpecB*
>
> *Start >Find >Search for UccSpecB in My Computer >Delete UccSpecB*
>
> *Voila, you're done. :) HTH*

Two questions: Would this work for XP also? Must you reboot?

---

## HollyHobby

05/15/2005 09:36 AM

**Re: How to print Brick's coupons more than one time?**

Quote:

> Originally Posted by **ingosgirl**
> *Two questions: Would this work for XP also? Must you reboot?*

IT WORKED! I have XP, deleted, emptied Recycle Bin and printed!!! WOWEEEE!

---

## phlack

05/16/2005 07:23 AM

**Re: How to print Brick's coupons more than one time?**

Quote:

> Originally Posted by **shrup**

> *What about saving the print to a .PRN file? I could do this if I were to issue a print command but I don't know if it can be done from the coupon program, or know how to open and print from this file. I tried to print using a DOS command, it said 'ok', but nothing printed. Has anyone printed a .PRN file before?*

If the coupon app knows you're printing to something other than a hardware printer, it will refuse to print. I've tried printing to .pdf files, and it stopped.

I'm sure there are ways around that, though, but I haven't played too much.
-Mike

All times are GMT -7. The time now is 09:04 AM.

Page 3 of 3 ≤ 1 2 **3**
Show 100 posts from this thread on one page

Powered by: vBulletin Version 3.0.6
Copyright ©2000 - 2005, Jelsoft Enterprises Ltd.