John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No.: 5:07-cv-03457-HRL |
| Plaintiff, | **REPLY TO OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | [Filed concurrently with Reply to Opposition to Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment and Reply to Opposition to Defendant's Motion for Sanctions Pursuant to Rule 11] |
| Defendant | |
| | Date: December 4, 2007 |
| | Time: 10:00 a.m. |
| | Courtroom: 2, 5th Floor |
| | Judge: Hon. Howard R. Lloyd |

**REPLY TO OPPOSITION**

Plaintiff objects to Defendant's Request for Judicial Notice citing Federal Rules of Evidence 201 and argues Defendant's evidence is inadmissible pursuant to Federal Rules of Evidence 901, among other rules. Defendant has since corrected the requirement of Federal Rules of Evidence 901 by filing a Supplement Declaration which authenticates each exhibit offered as evidence. The Supplement Declaration has been filed pursuant to Civil Local Rule 7-3(d) and filed before the reply was filed.

Plaintiff's other objections to Defendant's evidence filed with Defendant's Request for Judicial Notice are replied to by the Defendant as follows:

Plaintiff objects to Exhibits A, D-F and H as irrelevant to Defendant's Motion and are therefore inadmissible pursuant to Federal Rules of Evidence 402.

Reply to Opposition to Defendant's Request for Judicial Notice
No. C-07-03457 HRL

1

Exhibit A is a properly authenticated exhibit showing Plaintiff's website as it appeared as late as August 28, 2007. This webpage is relevant as it shows Plaintiff's promise that consumers may "use as many [coupons] as [they] like." This promise by the Plaintiff directly contradicts statements made by the Plaintiff that consumers are limited to printing its coupons. The relevance of this evidence is completely briefed in Defendant's Alternative Motion

Exhibit D is a properly authenticated exhibit showing Plaintiff's website as it appeared on May 22, 2007, and July 12, 2007. This webpage is relevant as it shows Plaintiff's webpage where download of their software is offered contains no underlying links to Terms of Use, End User Licensing Agreement or other contractual terms which would require consumer's who download and install their software to agree to thereby limiting by contract how consumer's may interact with software offered by the Plaintiff. The relevance of this evidence is completely briefed in Defendant's Alternative Motion

Exhibit E is a printed PDF file downloaded from Professor Benjamin Edelman's website having the title "A Closer Look at Coupons.com." This PDF file is relevant as it shows admissions made by the Plaintiff in response to privacy concerns raised by Professor Edelman and explains in detail how Plaintiff uses the unique ID which would have been erased by software offered by the Defendant. The PDF file shows Plaintiff assigns the unique ID (also called "user id" and "device id" by Plaintiff) to the computer of each consumer and further that consumers "may print coupons from many different computers and each [coupon] would carry a different [unique id]." The relevance of this evidence is completely briefed in Defendant's Alternative Motion

Exhibit F is a webpage printed from Plaintiff's website as it appeared on September 15, 2007 having the title "Our Technology." This webpage is relevant as it shows admissions by the Plaintiff that each coupon printed is unique. Unique coupons require separate copyright protection and are not copies of previously issued coupons. The relevance of this evidence is completely briefed in Defendant's Alternative Motion

Exhibit H is a webpage printed from Defendant's website and is relevant as it explains in detail how Plaintiff deposits deceptively named registry keys and filenames on a consumer's

computer after they have installed the coupon printing software offered by the Plaintiff. The relevance of this evidence is completely briefed in Defendant's Alternative Motion

Plaintiff objects to Exhibits B and C as irrelevant to Defendant's Motion and are therefore inadmissible pursuant to Federal Rules of Evidence 402. Exhibits B and C are coupons printed from Plaintiff's website using two different versions of software offered by the Plaintiff, 3.3.0.2 and 4.0.0.2. They are relevant to establish when the coupon is set in its first tangible medium. A comparison of the coupons reasonably depict that although Plaintiff sends an almost identical file to consumers, the coupon is set in its first tangible medium differently based upon the version of the coupon printer software used by the consumer. The relevance of this evidence is completely briefed in Defendant's Alternative Motion.

Plaintiff objects to Exhibit H as hearsay and is therefore inadmissible pursuant to Federal Rules of Evidence 802. Exhibit H are statements made by the Defendant when the matter was fresh in Defendant's mind and are thus admissible under Federal Rules of Evidence 803(1). Additionally, the statements made by the Defendant were a description of his state of mind and are thus admissible under 803(3).

Plaintiff objects to Exhibit G as irrelevant to Defendant's Motion and is therefore inadmissible pursuant to Federal Rules of Evidence 402. Exhibit G is a complaint Plaintiff filed against a third party and explains in detail what Plaintiff causes to be printed on each coupon printed at the request of the consumer and proves that each coupon is unique. The relevance of this evidence is completely briefed in Defendant's Alternative Motion.

Dated: November 19, 2007 _____/s/_____

John A Stottlemire, *pro se*