*E-filed 12/12/07 *

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUPONS, INC.,

    Plaintiff,

v.

JOHN STOTTLEMIRE,

    Defendant.

Case No. CV 07-03457 HRL

**ORDER ON DEFENDANT'S (1) MOTION TO STRIKE; (2) MOTION FOR SANCTIONS; (3) MOTION TO DISMISS; AND (4) MOTION FOR SUMMARY JUDGMENT**

Re: Docket Nos. 12, 15, and 28

On behalf of its clients (usually consumer products companies), Coupons, Inc. ("CI") offers online, printable coupons to consumers. Consumers may print the coupons (either from the client's or CI's website) once they install Plaintiff's software. Although the details of the installation are unclear, it appears that, when the coupon printing software is downloaded, Plaintiff quietly places a registry key file on the user's personal computer. This registry key essentially acts as a "counter," limiting the number of times each coupon can be printed on that computer (typically, two prints per coupon).

Plaintiff generally alleges that Defendant (1) discovered how to remove the "counter," (2) created a computer program which automates its removal, and (3) provided the program to others. CI says that this program permitted users "to print an unlimited[1] number of coupons."

---

[1] Plaintiff's counsel clarified at the hearing that it would have been more accurate to allege that Defendant's program enabled a user to exceed the counter's limitation, up to the ceiling imposed by CI or its client for distribution of a particular coupon.

(First Amended Complaint ("FAC") ¶ 20). Because Plaintiff claims that its coupons are subject to copyright protection, it alleges that Defendant's actions violate §1201(a) and §1201(b) of the Digital Millennium Copyright Act (DMCA)[2] and related state law claims.

*Pro se* Defendant John Stottlemire now moves to dismiss the complaint or, in the alternative, for summary judgment. He also moves to strike Plaintiff's opposition to the motion to dismiss and for sanctions.

**I.     Defendant's Motion to Strike**

Wilson, Sonsini, Goodrich & Rosati ("Wilson Sonsini") filed this lawsuit on behalf of CI. Thereafter, the law firm of Farella Braun & Mastel LLP ("Farella Braun") filed a notice of substitution of counsel. The opposition to Defendant's Motion to Dismiss was filed and signed by Farella Braun. Defendant moves to strike this opposition, arguing that it was not signed by an attorney of record as required by FED. R. CIV. P. 11(a).

Defendant is correct that the notice of substitution, under the court's local rules, did not accomplish an effective change in counsel. To substitute one firm for another requires an order of the court. General Order 45, Electronic Case Filing IV(C). Plaintiff did not request an order granting the substitution, nor was one issued.[3]

Stottlemire's objection to Farella Braun's entry was out of concern that Wilson Sonsini would not be subject to this court's order if it decided to grant Defendant's sanctions motion. But, Wilson Sonsini did appear and respond to the sanctions motion. Since Defendant suffered no harm as a result of the technically improper substitution, the motion to strike is DENIED. The court will treat the notice of substitution as a notice of appearance.

---

[2] These provisions enacted three new prohibitions on anti-circumvention. *See* 17 U.S.C. §§ 1201(a)(1); 1201(a)(2); and 1201(b).

> The first two provisions target circumvention of technological measures that effectively control *access* to a copyrighted work; the third targets circumvention of technological measures that impose limitations on the *use* of protected works.

*U.S. v. Elcom Ltd.*, 203 F.Supp.2d 1111, 1119-20 (N.D.Cal. 2002) (emphasis in original).

[3] Although, if Farella Braun had noticed its appearance and *then* Wilson Sonsini noticed its withdrawal, CI could have achieved the desired result without an order. *Id.*

2

## II. Defendant's Motion for Sanctions

Defendant seeks sanctions against Plaintiff and its counsel "in light of their submission and filing of a first amended complaint that is based on misleading and false allegations." (Mot. for Sanctions, pg. 4). Stottlemire's motion is based on perceived violations of FED. R. CIV. P. Rule 11(b). That rule requires an attorney to certify that the pleading filed:

> (1) [...] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) [includes] claims, defenses, and other legal contentions [...] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) [includes] the factual contentions [which] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery [...]

