Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUPONS, INC.,

        Plaintiff,

vs.

JOHN STOTTLEMIRE, and DOES 1-10,

        Defendants.

Case No. 5:07-CV-03457 HRL

**SECOND AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

Plaintiff Coupons, Inc. ("Plaintiff") alleges as follows:

## I.
## PARTIES

1. Plaintiff is a California corporation with its principal place of business in Mountain View, California.

2. On information and belief, defendant John Stottlemire ("Defendant Stottlemire") is an individual residing in Fremont, California.

3. The true names and capacities of defendants named as Does 1-10 are not presently known to Plaintiff, which therefore sues these defendants by their fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' true names when they are ascertained. Plaintiff is informed and believes, and therefore alleges, that each of these

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SECOND AMENDED COMPLAINT /
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1409330.1

Dockets.Justia.com

fictitiously named defendants is responsible in some manner for the conduct alleged in this Complaint. The term "Defendants" in this Complaint refers to Defendant John Stottlemire and the Doe defendants, collectively.

## II.
## JURISDICTION AND VENUE

4. This action for violations of the Digital Millennium Copyright Act and related causes of action arises under 17 U.S.C. § 1201, California statutes, and the common law of California.

5. This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Digital Millennium Copyright Act, and under 28 U.S.C. 1338(b) for the related state-law claims based on unfair competition. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all related state-law claims.

6. This Court has personal jurisdiction over Defendant Stottlemire by virtue of Defendant Stottlemire's residence in California. This Court further has personal jurisdiction over Defendants by virtue of Defendants committing a tort in or directed at the forum and/or transacting and doing business in the forum.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.
## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rule 3-2(c), because this action falls within one of the excepted categories, it will be assigned on a district-wide basis.

## IV.
## BACKGROUND FACTS

**A.  Plaintiff's Business and Works Subject to Copyright**

9. Plaintiff is the leading provider of technology for enabling businesses to deliver online, printable coupons to consumers.

10. Plaintiff's clients include many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies, and Internet portals. Using Plaintiff's technology, Plaintiff's clients are able to deliver online coupons directly to their customers from corporate websites, via online banner ads, and through targeted e-mails.

11. Plaintiff also offers a sampling of its coupons on its own corporate website (www.coupons.com). Plaintiff displays the coupons offered in a Coupon Grid, which allows the Internet user to click on the coupons he or she would like to print, and then print those coupons with one click of the "Print Now" link at the bottom of the page.

12. Plaintiff's coupons are works subject to copyright protection under Title 17 of the United States Code, and Plaintiff has received registrations from the United States Copyright Office for its coupons.

13. Plaintiff offers a number of security products to its clients to prevent unauthorized copying of its coupons, including proprietary technology that limits the number of times a user can print a coupon.

**B. Plaintiff's Technology and Security Measures**

14. In order to supply secure, printable coupons to consumers over the Internet, Plaintiff maintains a distribution system using proprietary encryption, authentication, and private and public key technology.

15. Internet consumers are able to access online coupons created by Plaintiff by clicking on a website, Internet banner advertisement, or e-mail message originating from one of Plaintiff's clients. When the consumer clicks on one of these Internet links, a file is automatically sent via the Internet from Plaintiff's computer server directly to Plaintiff's client software running on the consumer's personal computer. The software is installed using standard techniques for installing plug-ins. After the consumer receives the coupon file, a data stream containing the graphics and content of the coupon is sent directly to the consumer's printer.

16. The software underlying these online coupons contains built-in security measures to prevent consumers from printing more than the authorized number of copies of the coupons. The software limits the number of times that a coupon can be printed and uniquely identifies each

and every coupon printed. Plaintiff assigns a unique identifier to the computer of each consumer who uses Plaintiff's software, and any time a consumer's computer seeks to have a coupon printed, the computer's unique identifier is sent to Plaintiff's server for verification.

17. Plaintiff's anti-copying restrictions are critical to the integrity and desirability of Plaintiff's technology. Plaintiff's ability to control electronic reproduction of unique coupons is crucial to Plaintiff's commercial success.

18. When a consumer downloads the coupon printer software, the consumer is informed that the software provides security features that are needed to provide coupons that can be used in a store.

19. Many of Plaintiff's coupons include a notice that they are "void if reproduced" or "void if copied."

20. Plaintiff makes clear to all users that there are strict print limits in effect, as a message appears on computer screens stating that the print limit has been reached once a user has printed a single coupon the authorized number of times.

21. Consumers who view and download coupons from the Internet do not expect to be able to print an unlimited number of coupons, and do expect print limitations to be in effect that allow a limited number of prints, such as one or two prints per coupon. Defendant Stottlemire at all times understood that such print limitations are in effect, and enforced by means of Plaintiff's technology.

C. **Defendants' Improper Acts**

22. DealIdeal (www.dealideal.com) is an online forum in which consumers discuss and trade coupons.

23. Plaintiff is informed and believes, and therefore alleges, that Defendants own and operate another online forum called The Coupon Queen (www.thecouponqueen.net), in which consumers discuss and trade coupons (the "Coupon Queen Forum"). Plaintiff also is informed and believes, and therefore alleges that the Coupon Queen Forum advertises coupons for sale in exchange for a handling fee.

