Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com
Attorneys for Plaintiff COUPONS, INC.

John Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
E-mail: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN STOTTLEMIRE, and DOES 1-10,<br><br>Defendants. | Case No. 5:07-CV-03457 HRL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 5, 2008<br>Time: 1:30 p.m.<br>Courtroom: 2<br>Judge: Honorable Howard R. Lloyd<br>Trial: |

Plaintiff Coupons, Inc. ("Plaintiff") and Defendant John Stottlemire ("Stottlemire") jointly submit this Case Management Conference Statement pursuant to the Northern District of California's Standing Order, Civil Local Rule 16-9(a), and Fed. R. Civ. P. 26(f).

**1. JURISDICTION AND SERVICE:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Digital Millennium Copyright Act ("DMCA"), and under 28 U.S.C. § 1338(b) for the related state-law claims based on unfair competition. This Court also has supplemental jurisdiction over state claims under 28 U.S.C. § 1367. There are no issues regarding personal jurisdiction or venue.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1435783.1

Dockets.Justia.com

Stottlemire, the only defendant known to Plaintiff at this time, has been served and appears *pro se*. The true names and capacities of defendants Does 1-10 are presently unknown to Plaintiff.

## 2. BRIEF DESCRIPTION OF THE ALLEGED FACTS:

### A. Plaintiff's allegations are as follows:

Plaintiff is a leading provider of technology which enables businesses to deliver online, printable coupons to consumers. Plaintiff's coupons are works subject to copyright protection under Title 17 of the United States Code. Plaintiff offers a number of security products to its clients to prevent unauthorized copying of its coupons, including proprietary technology that limits the number of times a user can print a coupon. Stottlemire is the owner and operator of the on-line forum called The Coupon Queen, in which consumers discuss and trade coupons (the "Coupon Queen Forum"). Plaintiff alleges that around May 2007 Stottlemire created software and offered a service designed to remove the security features of Plaintiff's product such that a user can print more than the authorized number of coupons offered by Plaintiff (the "Defendant's Software"). Plaintiff alleges that Stottlemire offered the Defendant's Software to the public through the Coupon Queen Forum and transferred the software to the public for the purpose of printing more coupons than Plaintiff's security features allow. Stottlemire has continued to post updated circumvention methods and instructions at least through December 2007.

### B. Stottlemire's allegations are as follows:

Plaintiff operates a website which enables businesses to provide coupons to consumers. Consumers are able to print coupons from Plaintiff's website after installing software provided by the Plaintiff. Plaintiff's software uses streaming technology which prevents coupons from being saved to consumer's computer hard drive and from being displayed on consumer's monitor attached to consumer's computer. Through the use of streaming technology, consumers can only print Plaintiff's coupons directly to consumer's printers attached to their computer. Plaintiff's software also assigns a unique identifier to each computer used to print coupons from Plaintiff's website and stores the unique identifier in deceptively named registry keys within the Windows Registry and deceptively named hidden files in the windows sub-directory in an attempt to obscure it from consumers. The unique identifier is used by Plaintiff to track the number of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 2 -

22675\1435783.1

coupons a consumer has received and consequently printed from a given computer and is not assigned to the consumer. When visiting Plaintiff's website, Plaintiff's software is instructed by Plaintiff to search for the unique identifier located on the consumer's computer. If Plaintiff's software does not locate the unique identifier, Plaintiff assigns a unique identifier and Plaintiff's software stores the unique identifier within the deceptively named Windows Registry Keys and files stored on the consumer's hard drive.

For four days in May 2007, Defendant Stottlemire offered software which erased the unique identifier from consumer's computer. Defendant's offered software only erased files and registry keys located on consumer's computer and did not modify Plaintiff's software. Plaintiff's software continued to operate as Plaintiff intended. When Plaintiff's software did not find the unique identifier, Plaintiff would simply assign a new unique identifier to the consumer's computer. Software offered by Defendant did not descramble a scrambled work, decrypt an encrypted work, or otherwise avoid, bypass, deactivate or impair Plaintiff's software. Since the four days in May 2007, Defendant Stottlemire has continued to offer software which erases orphaned registry keys and files after third parties uninstall software provided by Plaintiff as Plaintiff's uninstall does not remove all files and registry keys. Defendant Stottlemire has not offered software, circumvention methods or instructions for any other purpose than to completely uninstall Plaintiff's software since those four days in May 2007.

