John A Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No.: 5:07-cv-03457-HRL |
| Plaintiff, | **REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | Date: May 13, 2008 |
| JOHN STOTTLEMIRE, and DOES 1-10, | Time: 10:00 AM |
| | Courtroom: 2, 5th Floor |
| Defendant | Judge: Hon. Howard R. Lloyd |

Pursuant to Civil Local Rule 7-3(c), defendant John Stottlemire ("Defendant") submits this reply to Plaintiff Coupons, Inc.'s ("Plaintiff") Opposition to Defendant's Motion to Dismiss for Failure to State a Claim on which Relief can be Granted ("Opposition").

Respectfully submitted,

Dated: April 11, 2008 _____/s/_____
John A. Stottlemire, *pro se*

# REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## A. Summary of Reply

Requirements of F.R.C.P. Rule 8 are clear. A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Defendant has filed a Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6) ("Motion") and claims Plaintiff has failed to adhere to the requirements of F.R.C.P. Rule 8. Plaintiff opposes Defendant's Motion and in doing so violates F.R.C.P. 12(d) requiring much of Plaintiff's Opposition to be excluded by the Court. Furthermore, Plaintiff cites case law irrelevant to current California statute and ignores relevant statute enacted prior to Plaintiff's cause of action which requires a more stringent test to bring a cause of action against Defendant. Finally, Plaintiff's Opposition ignores the plain language of the D.M.C.A. and attempts to shift elements Plaintiff must claim to bring a cause of action against Defendant.

## B. Legal Standard

Using a subjective standard for notice pleading, Plaintiff states "[p]laintiff's SAC sufficiently notifies the Defendant of Plaintiff's well grounded claims". Plaintiff's subjective standard argument would create a new standard for pleading which would vary each time a cause of action is filed, depending on the expertise level of the Defendant. Plaintiff's entire basis for opposition rests upon the argument that "it is beyond cavil that with Stottlemire's demonstrated expertise, the SAC gives the defendant notice of what the claim is and the grounds upon which it rests" (Oppostion IV.A.) (internal quotes and citation omitted). Plaintiff's subjective standard for a "short and plain statement of the claim showing the pleader is entitled to relief", F.R.C.P. Rule 8(a), flies in the face of the rule. Plaintiff has to prove to the Court that the pleader is entitled to relief. Plaintiff is not relieved of this requirement because the Defendant has expertise in the field. To adobt Plaintiff's rule would eliminate Plaintiff's obligation to provide the grounds of his entitlement to relief when the Defendant shows a demonstrated level of expertise. Plaintiff's unprecedented construct of F.R.C.P. Rule 8 would hinder other parties, such as intervenors or amici, who may not have Defendant's expertise, from understanding the claim. For these reasons, the Court should reject Plaintiff's proposed standard.

**C. Plaintiff's Complaint**

Pursuant to F.R.C.P. 8(a)(2) Plaintiff's Second Amended Complaint ("SAC") must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In layman terms, this simply means by reading the SAC, the Defendant, the Court and any other person versed in the laws of the United States should be able to read the SAC and determine exactly what statutes Defendant allegedly violated. With Plaintiff's SAC the Court should be able to make this determination by reading paragraphs 9 through 38, the grounds upon which Plaintiff's claims rest, without the aid of Plaintiff's causes of action or additional pleadings. Plaintiff has failed to meet this burden.

Citing this Court's decision in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), this Court said "It remains to be seen whether this case more closely aligns with *Chamberlain*, or with a case like *Reimerdes*." *Coupons, Inc., v. John Stottlemire*, CV-07-03457, fn 7 (December 12, 2007). This Court, after reading Plaintiff's FAC was unable to determine if the Plaintiff was alleging a violation of 17 U.S.C. § 1201(a) as in the *Chamberlain* case or a violation of 17 U.S.C. § 1201(b) as in *Reimerdes* because Plaintiff simply did not allege facts which clearly defined where Plaintiff's cause of action lay.

