John A. Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No. 5:07-cv-03457 HRL |
| Plaintiff, | **MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL LETTER BRIEF FOLLOWING HEARING ON MOTION TO DISMISS** |
| v. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | Courtroom: 2, 5th Floor |
| Defendant | Judge: Hon. Howard R. Lloyd |

## MOTION

Pursuant to Civil Local Rule 7-10 and the doctrine of *United States v. 416.81 Acres of Land,* 514 F.2d 627, 630 (7th Cir. 1975)(The essence of a motion to strike – whether made by a party or by the court sua sponte – is the consideration of the defense on its face without further facts or elaboration, and in that sense a hearing is quite unnecessary) Defendant John Stottlemire (Defendant) respectfully moves to strike Plaintiff's Supplemental Letter Brief Following Hearing on Motion to Dismiss based on its failure to comply with this Court's narrow request, to cite an authority in support of Plaintiff's argument that the addition of a barcode to a copyrightable coupon is sufficient to create a new, separately copyrightable derivative work.

## PROCEDURAL HISTORY

On July 2, 2007 Plaintiff files its Complaint with this Court alleging violations of the Digital Millennium Copyright Act 17 U.S.C. § 1201 and related state law claims against Defendant.

1  On July 24, 2007 Defendant filed an Administrative Motion to Extend Time to File a Response to the Complaint which was granted in part by this Court, granting Defendant until September 24, 2007 in which to answer Plaintiff's complaint.

Plaintiff filed its First Amended Complaint on August 29, 2007 again alleging violations of the DMCA and related state law claims against Defendant.

Defendant filed responsive pleadings to the First Amended Complaint on September 24, 2007. The responsive pleadings included Defendant's Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted, or in the Alternative, For Summary Judgment and its supporting Memorandum of Points and Authorities. Plaintiff filed its Opposition to Defendant's responsive pleadings on November 13, 2007. Defendant filed his Reply to Opposition to Defendant's responsive pleadings on November 20, 2007. The Court, after hearing the responsive pleadings on December 4, 2007, granted in part Defendant's Motion to Dismiss and dismissed the First Amended Complaint with leave to amend on December 12, 2007. The Court gave Plaintiff until January 2, 2008 to file a Second Amended Complaint.

Plaintiff filed its Second Amended Complaint on December 27, 2007 and again alleged violations of the DMCA and related state law claims against the Defendant.

Defendant filed an Administrative Motion to Extend Time to File a Response to the Second Amended Complaint which was granted in part by this Court, granting Defendant until February 26, 2008 in which to answer Plaintiff's complaint.

Defendant filed responsive pleadings to the Second Amended Complaint on February 26, 2008. The responsive pleading was Defendant's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim upon which Relief May Be Granted. Plaintiff filed its Opposition to Defendant's responsive pleadings on April 4, 2008. Defendant filed his Reply to Opposition to the Defendant's responsive pleadings on April 11, 2008. The Defendant's Motion to Dismiss, after being fully briefed, was heard by this Court on May 13, 2008.

## ARGUMENT

During the May 13, 2008 Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted (Hearing), this Court requested Plaintiff cite an authority in support of its

argument that the addition of a barcode to a copyrightable coupon is sufficient to create a new, separately copyrightable derivative work.  Plaintiff was unable to cite an authority during the Hearing. Subsequently the Court ordered Plaintiff fax a letter to the Court by 5:00 PM May 14, 2008 and cite the authority.

In response to the Court's request, Plaintiff faxed a letter (Letter) to the Court entitled "Supplemental letter brief following hearing on motion to dismiss".  The Letter begins with "In response to the Court's request during yesterday's hearing, Coupons, Inc. provides this supplemental letter brief in order to further clarify its argument regarding how Mr. Stottlemire's conduct violates 17 U.S.C. 1201(b)." and Plaintiff's entire letter is an argument to that end.  This Letter, faxed by the Plaintiff is well beyond the scope of the permission granted by the Court and is Plaintiff's attempt to argue its case in an informal setting.

Defendant humbly moves the Court to Strike all portions of Plaintiff's Letter which goes beyond the scope of the permission granted by Magistrate Judge Lloyd.

Defendant also humbly moves the Court to consider only that portion of Plaintiff's Letter which complies with the permission granted by Magistrate Judge Lloyd, Plaintiff's citation to authority as it relates to Magistrate Judge Lloyd's permission, specifically Plaintiff's citation to *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1218 (9th Cir. 1997).

Dated:  May 19, 2008                                        /s/

John A. Stottlemire, *pro se*