Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN STOTTLEMIRE, and DOES 1-10,<br><br>    Defendants. | Case No. 5:07-CV-03457 HRL<br><br>**THIRD AMENDED COMPLAINT;<br>DEMAND FOR JURY TRIAL** |

Plaintiff Coupons, Inc. ("Plaintiff") alleges as follows:

**I.
PARTIES**

1. Plaintiff is a California corporation with its principal place of business in Mountain View, California.

2. On information and belief, defendant John Stottlemire ("Stottlemire") is an individual residing in Fremont, California.

3. The true names and capacities of defendants named as Does 1-10 are not presently known to Plaintiff, which therefore sues these defendants by their fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' true names when they are ascertained. Plaintiff is informed and believes, and therefore alleges, that each of these

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT /
USDC/NDC/SJ 5:07-CV-03457 HRL

22675\1641354.1

Dockets.Justia.com

fictitiously named defendants is responsible in some manner for the conduct alleged in this Complaint. The term "Defendants" in this Complaint refers to the Doe defendants.

## II.
## JURISDICTION AND VENUE

4. This action for violations of the Digital Millennium Copyright Act and related causes of action arises under 17 U.S.C. § 1201, California statutes, and the common law of California.

5. This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for claims arising under the Digital Millennium Copyright Act, and under 28 U.S.C. 1338(b) for the related state-law claims based on unfair competition. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all related state-law claims.

6. This Court has personal jurisdiction over Stottlemire by virtue of Stottlemire's residence in California. This Court further has personal jurisdiction over Defendants by virtue of Defendants committing a tort in or directed at the forum and/or transacting and doing business in the forum.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.
## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rule 3-2(c), because this action falls within one of the excepted categories, it will be assigned on a district-wide basis.

## IV.
## BACKGROUND FACTS

**A.** **Plaintiff's Business and Works Subject to Copyright**

9. Plaintiff is the leading provider of technology for enabling businesses to deliver online, printable coupons to consumers.

10. Plaintiff's clients include many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies, and Internet

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT / USDC/NDC/SJ 5:07-CV-03457 HRL - 2 - 22675\1641354.1

1  portals. Using Plaintiff's technology, Plaintiff's clients are able to deliver online coupons directly
2  to their customers from corporate websites, via online banner ads, and through targeted e-mails.

11. Plaintiff also offers a sampling of coupons on its own corporate website (www.coupons.com). Plaintiff displays the coupons offered in a Coupon Grid, which allows the Internet user to click on the coupons he or she would like to print, and then print those coupons with one click of the "Print Now" link at the bottom of the page.

12. Plaintiff's coupons are works subject to copyright protection under Title 17 of the United States Code, including the rights to reproduce, and to distribute, the works. Plaintiff has received registrations from the United States Copyright Office for its coupons.

13. Plaintiff utilizes a number of security features to prevent unauthorized access to and printing of its coupons, including proprietary technology that limits the total number of a particular type of coupon (i.e., a particular campaign for a particular product, called a "coupon offer") available to be printed, and the number of times a uniquely identified and authentic coupon from a coupon offer can be printed by an individual and uniquely identified computer. The purpose of these features is to prevent and monitor fraud, and to ensure wide distribution of coupons from a particular campaign among consumers in the target market. Plaintiff's ability to control the reproduction of each coupon offer, and the distribution of authentic copies of a coupon within a coupon offer, is crucial to Plaintiff's commercial success.

**B.  Plaintiff's Technology and Security Measures**

14. In order to supply secure, printable coupons to consumers over the Internet, Plaintiff maintains a distribution system using proprietary encryption, authentication, and private and public key technology.

15. Plaintiff's security features are keyed to individual uniquely identified computers, rather than to individual people. By allowing or prohibiting access according to uniquely identified computers, Plaintiff effectively ensures the desired distribution for coupons, and protection against fraud. The features block an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place (has not previously been identified as a unique computer), or where that computer has been identified but

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

THIRD AMENDED COMPLAINT /            - 3 -                              22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

has previously obtained the allowed number of particular coupons requested, or where the total number of coupons intended for distribution has already been printed.

