John A. Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN STOTTLEMIRE, and DOES 1-10, ) <br> ) <br> Defendant ) <br> ) <br> ) <br> ) <br> ) | Case No. 5:07-cv-03457 HRL <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> Date: November 4, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 2, 5th Floor <br> Judge: Hon. Howard R. Lloyd |

**NOTICE**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 4, 2008, at 10:00 a.m., before the Honorable Howard R. Lloyd, United States Magistrate Judge, in Courtroom 2, 5th Floor, 280 South 1st Street, San Jose, California the following Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure will be heard.

**MOTION**

Pursuant to Federal Rules of Civil Procedure 11(c)(2), Defendant John Stottlemire hereby moves the Court to determine if Federal Rules of Civil Procedure 11(b) has been violated on the grounds that Coupons, Inc, by and through counsel, has filed with the Court, in violation of Rule 11(b) of the Federal Rules of Civil Procedure, a Third Amended Complaint that contains claims, factual contentions and allegations which have no evidentiary support and have not been specifically identified to have evidentiary support after a reasonable opportunity for further

investigation or discovery, and that Coupons, Inc. and its counsel, within 5 days after service of the instant motion, have failed to withdraw such Third Amended Complaint, including such claims, contentions and allegations.

Additionally, pursuant to Federal Rules of Civil Procedure 11(c)(2), Defendant John Stottlemire hereby moves the Court to determine if Federal Rules of Civil Procedure 11(b) has been violated on the grounds that Coupons, Inc., by and through counsel, has filed with the Court, in violation of Rule 11(b) of the Federal Rules of Civil Procedure, a Third Amended Complaint which has been presented to the Court for an improper purpose, and that Coupons, Inc. and its counsel, within 5 days after service of the instant motion, have failed to withdraw such Third Amended Complaint.

Finally, pursuant to Federal Rules of Civil Procedure 11(c)(2), Defendant John Stottlemire hereby moves the Court for an award of the reasonable expenses incurred as a result of this immediate motion.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities in support.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether sanctions against Plaintiff, their counsel and the law firm Farella Braun & Martel LLP are appropriate in light of their submission of a third amended complaint that is based on misleading and false allegations which have no evidentiary support and are not specifically identified to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Dated: August 11, 2008

John A. Stottlemire, *pro se*
33103 Lake Garrison St
Fremont, CA 94555
jstottl@comcast.net
(614) 358-4185

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **INTRODUCTION AND SUMMARY** |
| 3 | Duty of candor, these three words are essential to preserving public confidence in our |
| 4 | system of justice. Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") mandates the duty |
| 5 | of candor an attorney or unrepresented party has to the Court and exists to deter attorneys or |
| 6 | unrepresented parties from presenting claims based on factual allegations which have no |
| 7 | evidentiary support. Coupons, Inc. ("Plaintiff"), by and through its counsel, Dennis Cusack |
| 8 | ("Cusack"), has filed with the Court a Third Amended Complaint ("TAC") that violates Rule 11 in |
| 9 | this respect and warrants an award of sanctions. Moreover, despite notice under the "safe harbor" |
| 10 | provision of Rule 11, Plaintiff and Cusack have refused to withdraw the TAC. Because the TAC |
| 11 | contains false allegations which are factually and legally groundless, the Court should impose |
| 12 | appropriate sanctions against Plaintiff and/or Cusack to deter Plaintiff and Cusack from engaging |
| 13 | in such egregious misconduct in the future. |
| 14 | As the attorney who signed the TAC, Cusack submitted and file with the Court a TAC for |
| 15 | violations of 17 U.S.C. § 1201(a), 17 U.S.C. § 1201(b) and other related State Law Claims on |
| 16 | behalf of Plaintiff in this action. By doing so, Cusack certified that "to the best of [his] knowledge, |
| 17 | information, and belief, formed after an inquiry reasonable under the circumstances…the |
| 18 | allegations and other factual contentions [in the TAC] have evidentiary support." Federal Rules of |
| 19 | Civil Procedure 11(b)(3). |
| 20 | Unfortunately, Plaintiff's TAC attempts to satisfy pleading requirements which would |
| 21 | survive a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) by making a |
| 22 | false claim. Specifically, Plaintiff claims its security "features block an individual computer's |
| 23 | access to a particular coupon offer altogether if that computer does not have proper registry keys in |
| 24 | place (has not previously been identified as a unique computer)" (TAC ¶ 15). This false claim is |
| 25 | antithetical to the gravaman of Plaintiff's claim, by erasing the registry keys deposited on a |
| 26 | computer by the Plaintiff, "Stottlemire and Defendants have intentionally manufactured, offered to |
| 27 | the public, and provided a service, method and technology…to gain unauthorized access to |
| 28 | Plaintiff's copyrighted works" (TAC ¶ 48) and is clearly a violation of Rule 11. |

