John A. Stottlemire
33103 Lake Garrison Street
Fremont, CA 94555
Telephone: (614) 358-4185
Email: jstottl@comcast.net
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN STOTTLEMIRE, and DOES 1-10, ) <br> ) <br> Defendant ) <br> ) <br> ) <br> ) <br> ) | Case No. 5:07-cv-03457 HRL <br><br> **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> Date: November 4, 2008 <br> Time: 10:00 AM <br> Courtroom: 2, 5th Floor <br> Judge: Hon. Howard R. Lloyd |

Pursuant to Civil Local Rule 7-3(c), defendant John Stottlemire ("Defendant") submits this reply to Plaintiff Coupons, Inc.'s ("Plaintiff") Opposition to Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Opposition").

Respectfully submitted,

Dated: October 21, 2008                  /s/
                                                 John A. Stottlemire, *pro se*

# REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

## INTRODUCTION AND SUMMARY

Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Motion") is not frivolous. To be defined as frivolous, Defendant's Motion must have no arguable basis in law. Without doubt, Defendant's Motion has an arguable basis in law. It is obvious that Plaintiff lied and continues to lie to this Court in defining the capabilities of its security features. Equally transparent is Plaintiff's motives for lying to the Court. Plaintiff desperately seeks to survive a third motion to dismiss and falsely claims its security features block access to Plaintiff's coupons altogether in the absence of specific Microsoft Windows Registry Keys. Plaintiff's failure to make this claim in its Second Amended Complaint is the very reason this Court dismissed Plaintiff's Second Amended Complaint.

In response to Plaintiff's false claims, Defendant moves this Court to determine if sanctions are warranted. Defendant, with his motion, does not hide behind *pro se* status nor does Defendant expect to be treated differently than any other Defendant which has come before this Court. Defendant is completely within his right at making the Court aware of Plaintiff's lie and asking the Court whether sanctions are warranted given the exceptional circumstances and the specific claim Plaintiff has made which is false. With the exception of asking the Court for additional time to respond to Plaintiff's baseless filings, Defendant has not requested any special treatment based upon his *pro se* status. Plaintiff would have this Court believe that Defendant is wasting the Court's time, yet it is the Plaintiff who cannot seem to bring a claim against the Defendant which is able to survive a simple motion to dismiss for failure to state a claim brought before the Court. It is then the Plaintiff who this Court should admonish and not the Defendant. Enough is enough.

## PLAINTIFF'S FALSE CLAIM – THIRD AMENDED COMPLAINT PARAGRAPH 15

Plaintiff's TAC ¶ 15 claims "The features block an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place (has not previously been identified as a unique computer)". Plaintiff's claim is in diametric contradiction to Plaintiff's review of how Plaintiff's technology works in its Opposition, is in diametric opposition to TAC ¶ 16 and is in diametric opposition to the gravaman of Plaintiff's

claims against Defendant. Plaintiff's security features create the registry keys and provide access every single time Plaintiff fails to find the registry keys present on a consumer's computer. Thus, Plaintiff cannot truthfully claim it blocks access altogether if its security features fail to find the registry keys. Access is never denied to Plaintiff's coupons in the way Plaintiff has described.

### PLAINTIFF'S SECURITY FEATURES

Plaintiff cannot truthfully claim its security features block access to its coupons in the absence of registry keys when the features create registry keys each time it cannot find them.

Plaintiff only authenticates access with its security measure after it has found the unique identifier stored within the registry keys:

> "Once Coupons' system has determined that the individual computer has a unique identifier (either because it already has one or Coupons' system just gave it one), this identifier interacts with Coupons' system to allow, or block, access to and printing of the desired coupon." *Opposition* Pg 4 at Lines 1-4.

The unique identifier is assigned to computers each time Plaintiff's security features are unable to locate it in the computer's files or registry keys. ("Coupons' system checks to see if the individual computer already has a unique identifier assigned to it. If it does not, Coupons' system delivers to the consumer's computer a unique identifier, which resides in one or more files in the individual computer." *Id* Pg 3, Lines 20-23).

Plaintiff creates the registry key when its security feature fails to find it. Then Plaintiff authenticates the request consumer has made with the newly created registry key. Plaintiff's security feature never blocks access altogether in the absence of the registry key. Access is only blocked based upon the previous printing history of the unique identifier assigned to the computer.

### THE GRAVAMAN OF PLAINTIFF'S CLAIMS

Although not stated in Plaintiff's TAC, the gravaman of Plaintiff's claims against Defendant is defined in Plaintiff's Opposition:

> "Stottlemire's circumvention software works by deleting the files [and registry keys] in the computer that contain[s] the unique identifier. By removing the files [and registry keys] with the unique identifier, Stottlemire's software fools [Plaintiff's] system into believing that the computer has never before obtained access to the system. This causes [Plaintiff's] system to assign a new identifier to the computer and effectively refreshes the computer's ability to access and print

>coupons beyond what would otherwise be the device limits." (Opposition Pg 4 Line 15-20).

