1 | John A. Stottlemire
2 | 33103 Lake Garrison Street
  | Fremont, CA 94555
  | Telephone: (614) 358-4185
3 | Email: jstottl@comcast.net
  | Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, | Case No. 5:07-cv-03457 HRL |
| Plaintiff, | **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| v. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | Date: November 4, 2008 |
| Defendant | Time: 10:00 AM |
| | Courtroom: 2, 5th Floor |
| | Judge: Hon. Howard R. Lloyd |

Pursuant to Civil Local Rule 7-3(c), defendant John Stottlemire ("Defendant") submits this reply to Plaintiff Coupons, Inc.'s ("Plaintiff") Opposition to Defendant's Motion to Dismiss Third Amended Complaint ("Opposition").

Respectfully submitted,

Dated: October 21, 2008

                                                        /s/
                                        John A. Stottlemire, *pro se*

## REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION AND SUMMARY

Unable to state a claim upon which relief may be granted, Plaintiff continues to provide misinformation in its filings with this Court. In its opposition to Defendant's Motion to Dismiss, Plaintiff claims that "Stottlemire's motion to dismiss the Third Amended Complaint ("TAC") repeats arguments that the Court has previously considered and rejected." Either Plaintiff hasn't been paying attention or is purposely providing the Court with false information in hopes to advance its claims against Defendant. Plaintiff has shown this Court it is capable of both.

Plaintiff argues Defendant has "exhumed" an issue the Court has previously considered and rejected from Defendant's motion to dismiss the First Amended Complaint: "that Coupons cannot allege a technological measure that controls access effectively where the coupons are printed on paper and can be easily photocopied." (Opposition Pg 5). Review of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint shows a different story altogether. Defendant's previous motion to dismiss argued Plaintiff did not allege facts necessary to advance a claim under 17 U.S.C. § 1201(a) and did not argue Plaintiff's legal conclusions. The paragraphs cited by Plaintiff in its Opposition to the motion now pending before the Court are paragraphs from Defendant's alternative motion (a Motion for Summary Judgment) which was denied by this Court as premature. Defendant has not previously argued Plaintiff's legal conclusion of law before the Court in a motion to dismiss and it is unclear why Plaintiff argues Defendant has.

## REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S 17 U.S.C. § 1201(a) CLAIM

To receive protection under 17 U.S.C. § 1201(a) Plaintiff's technological measure must effectively protect access to its coupons. If its technological measure effectively protects access to its coupons, Defendant agrees that how effectively it protects that access is not at issue. To control access effectively, Plaintiff must require navigation through its technological measure each time the coupon is accessed. Plaintiff argues that controlling a third party's initial access to the coupon is enough. However, Plaintiff fails to control access to its coupons with its technological measure in every instance of initial access. Attached as an exhibit to Plaintiff's

1  Opposition to Defendant's Motion for Sanctions is a coupon Plaintiff claims its technological
2  measure controls access to.  Several members of the Court and any person who has access to the
3  Court's PACER system now have initial access to this coupon yet none have to navigate through
4  Plaintiff's technological measure to gain access to that coupon.  Causing the coupon to be printed
5  on ordinary paper necessarily leaves another route wide open for third parties to gain access to its
6  coupon, a fact Plaintiff cannot deny.

7  Plaintiff opposes Defendant's Motion by ignoring the Court's analysis in *Lexmark
8  International, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004).  Plaintiff
9  claims the *Lexmark* Court concluded "Because no security device was in place to protect access to
10 the program, there was nothing to be circumvented."  (Opposition Pg 7, Line 22-23).  As argued
11 by the Defendant, the *Lexmark* Court actually concluded since Lexmark left another route wide
12 open to the printer engine program, the chip used to control access to the program did not
13 effectively control access to Lexmark's Printer Engine Program.  The standard set in *Lexmark* and
14 echoed in *Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Ltd.*, 2006
15 U.S. Dist. LEXIS 43690 (Mass. 2006) is a very simple test:  If the copyrighted work can be
16 accessed and copied without navigating through a technological measure which controls access,
17 the technological measure does not effectively control access to the copyrighted work.

