Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com, calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN STOTTLEMIRE, and DOES 1-10, <br><br> Defendants. | Case No. 5:07-CV-03457 HRL <br><br> **MEMORANUM IN SUPPORT OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO EARLY NEUTRAL EVALUATION PURSUANT TO ADR L.R. 5-2, and CIVIL L.R. 7.** <br><br> Date: January 27, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 2 <br> Judge: Honorable Howard R. Lloyd |

Plaintiff Coupons, Inc. believes the parties should resume their ENE session before Harold McElhinny and so moves the Court to order that to occur. It is true that Stottlemire's breach of the settlement agreement constrained Coupons to rescind its settlement offer, to terminate the settlement agreement and to proceed to obtain a judgment against Stottlemire. Coupons' belief is that short of a settlement, this judgment is necessary to repair the damage that Stottlemire caused and to stop the damage he will continue to cause to Coupons in the marketplace. But Coupons also believes that it's possible to repair the damage caused by Stottlemire's breach short of taking this matter to judgment. Stottlemire could agree as part of an exhumed settlement to make certain public statements that would correct the misimpression that

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-03457 HRL

- 1 -

22675\1775737.1

he caused by mixing his disclosure of confidential settlement terms with mischaracterizations of the record and the parties' respective motivations and positions.

Mr. McElhinny, an experienced intellectual property trial attorney, would provide the parties his guidance on Coupons' request that Stottlemire remedy his breach of the settlement agreement. Coupons suggested that approach to Mr. Stottlemire, who specifically rejected returning to ENE, threatening to make a motion for summary judgment to enforce the settlement. Coupons fully expects that he will shortly make that motion.[1] To avoid additional court time over wasteful motion practice, and in the hope that another ENE session would be productive, we make this motion pursuant to Civil Local Rule 7, and ADR Local Rules 5-2 and 5-13.

## I.  BACKGROUND FACTS AND ARGUMENT

So that the Court can make a determination of the value of another ENE session, it's important to understand the relevant background facts.

As previously communicated to the Court, Coupons and Stottlemire participated in what then appeared as a successful ENE session with Harold McElhinny. The parties entered into a settlement agreement at the ENE session. However, after the ENE session, but before the final settlement agreement was fully executed and the case dismissed, Stottlemire materially breached the agreement.

The settlement agreement explicitly provided that the settlement terms were to remain confidential. He posted on his blog and disclosed to the press and bloggers in interviews a confidential term of the settlement agreement (the dismissal with prejudice), that he beat Coupons -- that he "kicked ass" -- and that he paid no money to Coupons. Also improper, he combined his improper disclosure of the settlement terms with inaccurate information apparently in order to boast about his "victory" and to misguide the market to believe that Stottlemire was right in his view of the law, and that Coupons settled because it agreed with Stottlemire's assertions of the legal vulnerability of Coupons' technology.

---

[1] *See* accompanying December 5, 2008 Declaration of Neil A. Goteiner, who exchanged email correspondence with Mr. Stottlemire over the period November 21 through November 26 regarding Mr. Stottlemire's breach, proposed procedures to repair the breach, and Mr. Stottlemire's refusal on November 26 to return to ENE with Mr. McElhinny.

The facts are the exact opposite, to be developed in Stottlemire's threatened motion to enforce the settlement he breached. To summarize:

1. Coupons filed this lawsuit in order to enforce its rights under the Digital Millennium Copyright Act (DMCA) and state law to protect its business and customer relationships from Stottlemire's efforts to traffic in software intended to interfere with Coupons' system for distributing store coupons over the Internet. Coupons was more interested in injunctive, as opposed to monetary, relief, particularly in light of the fact that Stottlemire was effectively judgment proof, with hundreds of thousands of dollars of outstanding judgment liens (including an IRS judgment that would have priority over any Coupons judgment) against him, no job and no immediate prospect of a job.[2] Coupons was also already working on changes to its system that would moot Stottlemire's circumvention software, and did in fact install those changes.

