1  John A. Stottlemire
   4509 Wayland Court
   High Point, NC 27265
2  Telephone: (614) 358-4185
   Email: johna@stottlemire.com
3  Defendant, *pro se*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, ) | Case No. 5:07-CV-03457 HRL |
| ) | |
| Plaintiff, ) | **DEFENDANT'S OPPOSITION TO** |
| ) | **MOTION TO DIRECT THE PARTIES TO** |
| v. ) | **RETURN TO EARLY NEUTRAL** |
| ) | **EVALUATION PURSUANT TO ADR L.R.** |
| JOHN STOTTLEMIRE ) | **5-2, AND CIVIL L.R. 7** |
| ) | |
| Defendant ) | Date: January 27, 2009 |
| ) | Time: 10:00 AM |
| ) | Courtroom: 2, 5th Floor |
| ) | Judge: Hon. Howard R. Lloyd |

## INTRODUCTION

On December 5, 2008, Plaintiff Coupons, Inc. ("CI") filed a motion to direct the parties to return to early neutral evaluation. Defendant John Stottlemire ("Stottlemire") opposes this motion on: 1) CI's grounds for requesting the Court direct the parties to return to early neutral evaluation are without merit and, 2) CI has demonstrated a total disregard for ADR Local Rules and returning to early neutral evaluation would be a waste of court resources.

## ARGUMENT

The evaluator of an Early Neutral Evaluation session provides settlement assistance only if requested by the *parties* (See ADR L.R. 5-1) and only *if all parties stipulate* (See ADR L.R. 5-11(c)). There are no provisions in the ADR Local Rules which would require a party to participate in settlement assistance if they are unwilling to do so.

Defendant's Opposition to Motion to Direct the Parties to Return to Early Neutral Evaluation
No. 5:07-CV-03457 HRL - i -

Dockets.Justia.com

1  Stottlemire has not stipulated or agreed to further settlement assistance. Therefore, no
2  basis exists for requesting the Court to order the parties to return to ENE.

## OPPOSITION TO CI'S MOTION

CI's desire to return to Early Neutral Evaluation is to exhume a settlement agreement and hope that the Early Neutral Evaluator would provide the parties guidance on CI's request that Stottlemire remedy his alleged breach of the settlement agreement.[1] However, Early Neutral Evaluation only provides the parties with settlement assistance if requested by the parties. If either party should decline settlement assistance, Early Neutral Evaluation ends and settlement assistance is not provided to the parties. Stottlemire has no desire for Early Neutral Evaluation settlement assistance. (See Stottlemire Declaration ¶ 3) Thus, CI's goals would not be met by Early Neutral Evaluation. Early Neutral Evaluation would end when the Evaluator asked if settlement assistance was requested by the parties and Stottlemire declined the assistance.

CI has also demonstrated a disregard for ADR Local Rules by including information obtained in ENE in its filings. Stottlemire has filed a complaint with the ADR Magistrate Judge alleging violations of the ADR Local Rules. There is no reason for Stottlemire to believe that subsequent Early Neutral Evaluation sessions with CI would not end the same as the previous session has ended. Stottlemire is less apt to disclose information which might otherwise aid in a successful Early Neutral Evaluation.

## CONCLUSION

An *option*, which must be agreed to by both parties, in Early Neutral Evaluation is settlement assistance. CI's entire motion is based upon CI's desire to exhume a settlement agreement it has, without proper authority, rescinded. Unless both parties agree to the settlement assistance, settlement assistance will not be provided by Early Neutral Evaluation. CI is not

---

[1] Furthermore, there is a question as to whether this breach exists. On November 26, 2008, CI stated "Coupons is fine with making everything public regarding the settlement" (See Stottlemire Declaration ¶ 2). With this admission, CI cannot argue that Stottlemire's alleged breach of the Settlement Agreement's Confidentiality Provision caused CI damage and will continue to cause CI damage in the marketplace.

requesting the Court direct the parties to return to Early Neutral Evaluation for any other purpose. Therefore, as Stottlemire is opposed to settlement assistance through Early Neutral Evaluation, this Court should deny CI's Motion in its entirety.

Dated: January 6, 2009

/s/
John Stottlemire
Defendant, *pro se*

John A. Stottlemire
4509 Wayland Court
High Point, NC 27265
Telephone: (614) 358-4185
Email: johna@stottlemire.com
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., a California corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN STOTTLEMIRE ) <br> ) <br> Defendant ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 5:07-CV-03457 HRL <br><br> **DECLARATION OF JOHN STOTTLEMIRE IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION TO DIRECT THE PARTIES TO RETURN TO EARLY NEUTRAL EVALUATION PURSUANT TO ADR L.R. 5-2, AND CIVIL L.R. 7** <br><br> Date: January 27, 2009 <br> Time: 10:00 AM <br> Courtroom: 2, 5th Floor <br> Judge: Hon. Howard R. Lloyd |

I, John Stottlemire, hereby declare:

1. I am the Defendant in this action. I state all facts herein of my own firsthand knowledge, and if called as a witness, I could and would competently testify thereto.