To begin, Defendant says that the complaint was filed for an improper purpose, i.e., to invoke fear in Defendant and his family. However, because CI's claims against Defendant have, at the very least, superficial merit, Plaintiff had a right to bring this lawsuit. That the complaint might have the secondary effect of making the Defendant fearful is an insufficient basis for establishing an improper purpose.

Addressing Stottlemire's arguments under the second prong of the rule, the legal theories relied upon by CI, although different from Defendant's interpretation, are reasonably warranted under the current state of the law. Plaintiff's legal claims are not frivolous under the DMCA, where the law is relatively new and to some extent unsettled, especially in this circuit.

Finally, Stottlemire argues that CI made false and misleading claims with respect to its software's ability to effectively protect its coupons from copyright infringement. In response, Wilson Sonsini describes the investigation it undertook with respect to the software in question. For example, the attorneys declare that they installed CI's software on their own computers to understand how the technology works. The court is satisfied that Wilson Sonsini's investigation into CI's allegations, conducted prior to filing the complaint, meets the threshold requirement of "an inquiry reasonable under the circumstances."

Accordingly, Defendant's sanctions motion is DENIED.

**III.	Defendant's Motion to Dismiss**

A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Hence, the issue here is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In considering such a motion, all material factual allegations should be accepted as true and construed "in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This was recently interpreted to mean that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).[4] Therefore, the complaint must contain more than mere conclusions of law. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Nevertheless, "heightened fact pleading of specifics" is not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 127 S.Ct. at 1973-74. Rather, the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

Defendant argues that under the *Bell Atlantic Corp. v. Twombly* standard, Plaintiff's complaint must be dismissed. Specifically, Stottlemire points to the following allegations as deficient: 1) the ability of Plaintiff's software or technical measures to prevent infringement or third party access; 2) that the coupons are protected by a copyright; 3) that infringement

---

[4] This decision "retires" the oft-quoted language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See, Bell Atlantic Corp.*, 127 S.Ct. at 1968-69.

4

actually occurred as a result of Defendant's actions; and 4) that Defendant's actions constituted circumvention or trafficking (because the "unauthorized" element is lacking).

Addressing the first argument, Stottlemire says that the technological measure used by Plaintiff is ineffective at preventing infringement because the measure limits <u>computers</u>, not individuals.[5] As such, he claims that the allegations in the complaint are insufficient to assert a violation of the DMCA. CI responds that the complaint describes the "security measures" utilized by Plaintiff and the means by which those measures apparently prevent consumers from printing more than one or two copies of each coupon. *See, e.g.*, FAC ¶¶ 13, 15. The complaint sufficiently alleges the existence of a technological measure to establish a claim under the DMCA. The Motion to Dismiss, on this basis, is DENIED.

Defendant's second argument - that the allegations pertaining to whether the coupons are protected by copyright are conclusory - is similarly rejected. CI alleged that its coupons were works "subject to copyright protection under Title 17 of the United States Code." FAC ¶ 11. Although more facts would be helpful, they are not required under the legal standard. This claim is sufficient to put Defendant on fair notice of the claims against him. *See Erickson,* 127 S.Ct. at 2200. Thus, the motion is DENIED as to the second argument.

As for Stottlemire's third claim, the court agrees that the complaint does not specifically allege that infringement occurred as a result of Defendant's actions. However, it does not appear that the DMCA requires actual infringement. The statute only requires evidence that the technology has been circumvented (for a non-exempted purpose) or that the defendant trafficked in technology used to circumvent. *Universal City Studios, Inc. v. Reimerdes* supports this interpretation. 111 F.Supp.2d 294 (S.D.N.Y. 2000). The district court in that case found irrelevant Plaintiff's admission that it had no direct evidence of "a specific occasion on which any person [used the defendant's circumvention program] and transmitted it over the Internet." *Id.* at 314-15. The court went on to analogize,

> Even if no one uses the combination to open the vault, its mere publication has the effect of defeating the bank's security system, forcing the bank to reprogram the lock.