24. Plaintiff is informed and believes, and therefore alleges, that in or about May 2007, Defendant Stottlemire posted a comment on the DealIdeal online forum advertising and explaining a method for finding and removing the security features which prevent the unlimited printing of Plaintiff's coupons (the "Circumvention Method").

25. Plaintiff is informed and believes, and therefore alleges, that Defendant Stottlemire's comment was removed from the DealIdeal online forum, and on or about May 20, 2007 Defendant Stottlemire, using the screen name "virtually_john," posted a comment on the Coupon Queen Forum stating that he "recently posted information on another site (dealideal) on how to beat the limitation imposed by the software provided by coupons.com and would allow users of that software to print an unlimited number of coupons from the coupons.com website."

26. Plaintiff is informed and believes, and therefore alleges, that Defendants created and used software that purported to remove Plaintiff's security features, for the purpose of printing more coupons than Plaintiff's security features allow (the "Circumvention Software").

27. Plaintiff is informed and believes, and therefore alleges, that Defendant Stottlemire's May 20, 2007 comment on the Coupon Queen Forum stated that he "created a small exe file that will remove the limitations placed by the coupons.com software"; and advertised: "If anyone wishes it [the exe file], send me a PM [private message] and I'll gladly send it your way." Plaintiff is informed and believes, and therefore alleges, that the term "exe file" is shorthand for "executable file," which is a file containing a computer program.

28. Plaintiff is informed and believes, and therefore alleges that on June 16 and June 17, 2007, Defendant posted comments on the Coupon Queen containing further instructions and troubleshooting suggestions for downloading the Circumvention Software.

29. Plaintiff is informed and believes, and therefore alleges, that Defendants advertised, offered to transfer, and did transfer the Circumvention Software for the purpose of printing more coupons than Plaintiff's security features allow.

30. Plaintiff is informed and believes, and therefore alleges, that Defendants were aware that Plaintiff authorizes the printing of only a very limited number of coupons (usually no more than two), that Defendants had seen the message that appears on computer screens stating

that the print limit has been reached once a single coupon has been printed the authorized number of times, and that Defendants were aware that in general, coupon printing limitations are in place in the coupon industry.

31. Plaintiff is informed and believes, and therefore alleges, that Defendants' Circumvention Method and Software allowed users to access an unlimited number of coupons from the same computer, despite the fact that Plaintiff's technological measures would only have authorized a certain, limited number of coupons per computer, and therefore Defendants were providing access to coupons that was unauthorized by Plaintiff, the copyright owner.

32. Plaintiff is informed and believes, and therefore alleges, that Defendants were aware that many of Plaintiff's coupons state that they are "void if reproduced" or "void if copied."

33. Plaintiff is informed and believes, and therefore alleges, that over the next 30 days Defendant Stottlemire responded to queries and posted troubleshooting instructions on the Coupon Queen Forum to assist users who were experiencing difficulties using the Circumvention Software to remove Plaintiff's security features and print multiple coupons.

34. Plaintiff is informed and believes, and therefore alleges, that in or about June, 2007, Defendants made a version of the Circumvention Software available for download from a webpage within the Coupon Queen Forum (www.thecouponqueen.net/couponscom.cfm) (the "Circumvention Webpage"). The Circumvention Webpage featured a link stating "Ms file (couponqueen.zip) must be, downloaded and installed first." The link was placed above a coupon layout which was substantially identical to Plaintiff's Coupon Grid offered at Plaintiff's website.

35. Plaintiff is informed and believes, and therefore alleges, that the version of the Circumvention Software that Defendants offered on the Circumvention Website was designed to remove Plaintiff's security features and allow a user to print the coupons in the Coupon Grid an unlimited number of times.

36. Plaintiff is informed and believes, and therefore alleges, that Defendants' conduct was for the express purpose of printing more coupons than Plaintiff's security features allow and to aid others in printing more coupons than Plaintiff's security features allow.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SECOND AMENDED COMPLAINT /
USDC/NDC/SJ 5:07-CV-03457 HRL - 6 - 22675\1409330.1

37. Plaintiff subsequently incorporated a license agreement into the print software download which notified the consumer that the software allows the printing of only a limited number of copyrighted coupons. Even after this agreement was in place, Defendants continued to offer and provide updated circumvention methods for identifying and removing the technological measures put in place to prevent unauthorized printing of coupons. These actions include but are not limited to a posting by Defendant Stottlemire on December 6, 2007 entitled, "Uninstalling the Coupon Printer from Coupons, Inc." and an additional posting on December 19, 2007.

38. Defendants' acts described above have greatly and irreparably harmed Plaintiff. Security breaches can undermine confidence in Plaintiff's technology, lead to unfavorable publicity and lost business for Plaintiff, and require Plaintiff to undertake expensive and time-consuming corrective measures.