**3. LEGAL ISSUES:** The parties have identified the following disputed points of law:

(a) Whether each of Plaintiff's causes of action in the Second Amended Complaint states a claim on which relief can be granted;

(b) Whether coupons offered by Plaintiff possesses more than a *de minimis quantum* of creativity and are protected by The Copyright Act.

(c) Whether Plaintiff's coupons are fixed in a tangible medium of expression pursuant to 17 U.S.C. § 102(a);

(d) Whether Plaintiff's software is defined as a technological measure within the meaning of 17 U.S.C. 1201;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 3 -

22675\1435783.1

(e) Whether Plaintiff's software controls access to a copyrighted work within the meaning of 17 U.S.C. § 1201(a);

(f) Whether Plaintiff limits the quantity of coupons a consumer may receive;

(g) Whether Plaintiff has provided notice pursuant to California Business & Professional Code 17500 that limitations exist to the number of coupons a consumer may receive.

(h) Whether Plaintiff's technology protects an exclusive right granted to the copyright holder within the meaning of 17 U.S.C. 1201(b)

(i) Whether Defendant was authorized to use and offer to distribute software which erased Windows registry keys and files from third party computers.

(j) Whether software offered by the Defendant either facilitated infringement or infringed upon the exclusive rights granted Plaintiff under The Copyright Act;

(k) Whether Plaintiff's software has been circumvented within the meaning of 17 U.S.C. § 1201;

(l) Whether the Unique Identifier placed on consumer's computer by the Plaintiff for the sole purpose of identifying that consumer's computer is classified as Personal Identifying Information.

(m) Whether consumers are authorized to erase files and Windows registry keys from computers they own.

(n) Whether Plaintiff has lost revenue or property as a result of software Defendant offered to distribute and can pursue an action under California Business & Professional Code 17200 *et seq.*;

(o) Whether Stottlemire engaged in unlawful and unfair business practices, in violation of California Business & Professional Code § 17200 *et seq.*, by creating, offering, and distributing to the public the Defendant's Software;

(p) Whether Stottlemire engaged in unfair competition in violation of the common law of the State of California by creating, offering, and distributing to the public the Defendant's Software;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 4 -

22675\1435783.1

(q) Whether Stottlemire engaged in conversion and trespass to chattels under the common law of the State of California by creating, offering, and distributing to the public, Defendant's Software.

(r) Whether Defendant's Software caused significant injury to Plaintiff.

(s) Whether Defendant's Software caused, or threatened to cause, injury to Plaintiff's computer systems.

(t) Whether, in offering Defendant's Software, Defendant caused competitive injury to Plaintiff.

(u) Whether Defendant had authorization to use his property in the manner he used it.

(v) Whether Defendant had authorization to use property previously owned by Plaintiff in the manner he used it.

(w) Whether Defendant's act, in offering the software, was a business act or practice.

**4. MOTIONS:** On July 24, 2007, Stottlemire filed an Administrative Motion to Extend Time to Respond to Complaint. On August 1, 2007 the Court granted in part Stottlemire's motion, which Plaintiff opposed, and extended the deadline to respond to the Complaint until September 24, 2007. On September 24, 2007, Stottlemire filed a motion to dismiss and, in the alternative, a motion for summary judgment, a related motion for judicial notice, and a motion for sanctions. On October 22, 2007, Plaintiff filed a motion to continue hearing and case management dates, which Stottlemire opposed and the court denied the motion as moot. On October 24, 2007 the Court, on its own motion reset the Case Management Dates and reset deadlines for Plaintiff to reply to Stottlemire's then pending motions. On November 14, 2007, Stottlemire filed an ex-parte motion to strike plaintiff's opposition. The motions were heard on December 4, 2007. On December 12, the court granted in part Stottlemire's motion to dismiss, with leave to amend and denied all other motions. Plaintiff timely filed its second amended complaint. On January 14, 2008, Stottlemire filed an "Administrative Motion to Extend Time To Respond to Second Amended Complaint," which Plaintiff did not oppose, and the court

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 5 -

22675\1435783.1

1 granted this motion in part, extending the deadline to respond to the Second Amended Complaint
2 to February 26, 2008.