Plaintiff's SAC is similarly situated yet further compounded by Plaintiff's apparent attempt to broaden the net in hopes of catching something they may then argue towards without clearly stating the grounds in which Plaintiff's claims rest. In opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff claimed it had alleged "that its print-restriction technology, in the ordinary course of its operations, limits the exercise of a right of a copyright owner; that is, the *technology determines whether a work may be copied and, if so, how many copies may be made*." (Plaintiff's Opposition to Defendants Motion to Dismiss Plaintiff's First Amended Complaint, page 7, filed November 13, 2007) (emphasis added). Defendant argued Plaintiff's technology does not protect Plaintiff's exclusive right to copy in the immediate Motion to Dismiss. Plaintiff opposed by claiming its technology measure "served to protect [Plaintiff's] right as a copyright owner to *limit or control distribution of its copyrighted coupons*" (Opposition page 12) (emphasis added) yet, Plaintiff's SAC claims neither.

Plaintiff's inability to file SAC which meets F.R.C.P. and provide clear notice of what its claims are and the grounds on which those claims rest is no more evident than with the brief filed by the Electronic Frontier Foundation ("Amicus Curiae"). Amicus Curiae, using Plaintiff's SAC as its only source of information, has argued Plaintiff's security measure protects an exclusive right Plaintiff has been granted under 17 U.S.C. § 106(1). Amicus Curiae concludes Plaintiff's security measure falls squarely within 17 U.S.C. § 1201(b) and that Plaintiff's claim under 17 U.S.C. § 1201(a) is misplaced. Defendant, with intimate knowledge of Plaintiff's security measures, argues Plaintiff's security measure falls within neither 17 U.S.C. § 1201(a) nor 17 U.S.C. § 1201(b) as Plaintiff has failed to allege elements specific to those statutes. Had Plaintiff filed its SAC pursuant to F.R.C.P. neither of these arguments would be plausible.

It boggles the mind why Plaintiff cannot simply make a short and plain statement of the claim showing that the Plaintiff is entitled to relief. Plaintiff obviously has the ability to do so and shows that ability sporadically throughout the SAC, (see specifically SAC § 12 "Plaintiff's coupons are works subject to copyright protection" as just one example) and its Opposition to the current Motion however short and plain statements are absent where essential to pursue the Causes of Action Plaintiff claims it is entitled to relief. The flagrant ambiguity of Plaintiff's SAC enables Plaintiff to oppose Defendant's Motion to Dismiss as irrelevant. Plaintiff claims Defendant's arguments to Plaintiff's claim under 17 U.S.C. § 1201(b) are without merit. Plaintiff claims its SAC §§ 12-18, 31 defines Plaintiff's security measures protect Plaintiff's rights under 17 U.S.C. § 106(3), the exclusive right to distribute works subject to copyright protection. Plaintiff's SAC §§ 12-18 are nearly identical to Plaintiff's FAC §§ 11-16 yet Plaintiff argued earlier to this Court its security measures protected Plaintiff's rights under 17 U.S.C. § 106(1). Between the FAC and SAC, Plaintiff made very small changes in its pleadings. Plaintiff originally alleged that its technology protected the reproduction right. Now, in its opposition, it claims it protects the distribution right. But there is only one mention regarding distribution in the entire SAC. The miniscule changes in the pleadings cannot support the dramatic shift in Plaintiff's arguments that their technology, which used to protect the reproduction right, now protects the distribution right. Thus, this Court should reject Plaintiffs arguments.

Plaintiff's SAC fails to make clear what its claims are and the grounds upon which it rests. Plaintiff's SAC must be dismissed with prejudice for failure to state a claim upon which relief can be granted. This is Plaintiff's third attempt to file a complaint which complies with F.R.C.P. against Defendant. Plaintiff has failed each time. Plaintiff has demonstrated it cannot now or ever file a complaint against Defendant which states any claim upon which relief may be granted.

### D. Reply to Plaintiff's Opposition to Defendant's 1201(a) Argument.

Plaintiff errs in stating that Defendant's "contention that [Plaintiff] failed to claim specifically that removal of certain Windows registry keys was unauthorized is misplaced."

Software offered by the Defendant did not circumvent Plaintiff's technology measure. Because Plaintiff has not withheld authorization to remove files and registry keys from third party computers Plaintiff's claim under 1201(a) must not be allowed to proceed.