16. Internet consumers are able to access online coupons created by Plaintiff by clicking on a website, Internet banner advertisement, or e-mail message originating from one of Plaintiff's clients. When a consumer first requests a coupon from a website, Plaintiff delivers to the consumer's computer a security feature in the form of a unique identifier. This identifier interacts with Plaintiff's system to prevent access to and the printing of more than the authorized number of coupons agreed upon with Coupons' client for a particular coupon offer. Plaintiff assigns the unique identifier to an individual computer. Any time that computer seeks to have a coupon printed, the computer's unique identifier is sent to Plaintiff's server for verification. The computer must seek and obtain access each time it asks to have a coupon printed. Coupons' system and technology determine if a computer is authorized to gain access for a particular print, and if so, the system transmits the coupon to the consumer's printer. The software is installed using standard techniques for installing plug-ins.

17. Although the copyrighted form of each coupon remains the same within each coupon offer, Plaintiff's software uniquely identifies each and every coupon printed. This feature allows Plaintiff to track coupons (to monitor for fraud and distribution patterns) and regulate print limitations. Plaintiff assigns a unique identifier to each coupon, which is encoded in a barcode and elsewhere on the face of the coupon. This unique identifier does not create a separate copyrighted coupon, but serves to mark each coupon as one authentic copy of a copyrighted coupon (e.g., as distinguished from an unauthorized photocopy), in much the same way that authorized lithographs of a copyrighted painting may be numbered. Each individual coupon is one in a numerically limited set of coupons.

18. The ability of Plaintiff's system to control access by individual and uniquely identified computers to coupon offers is critical to Plaintiff's business. Competitors' systems for delivering coupons over the Internet attempted to control copying by restrictions keyed to individual consumers. These systems proved relatively ineffective in controlling copying of coupons by consumers and raised privacy concerns. Plaintiff instead created a system that uses

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

1  the computer as an access control. Under Plaintiff's system, an individual consumer could obtain,
2  in theory, dozens or hundreds of coupon prints from a particular offer, by going through multiple
3  computers. This is impracticable for almost everyone; thus, using uniquely identified computers
4  to limit access effectively achieves Plaintiffs goals.

5  19.  Plaintiff's security features control the intended distribution of the limited number
6  of authentic coupons of any particular coupon offer and help prevent fraud. Plaintiff exercises its
7  right as the holder of the copyrights on its coupons to reproduce and distribute a limited number
8  of authentic copies of its copyrighted coupons.

9  20.  Plaintiff's security measures limit in two ways the number of times that a coupon
10  in a particular coupon offer can be printed: one, the security measures limit the total number of
11  coupon prints available for any particular coupon offer for all computers across the Internet
12  community, for example, only 10,000 of a particular coupon may be available (called a
13  "campaign" or "network" limit); and two, the security features limit each uniquely identified
14  computer to a certain number of coupons for each coupon offer; for example, a uniquely
15  identified individual computer might be limited to two coupon prints (called a "device" limit).

16  21.  When a consumer downloads the coupon printer software to a particular computer,
17  Plaintiff informs the consumer that the software provides security features for each coupon that
18  allow the printing of coupons able to be redeemed in a store.

19  22.  Many of Plaintiff's coupons include a notice that they are "void if reproduced" or
20  "void if copied."

21  23.  Plaintiff makes clear to all users that there are strict print limits in effect, as a
22  message appears on computer screens stating that the print limit has been reached once a uniquely
23  identified computer has printed a particular coupon the authorized number of times or the total
24  number of prints in that particular campaign has been reached.