Defendant's Motion for Sanctions Pursuant to FRCP 11(c)(2)
No. 5:07-cv-03457 HRL - 1 -

## PROCEDURAL HISTORY

Plaintiff filed its Complaint with this Court on July 2, 2007 alleging violations of the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 1201 and related state law claims against defendants John Stottlemire and Does 1-10 (collectively "Defendant").

Defendant filed an Administrative Motion to Extend Time to Answer the Complaint on July 24, 2007 which was granted in part by this Court, granting Defendant until September 24, 2007 in which to answer Plaintiff's complaint.

Plaintiff filed its First Amended Complaint ("FAC") on August 29, 2007 and again alleged violations of the DMCA and related state law claims against Defendant.

Defendant filed responsive pleadings to the FAC on September 24, 2007. The responsive pleadings included Defendant's Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted, or in the alternative, for Summary Judgment and its supporting Memorandum of Points and Authorities. Plaintiff filed its Opposition to Defendant's responsive pleadings on November 13, 2007. Defendant filed his Reply to Opposition to Defendant's responsive pleadings on November 20, 2007. The Court, being fully briefed and hearing the responsive pleadings on December 4, 2007, granted in part Defendant's Motion to Dismiss and dismissed the First Amended Complaint with leave to amend on December 12, 2007. The Court gave Plaintiff until January 2, 2008 to file a Second Amended Complaint.

Plaintiff filed its Second Amended Complaint ("SAC") on December 27, 2007 and alleged violations of the DMCA, specifically 17 U.S.C. § 1201(a) and 17 U.S.C. § 1201(b); and related state law claims against Defendant.

Defendant filed an Administrative Motion to Extend Time to Answer the Second Amended Complaint on January 14, 2008 which was granted in part by this Court, granting Defendant until February 26, 2008 in which to answer Plaintiff's SAC.

Defendant filed responsive pleadings to the SAC on February 26, 2008. The responsive pleadings included Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim upon which Relief May Be Granted and it's supporting Memorandum of Points and Authorities. On March 25, 2008 *Amicus Curiae* EFF ("*Amicus Curiae*") filed Leave to

File Amicus Curiae Brief in Support of Defendant's Motion to Dismiss concurrently with Brief Amicus Curiae of Electronic Frontier Foundation in Support of Defendant's Motion to Dismiss. This Court granted *Amicus Curiae* Motion for Leave to File Amicus Curiae Brief in Support of Defendant's Motion to Dismiss on March 31, 2008. Plaintiff and Defendant filed a Stipulation to Extend Time to File Opposition and Reply to Motion to Dismiss on March 28, 2008 which was granted by this Court on March 31, 2008 granting Plaintiff until April 4, 2008 to file its opposition to Defendant's Motion to Dismiss including any response to the proposed amicus brief filed by *Amicus Curiae* and granting Defendant until April 11, 2008 to reply to Plaintiff's opposition. The Court also, on the Court's own Motion, continued the hearing on Defendant's Motion to Dismiss until May 6, 2008. On April 3, 2008, *Amicus Curiae*, Defendant and Plaintiff filed a Stipulation, which was granted by the Court, to continue the hearing on Defendant's Motion to Dismiss until May 13, 2008.