Plaintiff admits, it is the removal of the proper registry keys which allows consumers to gain access to its coupons. Plaintiff cannot truthfully claim that its security features block "an individual computer's access to a particular coupon offer altogether if that computer does not have the proper registry keys in place." (TAC ¶ 15).

Plaintiff's final bullet point in describing its security features is misleading, at best, and fails to accurately describe the circumstances required which would result in a consumer only having the ability to look at a description of the coupon on a webpage:

>"without a unique identifier assigned to it and residing in the computer's files, a computer cannot obtain access to a coupon. All the consumer can do is look at a description of the coupon on a webpage" (Opposition, Pg 4, Lines 12-14).

As seen in the chart below, the only time Plaintiff blocks access to its coupons is when a consumer has reached the device limit (or campaign limit) for a particular coupon offer or when the consumer fails to install Plaintiff's security features on their computer. When consumers install Plaintiff's security features, the features provide access to its coupons until the device limit is reached and never blocks access altogether. It is for this reason Plaintiff's claim in its Second Amended Complaint was dismissed by this Court.

When consumers elect not to install Plaintiff's security features, Plaintiff blocks all access and consumers can only view a webpage which lists Plaintiff's coupon offerings, in effect blocking access altogether. However, Plaintiff's security features could not have inspected the consumer's computer for the proper registry keys as Plaintiff's security features were never installed or executed on the consumer's computer.

Plaintiff's security features *never* block access *altogether* in the absence of the proper registry keys. When consumers install Plaintiff's security features, they are always given access to Plaintiff's coupons until consumers reach device limitations. Plaintiff cannot now truthfully claim otherwise. Plaintiff *only* blocks access altogether in the event consumers do not install Plaintiff's security features. Without execution of the security features on consumers' computers, Plaintiff cannot truthfully claim access is blocked by its security features.



Consumer visits Plaintiff's website and selects a coupon to print.
Are Plaintiff's security features installed on consumers computer?
No
Offer consumer the opportunity to install security features.
Yes
Did consumer install security features?
Yes
Does computer have unique identier?
No
Assign unique identifier and store in registry keys
Yes
Compare unique identifier to Plaintiff's database.
No
Block access to requested coupon.
Yes
Has consumer reached device limit for selected coupon?
No
Grant consumer access to and spool requested coupon directly to consumer's printer.

## DEFENDANT'S MOTION IS WELL GROUNDED IN FACT

Plaintiff opposes Defendant's Motion and argues the motion is frivolous and that Defendant is desperately attempting to avoid confronting what he did. Neither of these statements is true. For a Motion to be frivolous this Court must accept Defendant's Motion as baseless. Plaintiff's TAC and Opposition do nothing more than solidify the basis for this Motion.

Plaintiff has failed to explain how removal of "the proper registry keys" can provide access to coupons that Plaintiff claims access would be denied if those keys were not in place. Plaintiff further explains exactly how its technology works and its own explanation is in opposition to facts claimed in TAC ¶ 15. When the proper registry keys are not in place, the security features assign and create the proper registry keys then finally grant access to the coupon requested by the consumer. Plaintiff lied and Defendant's Motion is not baseless on this fact.

Finally, Plaintiff's Claim for Relief pursuant to 17 U.S.C. § 1201(a) in its Second Amended Complaint was dismissed with leave to amend by this Court. Grounds for dismissal was given to the Plaintiff and Plaintiff is aware its claim was dismissed because its technological measure does not block access altogether and provisions under 17 U.S.C. § 1201(a) do not apply. To prevent Plaintiff's Third Amended Complaint from being dismissed for the same reason, Plaintiff amended its Second Amended Complaint and included language which appears to remove any doubt that Plaintiff's security measure blocks access altogether. Plaintiff lied and did so to advance a claim against the Defendant which otherwise was dismissed by this Court and although there is no requirement to show subjective intent or bad faith is required, Plaintiff cannot escape its bad faith and subjective intent. Defendant's Motion is not baseless on this fact.

## CONCLUSION

Plaintiff is desperate to survive a third Motion to Dismiss. To ensure Defendant cannot raise arguments against it which were raised by *Amicus Curiae*, Plaintiff lied in its Third Amended Complaint. As a result, Defendant has moved this Court to determine if sanctions against Plaintiff, Plaintiff's attorney, and the law firm of Farella, Braun & Martel, LLP are warranted for violations of Rule 11(b)(3) of the Federal Rules of Civil Procedure, committed by Dennis Cusack and Coupons, Inc.