18 Plaintiff attempts to escape the *Lexmark* standard by arguing "One could video record the
19 movie [stored on DVD] while it is playing on a screen.  One could also rent a hall and invite
20 friends and neighbors, and charge them to view it.  Nothing about the encryption technology
21 precludes this unauthorized copying or public performance."  (Opposition Pg 9, Line 13-16).
22 Here is what Plaintiff ignores: the "authorized DVD player" first decrypts and provides access to
23 the DVD.  Consumers do not circumvent a technological measure to gain access or to make the
24 unauthorized copy or to give the unauthorized public performance described by the Plaintiff.
25 With its coupons, however, any third party can access and copy without having to navigate
26 through Plaintiff's technological measure.  Thus Plaintiff's technological measure does not
27 effectively control access to its coupons.
28

1   To claim access is controlled effectively, the work Plaintiff claims is protected by
copyright must be accessible to third parties only by navigating through Plaintiff's technological measure which controls access. Plaintiff initially controls access to its coupons with a technological measure. Since those coupons are printed on paper, Plaintiff's legal conclusion that it controls that access effectively is in error. Not only is this fact inescapable, for Plaintiff's coupons to have any value to consumers who print them, it is required. Cashiers must have the ability to obtain Plaintiff's coupons in order for consumers to receive the discount offered on that coupon. Manufacturers must have the ability to obtain Plaintiff's coupons so they may reimburse retailers for honoring the coupons. It is impossible to escape the fact that access to Plaintiff's coupons is unrestricted once Plaintiff no longer has possession of the coupon. Thus Plaintiff errs in its conclusion that its technological measure effectively controls access to its coupons.

Technology does not currently exist that would effectively protect access to any work printed on a piece of paper. Plaintiff, by causing those coupons to be printed directly on a piece of paper cannot effectively control access to those coupons with a technological measure. Plaintiff's claim for relief pursuant to 17 U.S.C. § 1201(a) has no arguable basis in law and must be dismissed without leave to amend.

### REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S 17 U.S.C. § 1201(b) CLAIM

Plaintiff's entire argument in opposition to Defendant's Motion to Dismiss Plaintiff's 17 U.S.C. § 1201(b) claim rests on the following: (1) a decision by the Central District of California in *Ticketmaster LLC v. RMG Technologies, Inc.,* 507 F.Supp.2d 1096 (C.D. Cal. 2007) and (2) Plaintiff's misinterpretation of Senate Report No. 105-190.

In his Motion, Defendant cites four different United States Courts of Appeals, the United States Court of Federal Claims, one District Court, The United States Senate and The United States House of Representatives in support of his argument. In Opposition, Plaintiff's lone cite is the *Ticketmaster* ruling, in which the *Ticketmaster* defendants made no arguments that 1201(b) did not apply. As noted recently by the Ninth Circuit, when the parties do not educate the Court in the substantive areas of law surrounding the cases they litigate, the Court could enter a finding

without considering relative law[1]. That happened in *Ticketmaster*. The defendant failed to exhaustively marshal the determinative decisions, which led the Court to rule in favor of the plaintiff. The *Ticketmaster* defendant's only argument before the Court was that solving CAPTCHA was not circumvention. The *Ticketmaster* defendant did not argue that 1201(b) did not apply for other reasons. The Court decided that CAPTCHA was circumvented, as defined by the DMCA, and no other argument existed to oppose a finding under 1201(b), the Court found Ticketmaster would likely succeed in its claims under 1201(a) and 1201(b) against RMG Technologies. *Ticketmaster* did not analyze the distinctions between 17 U.S.C. § 1201(a) and § 1201(b) under the authorities cited by Defendant in this immediate Motion. *Ticketmaster's* one sentence decision is exactly opposite to every citation provided by the Defendant.