2. Coupons, therefore, shortly after the case was filed, offered to settle the lawsuit for only an acknowledgment of its right to protect its business and customer relationships from Stottlemire's circumvention, with no payment of money by Stottlemire. Coupons maintained an offer to settle the lawsuit on terms requiring no payment by Stottlemire consistently throughout the litigation.

3. Stottlemire rejected Coupons' offers to settle and throughout the case made monetary demands on Coupons for what Stottlemire claimed was malicious prosecution. He threatened to sue Coupons for this money after the completion of Coupons' case against him. These demands started at $1 million, went up to more than $1.2 million, dropped to $300,000, then rose to a demand for $2 million moments before the parties argued (on

---

[2] Stottlemire reminded Coupons of these facts in an effort to persuade Coupons that he had no incentive to settle. *See* Cusack Declaration submitted herewith.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE
PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-
03457 HRL

- 3 -

22675\1775737.1

November 4, 2008) Stottlemire's motions to dismiss the Third Amended Complaint and for sanctions. Coupons made it clear that it would never pay any money to Stottlemire. Coupons therefore knew that even though such a claim was frivolous, Coupons needed: (a) to establish certain legal principles and facts to be able to send the right message to Stottlemire and to the market about Coupons' right to protect its software and intellectual property, and (b) establish in the instant litigation a sufficiently clear record that Stottlemire had breached the DMCA and Coupons' common law rights, in order to end quickly and efficiently Stottlemire's threatened subsequent suit. While Coupons understood that Stottlemire's "malicious prosecution lawsuit would be frivolous, Stottlemire's mindset and willingness to spend energy on it required this preparation in the instant law suit to facilitate the speedy ending of the Stottlemire's threatened subsequent suit.

4. In the meantime, Stottlemire attempted to avoid his day of reckoning through three separate motions to dismiss, a motion for summary judgment, and two separate motions for sanctions. The motions made it clear that the essential facts of the case were not disputed – Stottlemire did intentionally create and distribute software for the purpose of circumventing Coupons' technology, in order to enable himself and others to obtain coupons that they were not authorized to get. The main question the Court grappled with was whether these facts could constitute a violation of the DMCA and related state laws. The Court denied the motion for summary judgment as premature and both motions for sanctions on their merits. The Court granted in part and denied in part the first two motions to dismiss, asking Coupons to clarify its allegations under the DMCA and state laws. Coupons did so. The Court then denied in full Stottlemire's last motion to dismiss, ruling on November 6, 2008

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-03457 HRL

- 4 -

22675\1775737.1

that if Coupons' factual allegations were true, Coupons would establish that Stottlemire violated both sections 1201(a) and 1201(b) of the DMCA,[3] and could be liable as well for trespass and unfair competition. Because it was clear by that time that the essential facts were undisputed, Coupons remained confident that it would prevail in the case.

5. Stottlemire made no more demands for a cash payment after the Court's November 6, 2009 reasoned decision that Coupons had stated claims against Stottlemire and before the ENE session. It was clear that the Court's decision confirmed that he never had any basis for his alleged damage claims.

6. Also significant to Coupons' decision to end the litigation was that Stottlemire's circumvention method no longer worked. Since approximately February of 2008 Coupons had implemented a technique that trumped Stottlemire's circumvention method for finding and removing the security features which prevent the unlimited printing of Coupons' coupons.

7. There was therefore no reason to pursue Stottlemire past establishing Coupons' settlement goals summarized above. With this Court's November 6 ruling establishing that Coupons had a right to proceed to protect its software and its relationships with its customers as Coupons had pled its case, Coupons knew that Stottlemire's only possible long shot defense – a legal one -- was officially dead.

8. The parties had repeatedly rescheduled the ENE until the Court could rule on Stottlemire's successive – and ultimately unsuccessful -- challenges to

---

[3] The Court explained that both sections 1201(a) and section 1201(b) of the DMCA were applicable, notwithstanding prior amicus briefing from the Electronic Frontier Foundation ("EFF ) on Stottlemire's behalf. EFF did not defend Stottlemire's conduct; rather it argued that the claim should be adjudicated solely under section 1201(b) of the DMCA.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-03457 HRL   - 5 -   22675\1775737.1

Coupons' lawsuit, the most recent being his motion to dismiss the third amended complaint and his motion for sanctions.