2. On November 26, 2008, I received an email from Neil Goteiner, attorney for Coupons, Inc. which states in part "Coupons[, Inc.] is fine with making everything public regarding the settlement. A true and exact copy of the email I received is attached to this Declaration as Exhibit A.

3. I have no desire to receive settlement assistance during any subsequent Early Neutral Evaluation the Court may direct the parties to attend. When asked by the neutral evaluator if settlement assistance is requested, I would decline.

Declaration of John Stottlemire in Support of Defendant's Opposition to Motion to Direct the Parties to Return to Early neutral Evaluation
No. 5:07-CV-03457 HRL - i -

1      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 6th day of January, 2009 at High Point, North Carolina.

Dated: January 6, 2009                                                    /s/
                                                                                                           John A Stottlemire
                                                                                                           Defendant, *pro se*

# EXHIBIT A

# John Stottlemire

| | |
|---|---|
| **From:** | NGoteiner@fbm.com |
| **Sent:** | Wednesday, November 26, 2008 2:24 PM |
| **To:** | johna@stottlemire.com |
| **Cc:** | DCusack@fbm.com; CAlameda@fbm.com |
| **Subject:** | impasse and the way out |

As you wish. I'm pretty sure that the Court will simply order us back to ENE.

Coupons is fine with making everything public regarding the settlement. Keep in mind that regarding Coupons' motivations for settling, we believed your statement that there were significant judgments against you, that you had no assets and that you were judgment proof, and we also thought that you would have preferred not to have that sort of financial and personal history made public.

I also think that further correspondence with each other now doesn't pay since we are truly at an impasse if you don't want to return to McElhinny. So please don't take offense at the probability that I won't be answering your further email. We're proceeding on our discovery schedule and noticing your deposition, and with pushing for your answer to the amended complaint.

> -----Original Message-----
> **From:** John Stottlemire [mailto:johna@stottlemire.com]
> **Sent:** Wednesday, November 26, 2008 11:04 AM
> **To:** Goteiner, Neil (24) x4485
> **Subject:** RE: impasse and the way out
>
> The dispositive issue is not the breach. The dispositive issue is your remedy in the event of a breach and your disregard for the law. You've convicted me of a breach without receiving a ruling that a breach did in fact take place. You can claim a breach all you desire and you can request that as a remedy of that breach (if in fact a jury and/or Judge concludes there is a breach) you receive what the law allows. I would think that an attorney who is licensed to practice law would fully understand due process and his requirements to adhere to due process.
>
> In closing: Mr. McElhinny is a terminated party to this action (you should really spell his name correctly out of respect to him.) I do not consent to a meeting with any party who is a non-party to this action. Additionally, when timing is right, I will confer with CI to set a date for a Motion to Summarily Enforce Settlement Agreement. First and foremost, I will wait for Judge Lloyd to rule on the pending Administrative Motion for a Status Conference and allow due process to work. I am trying to avoid such a Motion to PROTECT CI from publically disclosing the terms of the settlement. I can only imagine what the press will say should it discover that to settle this action all Stottlemire had to do was AGREE not to file action against CI for Malicious Prosecution and that CI did not even attempt to recover any of its legal fees.
>
> > **From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
> > **Sent:** Wednesday, November 26, 2008 10:42 AM
> > **To:** johna@stottlemire.com
> > **Subject:** impasse and the way out
> >
> > The dispositive issue is your breach. Another issue was your apparent intent never to adhere to the confidentiality term. But this email exchange won't further our conversation, since we disagree on the fundamentals. So either start writing your motion, or take the far easier route, which is for you and Coupons to jointly request a meeting with Mr. McElhinney. If you're so correct and I'm so wrong, he'll agree with you and so advise Coupons.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 10:31 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** CI has required contractual obligations

You did in fact sign a mutual release and there was a meeting of the minds on November 13, 2008. I have the signed agreement (as do you, I'm sure). Case law is clear: Parties cannot escape their obligation by refusing to sign a more formal writing required by the settlement. (Alipo v. Secretary of the U.S. Army, 1998 U.S. Dist. LEXIS 6360 (N.D. Cal, March 27, 1998).

In addition, "It may be conceded that where the minds of the parties have met respecting the terms and conditions of the more formal writing that is to be executed by them, and the agreed terms of the contract thereafter to be executed are certain and in all respects definitely understood and agreed upon in advance, either orally or by informal writing, there is in such case an obligatory contract dating for the making of the earlier agreement." Fly v. Cline, 49 Cal. App. 414,425 (1920).