---

[5] Plaintiff's counsel acknowledged that a person could utilize several different computers in order to print more than the limit imposed by the registry key "counter."

5

Development and implementation of a new DVD copy protection system, however, is far more difficult and costly than reprogramming a combination lock[.] *Id.*

Accordingly, the Motion to Dismiss, as to this point, is DENIED.

Defendant's fourth argument - that Plaintiff has not sufficiently alleged that Stottlemire's conduct was "unauthorized" as required to establish circumvention or trafficking - raises a closer question. The issue of authorization, and how copyright restrictions are conveyed to the user, has been addressed in cases under the DMCA. For example, the Federal Circuit indicated that the notice concerning authorization provided to users of a product is a relevant consideration. *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178, 1204 (Fed. Cir. 2004).[6] The plaintiff in that case, a garage door opener manufacturer, did not place "explicit restrictions on the types of transmitter that the homeowner may use with its system at the time of purchase." As a result, the court explained, "Chamberlain's customers therefore assume that they enjoy all of the rights associated with the use of their [garage door openers] and any software embedded therein that the copyright laws and other laws of commerce provide." *Chamberlain*, 381 F.3d at 1183.[7]

Although CI points to paragraphs alleging that access was unauthorized, *see* FAC ¶¶ 12, 15, and 27, it has done so in a conclusory fashion. *See Epstein*, 83 F.3d at 1140. To declare Stottlemire's actions "unauthorized" without further explanation is insufficient. The complaint does not allege which actions by Defendant were unauthorized, nor does it explain how a consumer would come to know particular actions were or were not permitted.

---

[6] Also see, text of §1201(a)(3) which defines the terms used in section (a):
(A) to "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, **without the authority of the copyright owner**; and
(B) a technological measure "effectively controls access to a work" if [it], in the ordinary course of its operation, requires the application of information ... **with the authority of the copyright owner**, to gain access to the work. (emphasis added).

[7] It remains to be seen whether this case more closely aligns with *Chamberlain*, or with a case like *Reimerdes*.

Accordingly, on this final argument, the motion to dismiss is GRANTED with leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts.") (citations omitted); *also see* FED. R. CIV. P. 15(a). Plaintiff shall have until **January 2, 2008** to file an amended complaint. Should CI decide not to amend, all claims that rely on authorization as an element shall be dismissed.

## **IV.    Defendant's Motion for Summary Judgment**

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Stottlemire argues that CI has failed to establish a *prima facie* case on the DMCA violations. Defendant further contends that without being able to establish DMCA violations, the related state law claims necessarily fail, too.

Given the meager record before the court and the many factual and legal disputes between the parties, Defendant's Motion for Summary Judgment is DENIED as premature.

## **CONCLUSION**

In conclusion, Defendant's Motion to Strike the Opposition, his Motion for Sanctions and his Motion for Summary Judgment are DENIED. Defendant's Motion to Dismiss with respect to the authorization element of the claims alleged is GRANTED, but with leave to amend. Plaintiff shall have until **January 2, 2008** to file an amended complaint. Defendant's Motion to Dismiss is otherwise DENIED.

**IT IS SO ORDERED.**

Dated: 12/12/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3457 Notice has been electronically mailed to:**

Dennis M. Cusack dcusack@fbm.com, adugan@fbm.com, calendar@fbm.com, lwarren@fbm.com

Neil A. Goteiner ngoteiner@fbm.com, calendar@fbm.com, karentsen@fbm.com

Hollis Beth Hire hhire@wsgr.com, lhovland@wsgr.com

John Lawrence Slafsky jslafsky@wsgr.com, lhovland@wsgr.com

John Allan Stottlemire jstottl@comcast.net

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 12/12/07

                                           /s/ KRO
                                     Chambers of Magistrate Judge Lloyd