## FIRST CAUSE OF ACTION

(Digital Millennium Copyright Act, 17 U.S.C. § 1201(a))

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. By the acts described above, Defendants have intentionally circumvented technological measures that effectively control access to Plaintiff's copyrighted works.

41. By the acts described above, Defendants have intentionally manufactured, offered to the public, and provided a service, method, and technology primarily designed and produced for the purpose of circumventing technological measures that effectively control access to copyrighted works, thereby allowing users to remove or impair Plaintiff's technological measures and gain unauthorized access to Plaintiff's copyrighted works.

42. Plaintiff makes clear on web screens, on the coupons themselves, and more recently through a licensing agreement, that printing of an unlimited number of coupons is not authorized. Defendants knew of the strict print limitations and nevertheless created and offered a method, service, and technology to provide themselves and others access to the copyrighted coupons beyond what was authorized.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SECOND AMENDED COMPLAINT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 7 -

22675\1409330.1

43. The conduct described above has injured Plaintiff and constitutes a violation of 17 U.S.C. § 1201(a).

44. Plaintiff is entitled to an injunction, statutory damages in the amount of up to $2,500 per act of circumvention, or actual damages, and an award of attorneys' fees and other costs as provided under 17 U.S.C. § 1203.

## SECOND CAUSE OF ACTION

(Digital Millennium Copyright Act, 17 U.S.C. § 1201(b))

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. By the acts described above, Defendants have intentionally manufactured, offered to the public, and provided a service, method, and technology primarily designed and produced for the purpose of circumventing protection afforded by technological measures that effectively protect Plaintiff's and Plaintiff's clients' rights under copyright.

47. The conduct described above has injured Plaintiff and constitutes a violation of 17 U.S.C. § 1201(b).

48. Plaintiff is entitled to an injunction, statutory damages in the amount of up to $2,500 per act of circumvention, or actual damages, and an award of attorneys' fees and other costs as provided under 17 U.S.C. § 1203.

## THIRD CAUSE OF ACTION

(Unlawful Business Practices, Calif. Bus. & Prof. Code § 17200 et seq.)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50. By the acts described above, Defendants have engaged in unlawful and unfair business practices and have performed unfair, deceptive and misleading acts that have irreparably injured, and threaten to continue to injure, Plaintiff in its business and property.

51. As a consequence, Plaintiff is entitled, under Sections 17200 and 17203 of the California Business and Professions Code, to an injunction and restitution as set forth below.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SECOND AMENDED COMPLAINT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 8 -

22675\1409330.1

## FOURTH CAUSE OF ACTION

(Common Law Unfair Competition)

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. Defendants' acts described above constitute unfair competition in violation of the common law of the State of California.

54. Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

(Conversion/Trespass to Chattels)

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56. By the acts described above, Defendants intentionally and wrongfully exercised authority or control over the property of Plaintiff.

57. This wrongful exercise or assumption of authority deprived Plaintiff of its property and is inconsistent with Plaintiff's ownership rights.

58. Defendants' acts described above constitute the tort of conversion in violation of the common law of California.

59. In the alternative, Defendants' acts described above constitute the tort of trespass to chattels in violation of the common law of California.

60. Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That the Court order Defendants to pay to Plaintiff the maximum amount of statutory damages available under 17 U.S.C. § 1203(c)(3)(A) in an amount of $2,500 per

violation of 17 U.S.C. § 1201, as measured by acts of circumvention, offers, or performance of services; or, if Plaintiff so elects, in the alternative, that the Court order Defendants to pay the Plaintiff actual damages, including but not limited to Plaintiff's cost of taking corrective measures and other actual damages suffered, and any profits of Defendants attributable to the violations.

2. That the Court order Defendants to pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements pursuant to 17 U.S.C. § 1203(b), which are currently in excess of $50,000;

3. That the Court order that, during the pendency of this action, Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained from destroying, modifying, defacing, or concealing any evidence likely to be relevant in this case;

4. That the Court order that Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from manufacturing, offering to the public, and providing technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's coupons;

5. That the Court order Defendants to deliver to Plaintiff all copies of the Circumventing Software, as well as all unauthorized copies of Plaintiff's coupons created and printed through use of the Circumvention Method and the Circumvention Software (including but not limited to electronic files or images of coupons) in the possession of Defendants;

6. That the Court order Defendants to deliver to Plaintiff all documents, files, lists, or correspondence reflecting the identities of, and contact information for, the persons to whom Defendants provided technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's coupons;

7. That the Court order Defendants to file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

8. That the Court order Defendants to provide restitution for their unlawful business practices, measured by their advertising expenditures and/or profits; and

9. That the Court grant such other and further relief as the Court deems just and equitable.

Dated: December 27, 2007

FARELLA BRAUN & MARTEL LLP

By: /s/
Dennis M. Cusack

Attorneys for Plaintiff
COUPONS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury of all issues triable by a jury.

Dated: December 27, 2007

Respectfully submitted,

FARELLA BRAUN & MARTEL LLP

By: /s/
    Dennis M. Cusack

Attorneys for Plaintiff
COUPONS, INC.

SECOND AMENDED COMPLAINT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 12 -

22675\1409330.1

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400