3 **5. AMENDMENT TO PLEADINGS:** Plaintiff intends to join additional parties in
4 the event that it identifies the true names of Does 1-10.

5 **6. EVIDENCE PRESERVATION:** Plaintiff is preserving its evidence that is
6 potentially relevant to the case pursuant to its internal document retention policy. Stottlemire is
7 preserving evidence that is potentially relevant to the case.

8 **7. INITIAL DISCLOSURE:** Plaintiff has complied with the initial disclosure
9 requirements of Rule 26. The initial disclosures included a list of individuals who are likely to
10 have discoverable information, a description by category of relevant documents in Plaintiff's
11 control, and a computation of damages.

12 Stottlemire has complied with the initial disclosure requirements of Rule 26. His initial
13 disclosures included a list of individuals who are likely to have discoverable information and a
14 list of documents he may use to support his defense.

15 **8. DISCOVERY:** Plaintiff has initiated limited third party discovery to date, but the
16 parties have not yet exchanged discovery between them.

17 **Proposed Discovery Plan:** Plaintiff will seek discovery of documents, including
18 but not limited to computer files in Stottlemire's possession related to the Defendant's Software
19 and his offer of the Defendant's Software to others, and documents from Stottlemire and others
20 regarding who has received the Defendant's Software and to what extent the Defendant's
21 Software has been used. The parties agree to produce electronically stored information in CD,
22 DVD, or native format where appropriate. Plaintiff will depose Stottlemire and anyone else who
23 has participated with him in creating and offering the Defendant's Software. Plaintiff expects
24 expert discovery regarding the nature of the Defendant's Software and market expectations
25 regarding print limitations for online coupons. The parties may need to discuss a protective order
26 depending on the scope of the discovery requests.

27 Stottlemire will seek discovery of documents, including but not limited to source code in
28 Plaintiff's possession related to Plaintiff's software it provides consumers, source code in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT / - 6 -
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1435783.1

Plaintiff's possession related to Plaintiff's server software which provides coupons to consumers, source code in Plaintiff's possession related to Plaintiff's website, communications between Plaintiff's attorney and the United States Copyright Office regarding all copyright registrations Plaintiff has filed with the United States Copyright Office, all communications between Plaintiff and TRUSTe related to Plaintiff's software, all communications between Plaintiff and Wired Magazine related to Plaintiff's software and the Defendant, and all communications between Plaintiff and Information Week Magazine related to Plaintiff's software and the Defendant.

Stottlemire will depose Steven Boal, President, CEO, Coupons Inc.; Jeffrey Weitzman, Coupons, Inc.; Lead Programmers for the Plaintiff; Lead Web Developers for the Plaintiff; John Slafsky, attorney for the Plaintiff; Jordan Lau, TRUSTe; David Kravets, Wired Magazine; Thomas Claburn, Information Week Magazine; and any other individuals Stottlemire may learn of, regarding information each may have which invalidates Plaintiff's DMCA claim against Stottlemire. Stottlemire expects expert discovery regarding Plaintiff's server software, Plaintiff's website, Plaintiff's software it provides to consumers and Plaintiff's databases.