Plaintiff must allege that Defendant was unauthorized to offer tools which erase files and registry keys from third party computers. "Under the act, it is clearly the plaintiff's burden to demonstrate that the defendant circumvented a technological measure. This in turn, requires a showing that the defendant acted "without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A)." *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 292 F.Supp. 2d 1040 at 1044 (N.D. Ill 2003) affirmed 381 F.3d 1178 (Fed. Cir. 2004).

Plaintiff argues, in error, in footnote 5 that Defendant bears the burden to prove that Plaintiff gave him authorization. The *Chamberlain* Court rejected this argument. In *Chamberlain*, the Court required Plaintiff to prove authorization was withheld, and distinguished *Reimerdes*:

> "The district court in *Reimerdes* was looking at a set of facts quite distinct from those presented here: Plaintiff there had encoded its DVD's and licensed the software necessary to circumvent this encoding process to manufacturers of DVD players. As a result, the plaintiff in *Reimerdes* did in fact authorize certain circumvention of its technological protective measure pursuant to a license. It did not authorize circumvention by means of non-licensed software." *Chamberlain Group, Inc., v. Skylink Techs., Inc.*, 292 F.Supp.2d 1023 at 1038 (N.D. Ill. 2003).

Affirming the *Chamberlain* Court's decision, the Federal Circuit stated:

> "Chamberlain places no explicit restrictions on the types of transmitters that the homeowner may use with its system at the time of purchase. Chamberlain's customers therefore assume that they enjoy all the rights

associated with the use of their GDO's and any software embedded therein that the copyright laws and other laws of commerce provide." *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 at 1183 (Fed. Cir. 2004).

Here, as in *Chamberlain* Plaintiff has not placed any explicit restrictions on how third parties may interact with software downloaded from Plaintiff. Defendant would therefore enjoy all the rights associated with the use of the software therein that the copyright laws and other laws of commerce provide, to include erasing files and registry keys that software may have created and Plaintiff's First Cause of Action must be dismissed.

**E. Reply to Plaintiff's Opposition to Defendant's 1201(b) Argument.**

Plaintiff errs in stating its SAC claims Plaintiff's security measures "served to protect [Plaintiff's] right as a copyright owner to limit or control distribution of its copyrighted coupons." To oppose by stating Plaintiff's security measures serve to protect the rights granted under 17 U.S.C. § 106(3) Plaintiff's SAC must claim the right their security measures protect is the right to "distribute copies…of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending" 17 U.S.C. § 106(3) and that this security measure was circumvented by the Defendant. Plaintiff claims neither. The word distribution appears only once in Plaintiff's SAC (see SAC § 14). Plaintiff's SAC does not claim software offered by the Defendant gave third parties the ability to infringe upon Plaintiff's exclusive right to distribute works which are protected by the Copyright Act. A crucial nexus when claiming software offered by the Defendant circumvented a security measure which protected an exclusive right enjoyed by Plaintiff is that Plaintiff must claim software offered by the Defendant either facilitated infringement or infringed upon the exclusive rights of Plaintiff.

> "a better reading of the statute is that it requires plaintiff's as a part of their burden of pleading and persuasion to show a purpose to pirate on the part of the defendants."

*Lexmark International, Inc., v. Static Control Components, Inc.*, 387 F.3d 522 at 552 (6th Cir. 2004).

> "Courts generally have found a violation of the DMCA only when the alleged access was intertwined with a right protected by the Copyright Act.. *See e.g., Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 253 F.Supp. 2d 943, 947 (E.D. Ky. 2003), vacated and remanded on other grounds, 387 F.3d 522 (6th Cir. 2004); RealNetworks, Inc. v. Streambox, Inc., 2000 U.S. Dist. LEXIS 1889, 2000 WL 127311 at *7 (W.D. Wash, Jan. 18, 2000); accord Universal City Studios v.

> *Corley*, 273 F.3d 429, 435 (2d Cir. 2001) (explaining that Congress enacted the DMCA to help copyright owners protect their works from piracy)."

*Storage Technology Corp., v. Custom Harware Engineering & Consulting, Inc.*, 421 F.3d 1307 at 1318 (Fed. Cir. 2005).