25  24.  Consumers who view and download coupons from the Internet do not expect to be
26  able to print an unlimited number of coupons, but expect print limitations to be in effect that
27  allow a limited number of prints, such as two uniquely identified prints per coupon. Stottlemire

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT /  - 5 -  22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

at all times understood that Plaintiff implemented and enforced such print limitations via Plaintiff's technology.

**C.     Stottlemire's and Defendants' Improper Acts and Harm to Plaintiff**

25. DealIdeal (www.dealideal.com) is an online forum in which consumers discuss and trade coupons.

26. Plaintiff is informed and believes, and therefore alleges, that Stottlemire and Defendants own and operate an online forum called The Coupon Queen (www.thecouponqueen.net), in which consumers discuss and trade coupons (the "Coupon Queen Forum"). Plaintiff also is informed and believes, and therefore alleges, that the Coupon Queen Forum advertises coupons for sale in exchange for a handling fee.

27. Plaintiff is informed and believes, and therefore alleges, that the software and method created, utilized, offered, and distributed by Stottlemire and Defendants allowed an individual uniquely identified computer to gain repeated unauthorized access to the same coupon offers, where the system would have otherwise denied access to that identified computer. Stottlemire's software and method effectively automated a uniquely identified computer to gain additional, unauthorized access to the same coupon offers, and also allowed such a computer to obtain additional, unauthorized numbers of uniquely identified coupon prints.

28. Plaintiff is informed and believes, and therefore alleges, that in or about May 2007, Stottlemire posted a comment on the DealIdeal online forum advertising and explaining a method for finding and removing Plaintiff's security features which regulate access and prevent the unauthorized printing of Plaintiff's coupons (the "Circumvention Method").

29. Plaintiff is informed and believes, and therefore alleges, that Stottlemire's comment was removed from the DealIdeal online forum, and on or about May 20, 2007 Stottlemire, using the screen name "virtually_john," posted a comment on the Coupon Queen Forum stating that he "recently posted information on another site (dealideal) on how to beat the limitation imposed by the software provided by coupons.com and would allow users of that software to print an unlimited number of coupons from the coupons.com website."

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT / - 6 - 22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

30. Plaintiff is informed and believes, and therefore alleges, that Stottlemire and Defendants created and used software that purported to remove Plaintiff's security features, for the express purpose of gaining unauthorized access by a particular computer to offered coupons, and printing more authenticated uniquely identified coupons than Plaintiff's security features allow (the "Circumvention Software").

31. Plaintiff is informed and believes, and therefore alleges, that Stottlemire's May 20, 2007 comment on the Coupon Queen Forum stated that he "created a small exe file that will remove the limitations placed by the coupons.com software"; and advertised: "If anyone wishes it [the exe file], send me a PM [private message] and I'll gladly send it your way." Plaintiff is informed and believes, and therefore alleges, that the term "exe file" is shorthand for "executable file," which is a file containing a computer program.

32. Plaintiff is informed and believes, and therefore alleges that on June 16 and June 17, 2007, Stottlemire posted comments on the Coupon Queen Forum containing further instructions and troubleshooting suggestions for downloading the Circumvention Software.

33. Plaintiff is informed and believes, and therefore alleges, that Stottlemire and Defendants advertised, offered to transfer, and did transfer the Circumvention Method and Circumvention Software for the purpose of gaining unauthorized access by particular computers to offered coupons and printing more coupons than Plaintiff's security features allow.

34. Plaintiff is informed and believes, and therefore alleges, that Stottlemire and Defendants were aware that Plaintiff authorizes each uniquely identified computer to print only a limited number of authentic and copyrighted uniquely identified coupons in a particular coupon offer, that Stottlemire and Defendants had seen the message that appears on computer screens stating that the print limit has been reached once a coupon in a particular coupon offer has been printed the authorized number of times, and that Stottlemire and Defendants were aware that in general, coupon printing limitations are in place in the Internet coupon industry.

35. Plaintiff is informed and believes, and therefore alleges, that Stottlemire's Circumvention Method and Circumvention Software allowed an individual uniquely identified

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

1  computer to gain repeated and unauthorized access to Plaintiff's coupons beyond the device limits
2  set by Plaintiff's security measures.