The Court, being fully briefed and hearing the responsive pleadings on May 13, 2008 granted in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim on which Relief May Be Granted on July 2, 2008 and dismissed Plaintiff's SAC First Cause of Action with leave to amend; dismissed Plaintiff's SAC Third Cause of Action with leave to amend; dismissed Plaintiff's SAC Fourth Cause of Action with leave to amend; and dismissed Plaintiff's SAC Fifth Cause of Action, Conversion, without leave to amend. The Court further ordered Plaintiff file an Amended Complaint by July 22, 2008.

Plaintiff filed its Third Amended Complaint ("TAC") on July 22, 2008 and alleged violations of the DMCA, specifically 17 U.S.C. § 1201(a) and 17 U.S.C. § 1201(b); and related state law claims against Defendant.

Defendant filed an Administrative Motion to Extend Time to Answer the Third Amended Complaint on July 28, 2008 which was granted in part by this Court, granting Defendant until October 6, 2008 in which to respond to Plaintiff's TAC. The Court, as a part of granting Defendant's Administrative Motion to Extend Time to Answer the Third Amended Complaint, shortened the safe harbor period provided under Federal Rules of Civil Procedure Rule 11 to five days.

## STATEMENT OF RELEVANT FACTS

Plaintiff offers coupons for many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies and Internet portals, to consumers over the Internet. These coupons are offered by Plaintiff's clients from Plaintiff's clients' websites, online banner ads and targeted e-mails. Plaintiff also offers a sampling of coupons on its own website (TAC ¶¶ 10, 11).

To print a coupon from a website, online banner ad or targeted e-mail belonging to one of Plaintiff's clients or to print a coupon directly from Plaintiff's website, consumers are required to download and install Plaintiff's coupon printer software using standard techniques for installing plug-ins from Plaintiff's website (TAC ¶¶ 16, 21). After installing Plaintiff's coupon printer software from Plaintiff's website, Plaintiff assigns the particular computer in which the software was installed a unique identifier and identifies the computer as unique (TAC ¶ 16). This unique identifier is stored within the Microsoft Windows registry as registry keys and in hidden files on the computer.[1]

During the month of May 2007, Defendant posted instructions on two different online forums which would erase all Microsoft Windows registry keys and hidden files deposited on a computer by Plaintiff. The Microsoft Windows registry keys and hidden files which would have been deleted by instructions provided by Defendant included the unique identifier Plaintiff stored within the Microsoft Windows registry and hidden files which Plaintiff uses to identify a computer as unique. Instructions posted by the Defendant would not have made any other changes to a consumer's computer other than erasing the Microsoft Windows registry keys and hidden files deposited on the consumer's computer by Plaintiff. Over the course of the next several months,

---

[1] Plaintiff's TAC ¶ 15 states "features block an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place (has not previously been identified as a unique computer)" and although Plaintiff's security features do not block access as stated; when Plaintiff identifies a computer as unique, Plaintiff causes the unique identifier to be stored in the Microsoft Windows registry.

1 Defendant continued to update the posted instructions each time Plaintiff changed the names of the
2 Microsoft Windows registry keys or the hidden files Plaintiff stored on the consumer's computer.
3 Each time a consumer would follow the instructions provided by Defendant, the Microsoft
4 Windows registry keys and the hidden files deposited by Plaintiff would be completely removed,
5 they simply would no longer exist. As a result of this, the next time a consumer who would follow
6 Defendant's instructions attempted to print a coupon from Plaintiff's website, or a website, online
7 banner ad or targeted email belonging to one of Plaintiff's clients, Plaintiff would assign the
8 consumer's computer a unique identifier and store that unique identifier in Microsoft Windows
9 registry keys and hidden files, again identifying that computer as unique.