> "Here, CAPTCHA both controls access to a protected work because a user cannot proceed to copyright-protected webpages without solving CAPTCHA, and protects rights of a copyright owner because by preventing automated access to the ticket purchase webpage, CAPTCHA prevents users from copying those pages." *Ticketmaster* at *33, *34

The *Ticketmaster* ruling is inapposite to every citation provided by the Defendant in his Motion to Dismiss. This Court should review Defendant's argument *de novo*.

Plaintiff cherry-picked one sentence from Senate Report 105-190 to support its argument made in opposition to Defendant's Motion. The Senate stated "The two sections are not interchangeable and *many* devices will be subject to challenge only under one of the subsections." (Opposition Fn. 6 quoting Defendant's Motion to Dismiss). Plaintiff opposes using this sentence

---

[1] "Put simply, the current justice system and the various rules of civil, criminal and appellate procedure, as well as the rules of evidence that govern trials, are all fashioned to serve the "adversary system." Central to the adversary model of judicial administration is the idea of the trial judge as a "generalist" neutral whose areas of expertise are procedure, both civil and criminal, and evidence. The model does not expect trial judges to know much about the specific areas of substantive law involved in the cases that come before them. Rather, the model assigns to each party's lawyer the responsibility of knowing the substantive law involved in the cases they litigate. It is the lawyer's task to educate the generalist judge to the specifics of a particular case. Even in those cases where the lawyers are not specialists, counsel do, under this model, recognize their responsibilities to study the law involved in a case thoroughly before bringing it or responding to it. Under the adversary model, judges expect that lawyers will recognize the legal problems their cases pose and then through the master of research will exhaustively marshal the determinative decisions, speeding the way to a swift and fair result." (*Final Report, Ninth Circuit Judicial Council, Task Force on Self-Representative Litigants*, Page 9) (October 2005)

to argue "the legislative history explicitly leaves room for technology coming within both sections" (Id at 12, Line 12-13). Defendant agrees.² However, as here, when a defendant is accused of circumventing the access control only, the defendant's circumvention devices can only be challenged under 17 U.S.C. § 1201(a).

> "if an effective technological protection measure limits access to the plain text of a work only to those with authorized access, **but provides no additional protection against copying, displaying, performing or distributing the work**, then a potential cause of action against the manufacturer of a device designed to circumvent the measure lies under subsection 1201(a)(2), but not under subsection 1201(b)." *S. Rep. No. 105-190* at 12 (1998). (emphasis added).

Although the exact function of Plaintiff's technological measure may have been blurred in the past, the Court has instructed Plaintiff to clearly define its technological measure as an access control if Plaintiff intends to pursue an action against Defendant under 17 U.S.C. § 1201(a). In amending its Complaint, Plaintiff has cast its technological measure as controlling access to its coupons from *computers* that are authorized to have access. Plaintiff provides no additional protection against copying, displaying, performing or distributing the work. By only controlling access to its coupons, Plaintiff cannot pursue a claim for relief under 17 U.S.C. § 1201(b):

Plaintiff's technological measure is designed to control access to its coupons. By controlling that access, it automatically protects its rights to copy those coupons, but as the case law shows, the statute requires more than that. Without claiming the Defendant circumvented a technological measure that protects its rights with something other than an access control, Plaintiff cannot pursue an action under section 1201(b) of Title 17.

### REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CB&PC § 17200

Standing requirements under California Business and Professions Code § 17200 require Plaintiff to show that he has "suffered injury in fact *and* has lost money or property as a result of

---

² Some circumvention devices would be subjected to challenge under both sections of 17 U.S.C. § 1201. i.e. if a copyright holder deploys technology which effectively controls access to its works and technology which prevents the work from being saved on a third party's hard drive. In this instance, devices designed to circumvent both technology measures would easily be challenged under both sections of 17 U.S.C. § 1201.

unfair competition" *Cal. Bus. & Prof. Code § 17204*. (emphasis added). The key word is "and." Not only must Plaintiff establish it has suffered injury in fact, Plaintiff must also establish it has lost money or property as a result of unfair competition. Plaintiff does not oppose Defendants argument that Plaintiff fails to claim it has lost money. On that basis Plaintiff's claim under California Business and Professions Code § 17200 et seq must be dismissed without leave to amend.