9. At the November 13, 2008 ENE, only a week after the Court's ruling made it clear that Stottlemire would have to face a probable judgment, the independent evaluator, Harold McElhinny, an expert in intellectual property law, gave the parties his expert evaluation of the merits of the case. The case settled the same day.

10. The parties agreed to a confidentiality term to disclose no material term of the settlement agreement, including the dismissal with prejudice.

11. After the parties reached and signed the terms of settlement at the ENE, Stottlemire asked Coupons to indemnify Stottlemire for claims by Coupons' customers against Stottlemire, presumably for interfering in Coupons' customers' advertising campaigns and for theft of coupons. Coupons declined to provide the indemnity.

12. Coupons believed that Stottlemire would respect the terms of the confidentiality provision since he did not want it known that he – even with the help of EFF -- had lost virtually all his legal arguments and that he was compelled to give up his damage claims. Coupons was willing to abide by the confidentiality agreement since the record of the settlement coming so quickly after the Court's November 6 ruling, but without any further mischaracterizations by Stottlemire, would suffice to give the accurate signals to the market that Coupons would do what was necessary to enforce its rights under the DMCA and the common law against anyone who violated those rights.

13. Stottlemire, however, had a different plan. As Stottlemire was asking Coupons for the indemnity, Stottlemire was breaching the settlement confidentiality terms by commenting on it on his web site, and by publishing his "ass kicking of Coupons to the press and to bloggers. *See*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-03457 HRL

- 6 -

22675\1775737.1

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Exhibits A and B, attached to the Goteiner Declaration submitted herewith.

14. Coupons immediately informed Stottlemire of his breach of the terms of the agreement and that his conduct – abusing the settlement process by using it to disclose confidential terms alloyed with serious mischaracterizations – had injured and would continue to injure Coupons. Coupons also provided a series of steps that Stottlemire could take to correct the breach and repair the damage he caused to Coupons. These steps would cost Stottlemire no money, and would simply require that he state the above true facts on his web site and to all reporters/bloggers with whom he spoke. Stottlemire, however, has refused to remedy his breach. *See* Goteiner Dec. ¶¶2-5.

Stottlemire's abuse of the settlement process therefore compelled Coupons to continue with the litigation to establish its rights against Stottlemire and to discourage Stottlemire and others like Stottlemire, who would interfere with Coupons' software and relationships with Coupons' customers. While the continuation of the litigation and Stottlemire's breach does not warrant a status conference, it does warrant a monitored effort to reach a new settlement.

## II. CONCLUSION

In conclusion, this Court should order the parties to return to ENE under Harold McElhinny's guidance.

Dated: December 5, 2008　　　　　　　　　　　FARELLA BRAUN & MARTEL LLP


By: 　/s/
　　　Neil A. Goteiner

Attorneys for Plaintiff
COUPONS, INC.

# PROOF OF SERVICE

I, the undersigned, declare that I am a resident of the State of California, employed in the County of San Francisco, over the age of eighteen years and not a party to the within action. My business address is: Farella Braun + Martel LLP, 235 Montgomery Street, 17th Floor, San Francisco, California 94104.

On this date I served the within document(s):

**MEMORANUM IN SUPPORT OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO EARLY NEUTRAL EVALUATION PURSUANT TO ADR L.R. 5-2, and CIVIL L.R. 7.**

__X__ **MAIL:** by placing a true copy thereof, addressed as set forth below and enclosed in a sealed envelope with postage thereon fully prepaid and deposited for collection and mailing with the U.S. Postal Service. I am readily familiar with the ordinary business practice of this office for processing mail.

> Harold J. McElhinny
> Morrison & Foerster
> 425 Market Street
> San Francisco, CA 94105

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed in San Francisco, California on **December 5, 2008**.

_/s/_
Lawrence L. Coles

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-03457 HRL

- 8 -

22675\1775737.1