I think we are both in agreement that the agreement to settle a federal case is a contract governed by the applicable state law, but, if you wish I will cite the Supreme Court.

FACTS:
November 13, 2008: CI and Stottlemire executed a Settlement agreement which was complete and required a formal Mutual Release in standard form to be executed and dismissal of all claims with prejudice. There was a complete meeting of the minds of the content of the Mutual Release and both parties signed the Settlement Agreement, this is undisputable.
November 17, 2008: CI sent Stottlemire the Mutual Release (it's even entitled Mutual Release and NOT Settlement Agreement and Mutual Release) and stated "Once we're agreed on final wording, we can arrange for an exchange of signatures on the Mutual Release"
November 19, 2008: CI and Stottlemire accepted the final wording in regards to the Mutual Release. CI stated "When we receive your signature, we'll file the Stipulation for Dismissal" and Stottlemire provided his signature (undoubtedly showing a meeting of the minds).

Even your own language over the past several days show this to be a valid contract. There would be no need to rescind an agreement if an agreement was not in place and you've referenced the contract in every email you've sent me, the Court and Mr. McElhinny (a terminated party to this action).

Again, you know as well as I do, you cannot simply decide to rescind a contract without proper authority. Rescinding the contract is NOT a legal remedy for an alleged breach unless specifically authorized by the contract. The contract of November 13 does not allow for rescinding the contract. The Mutual Release specifically releases CI and Stottlemire from all claims. Both contracts require CI to file a stipulation to dismiss with prejudice and both contracts are complete. File the stipulation as your contractual obligations require.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 9:59 AM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** settlement agreement termination/no signed coupons release

We disagree on all points.

Since my last email I confirmed that we sent no signed release; Coupons did not release its claims prior to your breach.

If you decline to speak to Mr. McElhinny, your suggested motion is another alternative to our proposed correction remedy. Let's agree upon a hearing date for your motion.

> -----Original Message-----
> **From:** John Stottlemire [mailto:johna@stottlemire.com]
> **Sent:** Wednesday, November 26, 2008 9:46 AM
> **To:** Goteiner, Neil (24) x4485
> **Subject:** The Settelment Agreement remains in full force
>
> Neil,
>
> Your email provides more than enough proof to establish that there was/is a meeting of the minds on the Mutual Release. You quoted it and used it to provide proof that you were right and my argument held no merit. You know all I have to do is show there is a meeting of the minds to enforce the contract. (First Year – Contract Law if you have forgotten) In addition, on November 13, 2008 Dennis Cusack and Lauren Segal signed a contract which stated in part that the parties would exchange "mutual releases (standard form)" IN NONE of the contracts (where I will undoubtedly be able to show that there is a meeting of the minds) is "rescission" of the settlement agreement a remedy for an alleged breach. Conversely, as you pointed out, changes in material fact have no bearing on the Settlement Agreement. "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact."
>
> I'm not stupid and I really wish you would quit treating me as such. File the stipulation as your contractual obligations require and save yourself the embarrassment which would ensue should I be required to ask the Court to FORCE your compliance with the Settlement Agreement.
>
> One last comment: I have no discovery obligations. The case has settled.
>
> > **From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
> > **Sent:** Wednesday, November 26, 2008 9:26 AM
> > **To:** johna@stottlemire.com
> > **Cc:** DCusack@fbm.com; CAlameda@fbm.com
> > **Subject:** RE: rescinded settlement agreement
> >
> > BTW, Dennis is on vacation and so I could not confirm that he signed the release on Coupons's behalf as you appear to be implying. If he did, please send it. If he didn't, then I'm confused by your comment that Coupons released all claims.

-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Wednesday, November 26, 2008 8:40 AM
**To:** 'John Stottlemire'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** rescinded settlement agreement

With all due respect, you're fundamentally wrong on the law and on your interpretation of the facts. You might want to speak to Mr. McElhinny before you begin to default on your discovery obligations.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 8:17 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** All claims have been released.

Proof of "meeting of the minds"

Your email sent Sunday, November 23, 2008 at 12:17 PM states: "Your argument has no merit. Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact." You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future. But as you signed that release, you already were breaching it and the Settlement Agreement by your self-aggrandizing statements on your own blog and to the press."

Your email proves that CI and I had a meeting of the minds that the case should settle, that the case has settled, and that it should now be closed.

If my alleged breach of the agreement, in your analysis, is a "possible[] change[] in material fact[s]" and invokes the confidentiality clause, you have admitted that, "notwithstanding the occurrence of any possible changes or differences in material fact", CI has already released all claims against me and must file a stipulation to dismiss with prejudice  So the case is settled and should now be closed.

-john stottlemire

_____

—

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.