**9. CLASS ACTIONS:** This is not a class action.

**10. RELATED CASES:** There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. RELIEF:** Plaintiff's prayer for relief seeks legal and equitable relief. Due to the absence of discovery, Plaintiff contends that a specific presentation on damages is premature. However, Plaintiff contends that damages include, but are not limited to, a statutory award of $2,500 per violation of 17 U.S.C. § 1201, and restitution for Stottlemire's unlawful business practices. Plaintiff also seeks: (a) an order for the preservation of evidence in possession of Stottlemire that is likely to be relevant to the case; (b) an injunction preventing Stottlemire from manufacturing, offering to the public, and providing technology primarily designed for the purpose of circumventing technology measures that effectively control access to Plaintiff's coupons; (c) an order requiring Stottlemire to deliver to Plaintiff all copies of the Defendant's Software, as well as unauthorized copies of Plaintiff's coupons created and printed with the assistance of the Defendant's Software in possession of Stottlemire; (d) an order requiring

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 7 -

22675\1435783.1

Stottlemire to deliver to Plaintiff all documents, files, lists, and correspondences reflecting the identities of, and contact information for, the persons to whom Stottlemire provided technology primarily designed for the purpose of circumventing technology measures that effectively control access to Plaintiff's coupons; and (e) an order requiring Stottlemire to file with the Court and serve on Plaintiffs an affidavit setting forth the manner and form in which they have complied with the terms of the injunction. Plaintiff also seeks for Stottlemire to pay to Plaintiff the cost of this action, together with reasonable attorneys' fees and disbursements pursuant to 17 U.S.C. § 1203(b), and for the Court to grant such other and further relief as the Court deems just and equitable.

Stottlemire contends that Plaintiff is not entitled to any relief and will seek relief pursuant to 17 U.S.C. § 1203(b) if he prevails in this action. Defendant may also file counterclaims against Plaintiff in which he would be entitled relief.

**12. SETTLEMENT AND ADR:** The parties have had settlement discussions however cannot agree on the terms of a settlement. Plaintiff is willing to consider Early Neutral Evaluation or referral to a judge for a settlement conference. Defendant requests Early Neutral Evaluation.

**13. CONSENT TO JURISDICTION OF MAGISTRATE JUDGE:** The parties consent to the jurisdiction of a Magistrate Judge.

**14. OTHER REFERENCES:** The parties do not recommend any references of the case at this time.

**15. NARROWING OF ISSUES:** The parties do not have a proposal at present to narrow issues.

**16. EXPEDITED SCHEDULE:** The parties do not believe this case is subject to an expedited schedule.

**17. SCHEDULING:** Plaintiff's proposed schedule is:
    (a) <u>Fact Discovery Cutoff</u>: August 15, 2008
    (b) <u>Designation of Experts</u>: August 31, 2008
    (c) <u>Expert Discovery Cutoff</u>: September 15, 2008

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL
- 8 -
22675\1435783.1

|   |   |   |   |
|---|---|---|---|
| 1 | | (d) | Hearing of Dispositive Motions (including Motions for Summary |
| 2 | Judgment: November 15, 2008 | | |
| 3 | | (e) | Trial: January 15, 2009 |
| 4 | Defendant's proposed schedule is: | | |
| 5 | | (a) | Fact Discovery Cutoff: August 15, 2008 |
| 6 | | (b) | Designation of Experts: October 31, 2008 |
| 7 | | (c) | Expert Discovery Cutoff: January 15, 2009 |
| 8 | | (d) | Hearing of Dispositive Motions: |
| 9 | | | Motion for Summary Judgment: March 15, 2009 |
| 10 | | (e) | Trial: May 15, 2009 |

**18. TRIAL:** Plaintiff has requested a jury trial. Parties expect that the trial will last for four (4) days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:** Plaintiff filed a formal notice pursuant to Local Rule 3-16, and is not aware of any non-party interested persons or entities.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /
USDC/NDC/SJ 5:07-CV-03457 HRL

- 9 -

22675\1435783.1

1     **20. OTHER MATTERS:** None.

3     Dated: January 29, 2008        FARELLA BRAUN & MARTEL LLP

5                                           By:     /s/
                                               Dennis M. Cusack

                                            Attorneys for Plaintiff
                                            COUPONS, INC.

8     Dated: January 29, 2008        JOHN STOTTLEMIRE

10                                                          /s/
                                            John Stottlemire, *pro se*
                                            Defendant

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT /     - 10 -
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1435783.1