> "Chamberlain neither alleged copyright infringement nor explained how the access provided by the Model 39 transmitter facilitates the infringement of any right that the Copyright Act protects"

*Chamberlain Group, Inc., v. Skylink Technologies, Inc.*, 381 F.3d 1178 at 1204 (Fed. Cir. 2004).

> "Plaintiff's have failed to show that Defendants' circumvention of the password protection to gain access to the NCI Software infringed or facilitated infringing on Plaintiffs' rights under the Copyright Act."

*Nordstorm Consulting, Inc. and Innova Systems, Inc., v. M&S Technologies, Inc., et. al.*, No. 1:06-CV-03234 Slip Op., at 16. (E.D. Ill. March 4, 2008).

Plaintiff's Opposition claims "Fundamentally, there is no practical difference between Defendant actually burglarizing irreplaceable coupons from Plaintiff's offices, and doing so by his circumvention software sending falsified information to Plaintiff's servers" (Opposition 1.5). Plaintiff's SAC makes no such claims[1]. Plaintiff cites no applicable authority supporting that a claim of theft is a violation of the exclusive rights granted Plaintiff by the Copyright Act and Plaintiff's SAC does not claim its security measures protect an exclusive right granted to them as the copyright holder.

**F. Reply to Plaintiff's Opposition to Defendant's 17200 et seq. Argument.**

Plaintiff errs in claiming its "allegations are sufficient to put Stottlemire on notice of the type of loss it suffered" (Opposition pg 16) and Plaintiff cites case law which pre-dates Proposition 64 (2004) which altered 17200 et seq. Under the current statute it is not enough that Defendant's actions "could have" led to lost business, Plaintiff must claim it has lost money or

---

[1] Plaintiff's attempts to define Defendant's actions as theft are matters outside of the SAC presented to the Court and must be excluded from the Opposition. See F.R.C.P. § 12(d).

property as a result of the unfair competition. (See *California Business & Professional Code § 17204*).

> [T]he Court finds that the "loss of money or property" required for UCL standing should be construed identically to the "lost money or property" California courts require for section 17203 purposes. To claim a loss of money or property for section 17203 purposes, a plaintiff must have either prior possession or a vested legal interest in the money or property lost. Accordingly, to have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost. *Walker v. USAA Cas. Ins. Co.*, 474 F.Supp.2d 1168 at 1172 (E.D. Cal., 2007).

Plaintiff's SAC fails to claim an actual loss of money or property. Plaintiff's Third Cause of Action must be dismissed for failure to state a claim.

**G. Reply to Plaintiff's Opposition to Defendant's Unfair Competition Argument**

Plaintiff errs in opposing by stating it has claimed Defendant's acts were a business act. Plaintiff claims Defendant offered to distributed software and posted instructions within the forum area of the website "The Coupon Queen", an area reserved for conversation dealing with coupons by members of that forum. Plaintiff claims no other connection between actions of the Defendant and has not claimed the posting of messages within the forums of Defendant's website constitute a business act.

Plaintiff's opposition to Defendant's remaining arguments are equally without merit. Plaintiff cites SAC § 38 as proof it has claimed "Coupons expended significant time and money in developing its online Coupons system and the associated coupon printing system" when in fact SAC § 38 states that as a result of Defendant's action it "can" require Plaintiff to undertake expensive and time-consuming corrective measures. Without Plaintiff's SAC claiming a substantial investment of time, skill or money in developing its property it is wholly plausible for Plaintiff to have actually spent very little time, skill or money in developing technology which relies only on acts of deception and then undertake corrective measures which are a substantial investment of time, skill or money.

Plaintiff fails to oppose Defendant's argument that Plaintiff failed to claim Defendant's actions were unauthorized and Defendant's argument should be accepted by the Court.

**H. Reply to Plaintiffs Opposition to Defendant's Trespass to Chattel Argument**

Defendant's argument to Plaintiff's Cause of Action for Trespass to Chattel is simple, "Plaintiff has not alleged that he suffered any *actual* damages by reason of the impairment of the property or the loss of its use." Plaintiff's only opposition to Defendant's argument is Plaintiff's "claim of trespass is based upon the damage to the quality and value of Coupons' system, specifically the loss of its integrity and security resulting from Stottlemire's Circumvention Method and Software" (Opposition page 23) and does not oppose that Plaintiff failed to claim actual damages.