3  36.  Plaintiff is informed and believes, and therefore alleges, that Stottlemire and
4  Defendants were aware that many of Plaintiff's coupons state that they are "void if reproduced"
5  or "void if copied."

6  37.  Plaintiff is informed and believes, and therefore alleges, that over the next 30 days
7  Stottlemire responded to queries and posted troubleshooting instructions on the Coupon Queen
8  Forum to assist users who were experiencing difficulties using the Circumvention Software to
9  remove Plaintiff's security features.

10  38.  Plaintiff is informed and believes, and therefore alleges, that in or about June,
11  2007, Stottlemire and Defendants made a version of the Circumvention Software available for
12  download from a webpage within the Coupon Queen Forum
13  (www.thecouponqueen.net/couponscom.cfm) (the "Circumvention Webpage").  The
14  Circumvention Webpage featured a link stating "Ms file (couponqueen.zip) must be downloaded
15  and installed first."  The link was placed above a coupon layout which was substantially identical
16  to Plaintiff's Coupon Grid offered at Plaintiff's website.

17  39.  Plaintiff is informed and believes, and therefore alleges, that Stottlemire and
18  Defendants designed, and offered on the Circumvention Website, a version of the Circumvention
19  Software to remove Plaintiff's security features and allow a unique computer to gain repeated
20  unauthorized access to Plaintiff's coupon offers, and to obtain additional uniquely identified
21  coupon prints beyond the device limits for such coupons.

22  40.  Plaintiff is informed and believes, and therefore alleges, that Stottlemire and
23  Defendants' conduct was for the express purpose of enabling a uniquely identified computer to
24  gain unauthorized access to Plaintiff's coupon offers, and to print more copies of authentic
25  coupons than Plaintiff's security features allowed and to aid others in such unauthorized
26  activities.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

THIRD AMENDED COMPLAINT /                   - 8 -                                    22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

41. Plaintiff is informed and believes, and therefore alleges, that Stottlemire posted his Circumvention Software and Circumvention Method on his Coupon Queen website, on which he also advertises coupons for sale in exchange for a handling fee.

42. Plaintiff subsequently incorporated a license agreement into the coupon printer software download, which appears before consumers can download the coupon printer software and notifies the consumer that the software allows the printing of only a limited number of authentic uniquely identified prints of copyrighted coupons. Even after this agreement was in place, Stottlemire and Defendants continued to offer and provide updated circumvention methods for identifying and removing Plaintiff's technological measures intended to prevent unauthorized access and printing of coupons. These actions include but are not limited to a posting by Stottlemire on December 6, 2007 entitled, "Uninstalling the Coupon Printer from Coupons, Inc." and an additional posting on December 19, 2007.

43. Plaintiff invested a substantial amount of time, labor, and skill in developing its copyrighted coupons and its coupon printing software and security features, which serve to preserve the value and integrity of the coupons.

44. Stottlemire's and Defendants' Circumvention Method and Circumvention Software wrongfully misdirected Plaintiff's coupons to Stottlemire and others using his Circumvention Method and Circumvention Software, thereby interfering in the intended distribution of the coupons and depleting the campaign limits for these coupons. Stottlemire's and Defendants' actions negatively impacted the scope of the promotional campaign and reduced the value of Plaintiff's coupon distribution and print limitation system.

45. Stottlemire's and Defendants' acts described above have greatly and irreparably harmed Plaintiff because these acts undermined confidence in Plaintiff's technology, led to unfavorable publicity, required Plaintiff's management to expend time and resources responding to industry concerns, required Plaintiff to undertake expensive and time-consuming corrective measures updating its print limitation software to eliminate the effectiveness of Stottlemire's Circumvention Method and Circumvention Software, and caused Plaintiff to expend attorneys fees and costs in efforts to protect the integrity of its system.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT / - 9 - 22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

# FIRST CAUSE OF ACTION

(Digital Millennium Copyright Act, 17 U.S.C. § 1201(a))

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. By the acts described above, Stottlemire and Defendants have intentionally circumvented technological measures that effectively control access to Plaintiff's copyrighted works.