## THE FALSE ALLEGATIONS IN THE TAC

11 Plaintiff falsely claims its security features "block an individual computer's access to a
12 particular coupon offer *altogether* if that computer does not have the proper registry keys in place
13 (has not previously been identified as a unique computer)" (emphasis added) (TAC ¶ 15). While
14 Plaintiff stores information in the Microsoft Windows Registry which identifies a computer
15 uniquely as they have claimed, Plaintiff obviously does not block access if that computer has not
16 been previously identified as unique. A computer that has not been identified as unique would not
17 have the proper registry keys in place.
18 Under Plaintiff's claim it would be impossible for consumers who had never printed a
19 coupon from Plaintiff's website to gain access to Plaintiff's coupons and print the coupons.
20 Fundamentally, these consumers would not have the "proper registry keys in place" as there has
21 never been an opportunity for Plaintiff to identify them as a unique computer and create the proper
22 registry keys. The answer to this question can be found elsewhere in Plaintiff's TAC: "When a
23 consumer first request a coupon from a website, Plaintiff delivers to the consumer's computer a
24 security feature in the form of a unique identifier" (TAC ¶ 16). This, without doubt, is exactly how
25 Plaintiff's security feature works: The security features inspects the Microsoft Windows Registry
26 to determine if the "proper registry keys [are] in place"; if "that computer does not have the proper
27 registry keys in place" Plaintiff "delivers to the consumer's computer a security feature in the form
28 of a unique identifier" and stores the unique identifier in the Microsoft Windows Registry and then

Defendant's Motion for Sanctions Pursuant to FRCP 11(c)(2)
No. 5:07-cv-03457 HRL                - 5 -

1  provides access to Plaintiff's coupons.  At no point does the security feature "block an individual
2  computer's access" in the absence of the "proper registry keys", the security features simply create
3  the proper registry keys without any opportunity for the consumer to intervene.

Plaintiff's flagrant disregard of the truth is most obvious in Plaintiff's claims against Defendant.  The gravaman of Plaintiff's claim here is that Defendant created, utilized, offered and distributed software which erased the "proper registry keys" that identified a computer as unique thereby, Defendant "allowed an individual uniquely identified computer to gain repeated unauthorized access to the same coupon offers" (TAC ¶ 27) and as a result of that access, "also allowed such a computer to obtain additional, unauthorized numbers of uniquely identified coupon prints" (Id.)  Plaintiff claims in its TAC that the security features block access altogether to the particular coupon offer if that computer does not have the proper registry keys in place, however the Court is also to believe that by erasing the proper registry keys Defendant allowed the computer to gain access to the coupon offer.  These two claims are exact opposite to one another and it is obviously impossible for both of them to be true.

Plaintiff claims its security measures block access altogether when a computer, operated by a consumer has not been identified as unique.  The notion that any part of this statement holds truth is simply absurd.  If the statement were true, how would it be possible for anyone who has never printed a coupon from Plaintiff's website to gain access to Plaintiff's coupons? It would be equally impossible, if Plaintiff blocked access altogether when a computer was not identified as unique, for a consumer to gain access to Plaintiff's coupons after using the method Defendant created, described and distributed; the very reason Plaintiff has filed this claim against the Defendant.

## ARGUMENT

Plaintiff makes a false claim to satisfy the pleading requirements of the Federal Rules of Civil Procedure to bring its First Cause of Action against Defendant, an alleged violation of 17 U.S.C. § 1201(a) and sanctions are warranted pursuant to Federal Rules of Civil Procedure Rule 11.

Rule 11 provides, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney…is *certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,… the allegations and other factual contentions have evidentiary support.* Fed.R.Civ.P.11 (b)(3) (emphasis added).

Sanctions must be imposed on any party, attorney, or law firm that has violated Rule 11(b) or is responsible for the violation. Fed.R.Civ.P.11(c)(1)(A) ("Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees."); see also Rule 11 Advisory Committee Notes (1993) ("Since … a [sanctions] motion may be filed only if the offending paper is not withdrawn or corrected within 21 days after service of the motion, it is appropriate that the law firm ordinarily be viewed as jointly responsible under established principles of agency."); *Religious Technology Center v. Gerbode*, No. CV 93-2226 AWT, 1994 WL 228607, at \*\*4-5 (C.D. Cal. May 2, 1994) (discussing imposition of sanctions against parties, law firms, and co-counsel).