Lost money or property must be restitutionary in nature for a party to have standing under California Business and Professions Code § 17203:

> "the People are presumed to have intended that the "loss of money or property" they require for standing would be interpreted in accordance with the construction already given to "lost money or property" required to seek restitution under section 17203" *Johnnie Walker v. USAA Casualty Insurance Company*, 474 F.Supp.2d 1168 at 1172 (E.D. Cal, 2007)

Accordingly, Plaintiff must establish it has lost money or property which is currently in possession of the Defendant as a result of the unfair competition:

> "an order for restitution is one compelling a UCL defendant to return money obtain through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply Company v. Lockheed Martin Corporation*, 29 Cal.4th at 1149, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003).

Plaintiff argues that it suffered injury in fact because it has spent significant sums to upgrade systems. If anything, these losses are damages, which are not restitutionary in nature. Plaintiff can never claim Defendant is in possession of money or property that Plaintiff has lost. Accordingly, Plaintiff will never be able to establish standing under section 17204 of the California Business and Professions Code and Plaintiff's claim must be dismiss without leave to amend.

**REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMMON LAW, UNFAIR COMPETITION**

Plaintiff's Opposition to Defendant's Motion relies on a citation to the codified unfair competition claim published at California Business & Professions Code § 17200 and not the Common Law of the State of California. Requirements to pursue an action under the two sections

are not the same. Plaintiff cannot establish Defendant attempted to secure Plaintiff's trade and Plaintiff's claim under the Common Law, Unfair Competition must be dismissed without leave to amend.

Under the Common Law of the State of California a Plaintiff can only pursue an action for unfair competition if Plaintiff can establish Defendant attempted to secure the trade of Plaintiff and made such an attempt through an act of fraud, coercion or other conduct prohibited by law. (*See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal. 4th 163 at 192-93 (1999).

Plaintiff contends that "The only defect the Court found in Coupons' Second Amended Complaint is that Coupons did not clearly allege that Stottlemire himself (as opposed to Doe Defendants) engaged in a business." (Opposition Pages 15-16). Defendant argued, in his Motion to Dismiss Plaintiff's Second Amended Complaint, that Plaintiff failed to establish standing and since Plaintiff had not established standing Defendant's argument stopped there. Defendant felt it was pointless to review if Plaintiff had alleged the facts necessary to pursue a claim against the Defendant when Plaintiff had not even established standing. Plaintiff's TAC establishes standing under the Common Law Unfair Competition tort. Defendant now argues Plaintiff has not alleged the facts necessary to bring a claim for relief under Common Law Unfair Competition. Plaintiff must allege Defendant attempted to secure Plaintiff's trade. Plaintiff's TAC claims its clients are "many of the country's most prominent consumer product manufacturers, advertising agencies, retailers, promotional marketing companies [or] internet portals." (TAC ¶ 10). Plaintiff does not claim Defendant attempted to secure trade from any of these clients. Thus, Plaintiff has failed to state a claim for relief under the Common Law of California Unfair Competition.

## CONCLUSION

Plaintiff's entire Third Amended Complaint has no arguable basis in law. Plaintiff continues to argue the Digital Millennium Copyright Act somehow extends to works which are distributed to third parties on ordinary paper. No technological measure exist which could possibly control access to works printed on paper. The DMCA cannot protect technology that does not exist.

Plaintiff also *urges* the Court to allow its frivolous claims against the Defendant to move forward so that this case can be adjudicated fairly. Fair adjudication of Plaintiff's frivolous claims is to put a halt to their lawsuit. The Plaintiff has wasted enough of this Court's time and resources. The Plaintiff has maliciously pursued Defendant for 16 months. As Defendant has shown, Plaintiff will never be able to state a claim for relief against the Defendant because Plaintiff clearly has no cause of action against Defendant. Plaintiff's entire Third Amended Complaint must be dismissed without leave to amend for failure to state a claim upon which relief may be granted.