Plaintiff's SAC states it is possible that actual damages could be suffered. To pursue an action for Trespass to Chattel Plaintiff must claim those damages did, as a matter of fact, occur. (*See e.g. Intel Corp. v. Hamidi,* 30 Cal. 4th 1342 at 1350-51 (Cal. App. 2003) "The owner has a cause of action for trespass or case, and may recover only the actual damages suffered").

**I. Reply to Plaintiff Opposition to Defendant's Conversion Argument**

Plaintiff opposes by claiming it has a property right in all uniquely identified coupons available to be printed by a consumer however, Plaintiff cites no paragraph of the SAC which justifies this claim. Plaintiff's only property right in uniquely identified coupons claimed by the SAC is Plaintiff's rights granted by the Copyright Act, which of course are preempted by the Copyright Act.

Plaintiff also contends that his server has been converted, but has made no allegation that the servers were damaged as a result of Defendant's actions. Further, if the manufacturer has a limit to the number of coupons it desires consumers to receive, which Plaintiff must plan for and expect, then Defendant or anyone using Defendant's offered software cannot obtain more coupons than what Plaintiff planned for, expected and gave consumers, as a group, permission to obtain.

Plaintiff further opposes by claiming Defendant converted each coupon's value as discount script for a particular product, however, Plaintiff's SAC claims it distributes these coupons for its customers (SAC § 10) and Plaintiff's Opposition claims that Defendant was "taking the first step in converting property belonging to *Coupons' advertising customers*"

(Opposition page 19). Plaintiff's Trespass to Chattels/Conversion claim immediately incurs a standing problem. A party must show that he is entitled to relief sought, or that he has standing.

> "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167 at 180-81 (2000) (Citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560-61 (1992).

Here, Plaintiff does not have standing. The discount value of the coupon is the price charged to the manufacturer, not Plaintiff. Thus, Plaintiff does not suffer an injury in fact when Defendant allegedly assists others in obtaining more than the allotted coupons. Even then, the manufacturers would not suffer an injury in fact because Plaintiff and the manufacturers have a limit on the number of coupons that may be issued. They expect, and plan for, consumers to use the maximum number of allotted coupons. Thus, the injury is neither actual or imminent, but conjectural or hypothetical.

Lacking allegations of damage to their servers, Plaintiff fails to state a claim upon which relief can be granted for conversion. Plaintiff's attempt to claim conversion for copyrights is preempted. Its attempt to claim conversion for the value of the coupons fails for lack of standing. Conversion should be dismissed without leave to amend.

**J. Conclusion**

Plaintiff's entire Second Amended Complaint lacks short and plain statements showing Plaintiff is entitled to relief it seeks. Plaintiff claims that with a subjective standard of review that it has met its burden. Plaintiff also claims the Court should deny Defendant's Motion to Dismiss and allow the parties to develop the record.

Defendant is eager to clarify the issues in the Second Amended Complaint and to answer all of Plaintiff's allegations however Plaintiff has been unable to articulate the facts necessary, without the aid of additional pleadings, to pursue the entitlement to relief it is claiming. Plaintiff amended its First Amended Complaint as allowed by the Court, however Plaintiff's Second Amended Complaint is as unclear as its First. It is impossible, by simply reading the Second

Amended Complaint and setting aside all other pleadings filed with this Court to determine exactly where Plaintiff's cause of action lies. Is the case more like *Chamberlain* or more like *Reimerdes* or as Plaintiff would have us believe in its Opposition, a combination of the two? It is impossible to tell. Does Plaintiff have an interest in the property rights to the coupons it distributes? Plaintiff opposes Defendant's Motion to Dismiss and argues it is its clients who have the vested interest in the property rights to the coupons, yet Plaintiff Second Amended Complaint pursues an action for Trespass/Conversion of those coupons.

      Plaintiff asks the Court to allow it to develop the record. To develop the record, first Plaintiff must state a claim upon which it is entitled to relief. That claim must be filed showing short and plain statements showing Plaintiff is entitled to relief and held to an objective standard which does not evaluate the intelligence level of the Defendant. Plaintiff will never be able to file such a complaint as Plaintiff clearly has no cause of action against Defendant. Plaintiff's entire Second Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.