48. By the acts described above, Stottlemire and Defendants have intentionally manufactured, offered to the public, and provided a service, method, and technology primarily designed and produced for the purpose of circumventing technological measures that effectively control access to copyrighted works, thereby allowing users to remove or impair Plaintiff's technological measures and thereby to gain unauthorized access to Plaintiff's copyrighted works.

49. Plaintiff's system and security features, in the ordinary course of their operation, control access to copyrighted coupons by a uniquely identified computer, allowing access only if that particular computer has the proper registry keys in place and that computer has not already obtained its pre-determined number of coupons in a particular coupon offer.

50. Plaintiff's system controls access by a uniquely identified computer to a coupon for purposes of printing a limited number of authentic and uniquely identified coupons in each coupon offer. For any particular coupon offer, all of the coupons are subject to the same copyright; however, each copy of the copyrighted coupons contains the unique identifier, which serves to mark that coupon as an authentic copy within the offer.

51. Stottlemire's and Defendants' Circumvention Software and Circumvention Method allowed uniquely identified computers to gain repeated unauthorized access to Plaintiff's coupon offers and authentic coupon copies, despite the fact that Plaintiff's security features would have otherwise blocked access by that particular computer.

52. Stottlemire and Defendants manufactured and offered the Circumvention Method and Circumvention Software for the express purpose of circumventing Plaintiff's security

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT / USDC/NDC/SJ 5:07-CV-03457 HRL - 10 - 22675\1641354.1

1 measures to allow a uniquely identified computer to gain repeated, unauthorized access to coupon

2 offers.

3     53.    Plaintiff makes clear on web screens, on the coupons themselves, and through a

4 licensing agreement, that access by a computer to an unlimited number of coupons is not

5 authorized. Stottlemire and Defendants knew that limitations on printing coupons from the

6 Internet are generally in place, and knew of Plaintiff's strict limitations on access by individual

7 computers to coupons, and nevertheless created and offered a method, service, and technology to

8 provide access through individual computers to the copyrighted coupons beyond what was

9 authorized.

10     54.    The conduct described above has injured Plaintiff and constitutes a violation of 17

11 U.S.C. § 1201(a).

12     55.    Plaintiff is entitled to an injunction, statutory damages in the amount of up to

13 $2,500 per act of circumvention, or actual damages, and an award of attorneys' fees and other

14 costs as provided under 17 U.S.C. § 1203.

## SECOND CAUSE OF ACTION

(Digital Millennium Copyright Act, 17 U.S.C. § 1201(b))

17     56.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though

18 fully set forth herein.

19     57.    By the acts described above, Stottlemire and Defendants have intentionally

20 manufactured, offered to the public, and provided a service, method, and technology primarily

21 designed and produced for the express purpose of circumventing protection afforded by

22 technological measures that effectively protect Plaintiff's rights under copyright. Plaintiff's

23 rights include the rights to control reproduction and to control distribution of its copyrighted

24 works.

25     58.    For each coupon offer, Plaintiff implements a maximum number of coupon prints

26 available and a maximum number that can be obtained by any individual computer. For example,

27 the system might only allow a certain coupon to be produced 10,000 times. From this 10,000,

28 Plaintiff's system only allows a uniquely identified computer to obtain a limited number of

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT /      - 11 -      22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

1  coupon prints, usually two. In this way, Plaintiff controls the distribution of the limited number
2  of authenticated copies of each copyrighted coupon offer across the online community.

3  59. If Plaintiff's security features grant a computer access to a certain coupon offer,
4  plaintiff's security features also function to limit that computer to, generally, two prints of an
5  authentic copy of that coupon out of the limited coupon offer.