As described by the Supreme Court, the

> "central purpose of Rule 11 is to deter baseless filings in District Court and thus … streamline the administration and procedure of the federal courts … Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy … any interpretation must give effect to the Rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 at 393 (1990).

Designed for deterrence, the Rule is governed by an objective standard of reasonableness; no showing of subjective intent or bad faith is required. *Truesdell v. S. Cal. Permanente Medical Group*, 209 F.R.D. 169 at 173-174 (C.D. Cal. 2002).

By requiring certification that a pleading's allegations and factual contentions have evidentiary support, Rule 11 imposes three related obligations on counsel. First, counsel must conduct a reasonable investigation into the factual allegations. *See generally Estate of Blue v. County of Los Angeles*, 120 F.3d 982 at 985 (9th Cir. 1997). Second, counsel must act reasonably in the face of the results of the investigation. *See Schrag v. Dinges*, 73 F.3d 374 (Table), 1995 WL 675475, at \*12 (10th Cir. Nov. 14, 1995); *see also id.* at \*15 ("Rule 11 requires that an attorney act reasonably based on the information he learns from a prefiling investigation into the facts … If, after inquiry, the facts do not support the claims, counsel should not sign the complaint.") (citations omitted); *Navarro-Ayala v. Nunez,* 968 F.2d 1421 at 1426 (1st Cir. 1992) ("The duty of

reasonable inquiry perforce requires that the signer of a pleading act upon knowledge he acquires.").

Third – and axiomatically – counsel must not misrepresent the results of his investigation to the Court. Indeed, the law on this point is unmistakable: filing a pleading containing false allegations is grounds for sanctions under Rule 11. *See, e.g., Truesdell v. S. Cal. Permanente Medical Group,* 293 F.3d 1146 at 1153-54 (9th Cir. 2002) (upholding sanctions against counsel under Rule 11 where complaint stated allegations that counsel "must have known were false" based on his representation of another client); *Schrag,* 1995 WL 675475 at *13 (counsel's filing of amended complaint containing allegations "that even a cursory reading of the management agreement [on which the complaint was based] would show to be false" violated Rule 11); *Navarro-Ayala v. Nunez,* 968 F.2d at 1421 at 1426 (defendant's signature on pleading "that he had reason to believe was both incorrect and misleading" warranted imposition of sanctions under Rule 11); *Peerless Industries Paint Coatings, Co. v. Canam Steel Corporation,* 979 F.2d 685 at 686-87 (8th Cir. 1992) (upholding Rule 11 sanctions against counsel where pleadings misstated known, relevant facts); *Avirgan v. Hull*, 932 F.2d 1572 at 1581-82 (11th Cir. 1991) (upholding sanctions against counsel who filed affidavit outlining purported testimony of 79 witnesses, where witnesses "later stated under oath that they did not know [plaintiffs' counsel], had never spoken to him, or flatly denied the statements he had attributed to them in his affidavit"); *Methode Electronics v. Adam Technologies, Inc.*, No. 03-C-2971, 2003 WL 21799934 at *11 (N.D. Ill. July 25, 2003), *aff'd*, 371 F.3d 923 (7th Cir. 2004) (Rule 11 sanctions against counsel warranted where complaint contained false venue allegation in effort to deceive court and litigate in convenient forum); *Truesdell*, 209 F.R.D. at 177 (imposition of Rule 11 sanctions against counsel "independently justified" by fact that counsel filed complaint containing claim that he must have known was false, by virtue of his representation of another client); *Zatko v. Rowland,* 835 F. Supp. 1174 at 1181-82 (N.D. Cal. 1993) (sanctioning *pro se* plaintiff under Rule 11 for filing a complaint containing untrue factual allegations and material misrepresentations); *Balfour Guthrie, Inc. v. Hunter Marine Transport, Inc.*, 118 F.R.D. 66 at 76 (M.D. Tenn. 1987) (sanctioning plaintiff and its counsel under Rule 11 for filing complaint after pre-filing investigation "disclosed facts that only exculpated

defendant"). As the United States Court of Appeals for the Second Circuit has aptly noted, "the creativity of an attorney may not transcend the facts of a given case; counsel in his attempts at creativity concocted "facts" that were not well grounded, and therefore exceeded the bounds of conduct acceptable of members of the bar of this court as well as those incorporated in Fed. R. Civ. P. 11." *Levine v. FDIC*, 2F.3d 476 at 479 (2nd Cir. 1993).