6  60. Stottlemire's and Defendants' Circumvention Method and Circumvention
7  Software allowed a uniquely identified computer to obtain additional unauthorized prints of
8  authentic copies beyond the device limits set by Plaintiff, and thereby removed the security
9  features that Plaintiff implemented to control distribution of its coupons.

10 61. Stottlemire and Defendants manufactured and offered the Circumvention Method
11 and Circumvention Software for the express purpose of circumventing Plaintiff's security
12 measures to allow an individual computer to obtain additional authentic coupon prints beyond the
13 number authorized by Plaintiff.

14 62. The conduct described above has injured Plaintiff and constitutes a violation of 17
15 U.S.C. § 1201(b).

16 63. Plaintiff is entitled to an injunction, statutory damages in the amount of up to
17 $2,500 per act of circumvention, or actual damages, and an award of attorneys' fees and other
18 costs as provided under 17 U.S.C. § 1203.

### THIRD CAUSE OF ACTION
(Unlawful Business Practices, Calif. Bus. & Prof. Code § 17200 et seq.)

21 64. Plaintiff realleges and incorporates by reference paragraphs 1 through 63 as though
22 fully set forth herein.

23 65. By the acts described above, Stottlemire and Defendants have engaged in unlawful
24 and unfair business practices and have performed unfair, deceptive and misleading acts that have
25 irreparably injured, and threaten to continue to injure, Plaintiff in its business and property.

26 66. Stottlemire and Defendants operate and run the Coupon Queen Forum website, a
27 business in which they advertise and distribute coupons for sale in exchange for a handling fee. It

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

was on this Coupon Queen Forum website that Stottlemire and Defendants also advertised, posted, and distributed the Circumvention Method and Circumvention Software.

67. Stottlemire's and Defendants' acts have greatly and irreparably harmed Plaintiff because these acts undermined confidence in Plaintiff's technology, required Plaintiff to undertake expensive and time-consuming corrective measures, required management to expend time and resources responding to industry concerns, and required Plaintiff to expend attorneys fees and costs to protect their system.

68. As a consequence, Plaintiff is entitled, under Sections 17200 and 17203 of the California Business and Professions Code, to an injunction, restitution and attorneys fees as set forth below.

**FOURTH CAUSE OF ACTION**

(Common Law Unfair Competition)

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 68 as though fully set forth herein.

70. Stottlemire's and Defendants' acts described above constitute unfair competition in violation of the common law of the State of California.

71. Stottlemire and Defendants appropriated and used Plaintiff's coupons, the coupon printing software and system, and Plaintiff's server in a manner that was not authorized by Plaintiff, at little or no cost to Stottlemire or Defendants, and at great cost to Plaintiff and its system. Stottlemire and Defendants promoted the Circumvention Method and Circumvention Software over their Coupon Queen Forum.

72. Plaintiff has invested substantial time, skill, and money in developing its coupons and the system to regulate and distribute these coupons. Stottlemire's and Defendants' acts reduced the value of Plaintiff's system, reduced the number of coupons available to others, undermined confidence in Plaintiff's technology, required Plaintiff to undertake expensive corrective measures, required management to spend time and resources responding to industry concerns, and required Plaintiff to expend attorneys fees and costs to protect their system.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT / USDC/NDC/SJ 5:07-CV-03457 HRL - 13 - 22675\1641354.1

73.     Stottlemire and Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

**FIFTH CAUSE OF ACTION**

(Trespass to Chattels)

74.     Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

75.     By the acts described above, Stottlemire and Defendants committed the tort of trespass to chattels in violation of the common law of California.

76.     Stottlemire and Defendants intentionally and wrongfully meddled with Plaintiff's property and Plaintiff suffered damages by reason of the impairment and loss of its use. Stottlemire and Defendants wrongfully meddled with Plaintiff's server causing it to send more than the authorized number of coupons to an individual computer.