Here, Defendant has successfully challenged Plaintiff's claim for relief pursuant to 17 U.S.C. § 1201(a) twice in the past year. Most recently, the Electronic Freedom Foundation, *amicus curiae* ("EFF") argued "because [Plaintiff's] consumers have access to coupons (typically two per computer) … the allegations pertain only to § 1201(b) (the provision dealing with use of protected works, i.e., "rights controls") and not to § 1201(a) (the provision addressing "access controls") (*Coupons, Inc. v. Stottlemire*, Order on Defendant's Motion to Dismiss Second Amended Complaint, CV 07-03457 HRL, July 2, 2008, Pgs 3,4). The Court accepted this argument and dismissed with leave to amend, Plaintiff's First Cause of Action in the Second Amended Complaint. The Court noted "as the SAC currently stands, the only viable asserted claim is under § 1201(b) "rights controls" i.e. allowing people to print more than the authorized number of copies. If [Plaintiff] wishes to assert a claim under the newly argued § 1201(a) "unique coupons" / "access controls" theory, it may do so in the amended complaint" (Id at Pg 5).

In the light of the Court's decision, Plaintiff indeed amended its SAC. Plaintiff filed a TAC on July 22, 2008. The TAC filed by Plaintiff again alleges Defendant violated 17 U.S.C. § 1201(a) and that Plaintiff is entitled to relief as a result of that violation. In an attempt to escape arguments that Plaintiff is not entitled to protection under 17 U.S.C. § 1201(a) made previously before the Court, Plaintiff falsely claims that its security features "block an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place (has not previously been identified as a unique computer)" (TAC ¶ 15). With this false claim it becomes difficult for the Defendant to move the Court for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). The Court's posture that "all material factual allegations should be accepted as true and construed in the light most favorable to the nonmoving party" *Cahill v. Liberty Mutual Insurance Company*, 80 F.3d 336 at 337-38 (9th Cir. 1996)

1 requires the Court accept Plaintiff's false claim as true and Plaintiff would be allowed to proceed
2 with its claim against Defendant for allegedly violating 17 U.S.C. § 1201(a).

3  The Court has dismissed, upon motion of the Defendant, Plaintiff's claim for relief
4 pursuant to 17 U.S.C. 1201(a) twice. In an attempt to survive yet another dismissal, Plaintiff
5 falsely claims it blocks access to its coupons "altogether" if Microsoft Windows Registry keys are
6 non-existent. By making this false claim, sanctions are warranted under Federal Rules of Civil
7 Procedure Rule 11.

## CONCLUSION

For the foregoing reasons, Defendant respectfully moves the Court to sanction Plaintiff, Coupons, Inc., its attorney Dennis Cusack and the law firm Farella Braun & Martel, LLP for violations of Rule 11(b)(3) of the Federal Rules of Civil Procedure, committed by Dennis Cusack and Coupons, Inc.

# **CERTIFICATE OF SERVICE**

I certify that on August 18, 2008 I served John Stottlemire's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure on the following parties by email at the following address:

> Dennis Cusack
> Farella Braun & Martel LLP
> 235 Montgomery Street, 17th Floor
> San Francisco, CA 94104
> dcusack@fbm.com

I further certify that on August 23, 2008, I served John Stottlemire's Notice of Motion and Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure on the following parties by depositing the Motion with the United States Postal Service and mailing the Motion to the following address:

> Dennis Cusack
> Farella Braun & Martel LLP
> 235 Montgomery Street, 17th Floor
> San Francisco, CA 94104

/s/
33103 Lake Garrison St
Fremont, CA 94555
John A Stottlemire, *pro se*