77.     This wrongful, intentional, and unauthorized interference with Plaintiff's interest in its coupons, its coupon printing software, and its coupon system and server resulted in damage to Plaintiff because it was beyond the scope of the limited consent given to individual computers to access the coupon system and obtain coupon prints.

78.     The trespass diminished the condition, quality, and value of Plaintiff's coupons, its server, and its coupon printing system because it depleted the number of limited coupons available in a particular advertising campaign, it reduced the scope of the promotional campaign for each type of coupon, and it bypassed the critical print limit set by Plaintiff for its coupons, which is a substantial factor in the value of Plaintiff's system.

79.     Stottlemire and Defendants' acts have greatly and irreparably damaged Plaintiff and will continue to so damage Plaintiff unless enjoined by this Court. Plaintiff is without an adequate remedy at law and is entitled to injunctive relief in addition to damages, in an amount to be proved at trial.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT / USDC/NDC/SJ 5:07-CV-03457 HRL     - 14 -     22675\1641354.1

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That the Court order Stottlemire and Defendants to pay to Plaintiff the maximum amount of statutory damages available under 17 U.S.C. § 1203(c)(3)(A) in an amount of $2,500 per violation of 17 U.S.C. § 1201, as measured by acts of circumvention, offers, or performance of services; or, if Plaintiff so elects, in the alternative, that the Court order Stottlemire and Defendants to pay Plaintiff actual damages, including but not limited to Plaintiff's cost of taking corrective measures and other actual damages suffered, and any profits of Stottlemire and Defendants attributable to the violations.

2. That the Court order Stottlemire and Defendants to pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements pursuant to 17 U.S.C. § 1203(b), which are currently in excess of $75,000;

3. That the Court order that, during the pendency of this action, Stottlemire and Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Stottlemire and Defendants be enjoined and restrained from destroying, modifying, defacing, or concealing any evidence likely to be relevant in this case;

4. That the Court order that Stottlemire and Defendants, and all of their agents, partners, servants, employees, and all others in active concert or participation with Stottlemire and Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from manufacturing, offering to the public, and providing technology primarily designed for the purpose of circumventing technological measures that effectively control access to Plaintiff's coupons;

5. That the Court order Stottlemire and Defendants to deliver to Plaintiff all copies of the Circumventing Software, as well as all unauthorized coupon prints created and printed through use of the Circumvention Method and the Circumvention Software (including but not limited to electronic files or images of coupons) in the possession of Stottlemire and Defendants;

6. That the Court order Stottlemire and Defendants to deliver to Plaintiff all documents, files, lists, or correspondence reflecting the identities of, and contact information for,

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

22675\1641354.1

1 the persons to whom Stottlemire or Defendants provided technology primarily designed for the
2 purpose of circumventing technological measures that effectively control access to and
3 distribution of Plaintiff's coupons;

4     7. That the Court order Stottlemire and Defendants to file with the Court and serve
5 on Plaintiff an affidavit setting forth in detail the manner and form in which they have complied
6 with the terms of the injunction;

7     8. That the Court order Stottlemire and Defendants to provide restitution for their
8 unlawful business practices, measured by their advertising expenditures and/or profits; and

9     9. That the Court grant such other and further relief as the Court deems just and
10 equitable.

11 Dated: July 22, 2008                        FARELLA BRAUN & MARTEL LLP

13                                       By: /s/ Dennis M. Cusack
14                                            Dennis M. Cusack

15                                            Attorneys for Plaintiff
                                           COUPONS, INC.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

THIRD AMENDED COMPLAINT /    - 16 -   22675\1641354.1
USDC/NDC/SJ 5:07-CV-03457 HRL

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury of all issues triable by a jury.

Dated: July 22, 2008

Respectfully submitted,

FARELLA BRAUN & MARTEL LLP

By: /s/ Dennis M. Cusack
Dennis M. Cusack

Attorneys for Plaintiff
COUPONS, INC.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400