Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., | Case No. 5:07-CV-03457 HRL |
| Plaintiff, | **DECLARATION OF DENNIS M. CUSACK IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** |
| vs. | |
| JOHN STOTTLEMIRE, | Date:        January 27, 2009<br>Time:       10:00 a.m. |
| Defendant. | Courtroom: 2<br>Judge:      Honorable Howard R. Lloyd |

I, Dennis M. Cusack, declare as follows:

1.      I am an attorney licensed to practice before all the courts of the State of California, and am a partner in the firm of Farella Braun + Martel LLP, attorneys for plaintiff Coupons, Inc., in this matter.

2.      Attached as Exhibit A hereto is a true and correct copy of the now rescinded settlement agreement signed on November 13, 2008.

3.      Attached as Exhibit B hereto is a true and correct copy of Mr. Stottlemire's posting on his blog on November 19, 2008.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECLARATION OF DENNIS M. CUSACK IN OPPOSITION
TO MOTION TO STAY DISCOVERY -- USDC/NDC/SJ 5:07-
CV-03457 HRL                    - 1 -                    22675\1831680.1

1    4.    Attached as Exhibit C hereto are true and correct copies of articles published on

2    the Internet on November 20 and 21 following Mr. Stottlemire's blog posting and his further

3    communications with reporters and bloggers.

4    5.    In our follow up telephone and email communications with Mr. Stottlemire on this

5    subject, he has not denied that he told or implied to reporters that he paid no money to obtain

6    Coupons' dismissal with prejudice of the case.

7    6.    Attached as Exhibit D are true and correct copies of emails sent to Mr. Stottlemire

8    informing him that Coupons was rescinding the settlement agreement and informing him that

9    Coupons would not be filing the dismissal.

10    7.    Attached as Exhibit E is a true and correct copy of an email exchange in which Mr.

11    Stottlemire rejected Coupons' offer to resurrect the settlement if Mr. Stottlemire publicly

12    corrected his misstatements about the settlement.

13    8.    Attached as Exhibit F are true and correct copies of emails exchanged with Mr.

14    Stottlemire in December regarding Coupons' discovery requests.

15    9.    I met and conferred with Mr. Stottlemire by phone on December 17, 2008.  I

16    agreed that the depositions of Mr. Stottlemire, and if necessary his wife, would be held in North

17    Carolina, at a later date to be determined (depending on the timing of production of documents) if

18    it could not be arranged when he was in California for a hearing on this case, and that any

19    depositions would of course be subject to the 7-hour limit.  I told him that Coupons would not

20    agree to withdraw the requests for production of documents or requests for admission, but would

21    consider extensions of time to respond, once Mr. Stottlemire had confirmed whether and when he

22    intended to file a motion to enforce the settlement.  Mr. Stottlemire told us for the first time in

23    that conversation that he intended to file his motion by the date due for his answer to the

24    complaint (January 31).

25    10.    In that call, I reminded Mr. Stottlemire that some discovery might be necessary in

26    order to respond to his motion (e.g., to depose him on his communications with reporters,

27    bloggers and others about the terms of the settlement), and we would prefer to depose him just

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECLARATION OF DENNIS M. CUSACK IN OPPOSITION
TO MOTION TO STAY DISCOVERY -- USDC/NDC/SJ 5:07-
CV-03457 HRL

- 2 -

22675\1831680.1

1  once. I also told Mr. Stottlemire that, now that we knew when he intended to file his motion, we
2  would confer with Coupons and get back to him on extensions on the discovery.
3      11.    Attached as Exhibit G is a true and correct copy of my email to Mr. Stottlemire on
4  December 19, telling him that Coupons would agree to extensions to respond to the written
5  discovery.
6      12.    Attached as Exhibit H is a true and correct copy of the email exchange with Mr.
7  Stottlemire in November attempting to meet and confer over deposition dates and location.
8      13.    Attached as Exhibit I hereto is a true and correct copy of Mr. Stottlemire's
9  responses to our Requests for Admission.
10      14.    I have personal knowledge of the foregoing and if called upon to testify thereto I
11  can and would competently do so.
12      I declare under penalty of perjury under the laws of the State of California that the
13  foregoing is true and correct and that this Declaration was executed in San Francisco, California
14  on January 6, 2009.

15

16                                    /s/
17                                Dennis M. Cusack

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECLARATION OF DENNIS M. CUSACK IN OPPOSITION
TO MOTION TO STAY DISCOVERY -- USDC/NDC/SJ 5:07-     - 3 -                                22675\1831680.1
CV-03457 HRL

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., | Case No.   5:07-CV-03457 HRL |
| Plaintiff, | |
| | **SETTLEMENT AGREEMENT** |
| v. | |
| JOHN STOTTLEMIRE, and DOES 1-10, | |
| Defendants. | |

Coupons, Inc. and John Stottlemire agree to settle their pending dispute upon the following terms:

1. Coupons, Inc. will dismiss its pending lawsuit against Mr. Stottlemire with prejudice.

2. Mr. Stottlemire agrees to stipulate to the dismissal.

3. The parties will exchange mutual general releases in standard form.

4. Each party will bear its own attorney's fees and costs.

5.     The terms of the settlement will remain confidential.


Dated: November 13, 2008


FOR COUPONS, INC.

_____
Lauren Segal
Authorized Representative

_____
Dennis Cusak
Attorney for Plaintiff



For John Stottlemire

_____
John Stottlemire

**EXHIBIT B**



## BLOG CHAT

# Coupons, Inc. dismisses with prejudice

Posted At : November 19, 2008 2:41 PM | Posted By : John Stottlemire
Related Categories: Coupons, Inc v. Stottlemire

As long as Coupons, Inc. complies with the confidential settlement agreement, the action against me will be dismissed with prejudice. Dismissal with prejudice means that Coupons, Inc. will be unable to file this action again.

The letter Coupons, Inc. sent the Court to confirm the above can be viewed here: Link (PDF)

 Comments (3) |  Send |  del.icio.us |  Digg It! |  Linking Blogs | 261 Views

---

# Order on Motion to Dismiss

Posted At : November 7, 2008 6:22 AM | Posted By : John Stottlemire
Related Categories: Coupons, Inc v. Stottlemire

Although the Court denied the Motion to Dismiss the Third Amended Complaint, it certainly is not a loss. The Court did not reject my arguments. The Court simply stated that my arguments are premature and need to be made after the record is developed.

Defendant's Motion to Dismiss Plaintiff's Claim under 17 U.S.C. 1201(a) was denied. Issue raised by me was that to be liable under 1201(a) Coupons, Inc.'s technological measure must effectively control access to its copyrighted works. Since these works are set in their first form of tangible medium where they can be perceived only when they are printed to an ordinary piece of paper and Coupons, Inc. has only claimed that their technology protects its "coupon" it is obvious that no technology exists which effectively controls access to works printed on paper. The Court, in its decision, stated that:

> "At the hearing there was some discussion about whether plaintiff claimed copyright protection for its coupons as printed, for the digital form of the coupons, or for the coupons in all forms. Defendant alleged that the digital form of the coupon is not copyrightable, and that the printed coupon is "analog" and rightly not protected by the "digital" copyright act. These arguments are best addressed once the parties have engaged in discovery"

AND

> "Defendant's arguments about the "effectiveness" of plaintiff's technology are better raised once the relevant evidence has been developed"

Defendant's Motion to Dismiss Plaintiff's Claim under 17 U.S.C. 1201(b) was denied. Issue raised by me was that to be liable under 1201(b) Coupons, Inc must protect its exclusive rights with more than just an access control. The Court, in its decision stated that:

> "Ultimately, plaintiff will have to prove that is software actually works as both an "access" and "use" control. Plaintiff has, however, sufficiently alleged facts that support its theory that defendant violated 1201(b), and it should be allowed, in due course, to offer its proof."

Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure was denied. Issue raised by me was that Coupons, Inc. lied in its Third Amended Complaint in order to advance a claim against me. The Court, in its decision, stated that:

> "The sentence defendant objects to does appear to imply that access is denied in the absence of registry keys, when if fact, it seems that a registry key is automatically placed on the consumer's computer (if one is not found) when the consumer clicks "print." It does not appear, from plaintiff's own description, that access is ever really blocked in the absence of a registry key. Regardless, the court does not find that this inartfully crafted sentence warrants the imposition of Rule 11 sanctions. The court's analysis of plaintiff's 1201(a) claim did not turn on any misinterpretation of the sentence in question"

A copy of the order can be viewed here: Link (pdf)

 Comments (0) |  Send |  del.icio.us |  Digg It! |  Linking Blogs | 118 Views

---

# Reply to Opposition

Posted At : October 20, 2008 5:11 PM | Posted By : John Stottlemire
Related Categories: Coupons, Inc v. Stottlemire

## RECENT ENTRIES

**Coupons, Inc. dismisses with prejudice**

**Order on Motion to Dismiss**

**Reply to Opposition**

**Opposition to Motions**

**Motion To Dismiss Third Amended Complaint**

## NAVIGATION

Home
About Me
Recent Came From
Recent Pages Viewed

## ARCHIVES BY SUBJECT

Coupons, Inc (9) [RSS]
Coupons, Inc v. Stottlemire (47) [RSS]
Coupons, Inc., The DMCA and Me (2) [RSS]
Uninstalling Coupon Printer (2) [RSS]

## CALENDAR

<< December 2008 >>

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| --- | --- | --- | --- | --- | --- | --- |
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

## LINKS

John's Blog

My Favorite Charities
The Jeff Gordon Foundation
The Jimmy Johnson Foundation
The Hendrick Foundation

## SEARCH

**EXHIBIT C**

  

**ONE HOT GIFT.**
**ONE LOW PRICE.**
You give...they choose! Good towards any of 20 magazines!

NEW!

GET IT NOW!
CLICK HERE



**THREAT LEVEL**

PRIVACY, SECURITY, POLITICS AND CRIME ONLINE

All Wired 

« Bush Admin Rejects NYPD Spying Proposals as Illegal | Main | State Can Ban Prescription Data Mining, Appeals Court Rules »

✉ **SEND US A TIP!**

# Coupon Hacker Defeats DMCA Suit

By David Kravets ✉   November 20, 2008 | 7:00:50 PM

A California online coupon generating company is dropping its Digital Millennium Copyright Act lawsuit against a man sued for posting commands allowing users to print an unlimited number of valid coupons.

John Stottlemire was sued last year after posting the commands to his tenbucks.net and other websites. He was accused of posting code and instructions allowing shoppers to circumvent copy protection on downloadable, printable coupons from Colgate, General Foods and others for everything from cereal to soap.




Mountain View, Calif.-based Coupons Inc. argued Stottlemire was no different from cracks like "DVD Jon" Johansen's program, DeCSS, which allowed the duplication of encrypted DVDs.

"Without being represented by an attorney, I defended myself in federal court against a company who solicited the services of two separate law firms," Stottlemire said. "And in my opinion, I kicked their ass. By refusing to succumb to their bullying tactics, I continued to assert my innocence and fought the claims Coupons Inc. filed against me."

The 43-year-old Fremont, Calif., man insisted he did not circumvent any technology and instead found a weakness in Coupons Inc.'s software. Removing the key to the software's program limiting coupon production allowed users to acquire an unlimited number of coupons with unique, functioning serial codes.

Coupons Inc. declined comment. Terms of the dismissal were not made public. They do not require Stottlemire to remove the workaround, which is still published here.

Despite the settlement, the legal question at issue remains unsettled – whether Stottlemire's actions were unlawful under the DMCA. The 10-year-old law prohibits circumventing technology to work around measures to prevent the duplication of what Coupons Inc. claimed were copyrighted materials.

The question may be a moot point, at least for now. Coupons Inc. has countered Stottlemire's workaround, which no longer works.

Photo: JasonJT's Photostream

See Also:

- The Digital Millennium Copyright Act of 1998
- 10 Years Later, Misunderstood DMCA is the Law That Saved the Web ...
- DMCA Abuser Apologizes, Will Take Copyright Law Course
- Universal Says DMCA Takedown Notices Can Ignore 'Fair Use ...
- Stifled by Copyright, McCain Asks YouTube to Consider Fair Use ...

**SPECIAL HOLIDAY OFFER!**

**FREE GIFT SUBSCRIPTION**

DETAILS

BUY ONE GET ONE FREE!

ORDER NOW ▷



Enter to Win the Wired Wish List Bag! ❯



Subscribe now for

**TEAM**

**Kevin Poulsen** | e-mail
**David Kravets** | e-mail
**Kim Zetter** | e-mail
**Ryan Singel** | e-mail

**2008 Winner**
Knight-Batten Awards
**Innovations** in Journalism

# Coupons, Inc. drops DMCA lawsuit against coupon hacker

y Jacqui Cheng | Published: November 21, 2008 - 11:45AM CT

copyright lawsuit against a man who posted instructions on how to print unlimited copies of coupons has been dropped. The efendant, John Stottlemire, posted to his website this week that he had reached a settlement with Coupons, Inc. after a ear-long legal battle over the digital coupons, and that Coupons would not be able to file another similar action against him.

n late 2007, Stottlemire posted instructions to tenbucks.net detailing how to perform a number of registry key modifications nder Windows that would allow users to print unlimited online coupons offered by couponsinc.com. Without the "hack," users re technologically limited to printing only one coupon apiece.

oupons, Inc. was unimpressed by Stottlemire's postings and filed a lawsuit against him, alleging that he violated the Digital fillennium Copyright Act by instructing users on how to circumvent the company's copy-protection scheme. Coupons even vent so far as to compare Stottlemire to the infamous DVD Jon and his never-ending DRM-cracking efforts.



Stottlemire argued, however, that there was no hacking to be had, and that he only found weakness in Coupons' own software. "I honestly think there are big problems when you re not allowed to delete files off of your computer," he said at the time. Because of this, Stottlemire argued (without a lawyer, no less) that he did not violate the DMCA and noved to have the claims dismissed. The Electronic Frontier Foundation also filed an amicus brief in support of Stottlemire's motion to dismiss, arguing that Coupons' echnology didn't protect access to the files in question, and therefore Stottlemire did not circumvent anything.

A number of back-and-forths and a year later, Coupons apparently felt like it was getting nowhere with the case and came to a settlement with Stottlemire. As usual, the terms are argely confidential, although Stottlemire wrote on his site that the claims will be dismissed with prejudice, meaning that the company cannot bring further action against him.

Stottlemire is pretty proud of his success, too. "Without being represented by an attorney, I defended myself in federal court against a company who solicited the services of two separate law firms," he told Wired. "And in my opinion, I kicked their ass. By refusing to succumb to their bullying tactics, I continued to assert my innocence and fought the claims Coupons Inc. filed against me."

**Further reading:**

- If you have PACER access, search for case number 5:07-cv-03457-HRL

**Filed under: Coupons, copyright, DMCA, hack, Internet, Law**

© 2009 CondéNet Inc. All rights reserved.

**EXHIBIT D**

**Cusack, Dennis (27) x4475**

| | |
|---|---|
| **From:** | Goteiner, Neil (24) x4485 |
| **Sent:** | Sunday, November 23, 2008 2:09 PM |
| **To:** | 'hmcelhinny@mofo.com' |
| **Cc:** | 'John Stottlemire'; Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981 |
| **Subject:** | Coupon v. Stottlemire |

Mr. McElhinny:

Mr. Stottlemire's recent repeated (and admitted) breaches of the confidentiality term of the Settlement agreement have constrained Coupons to rescind the Settlement Agreement. Alternatively, Coupons proposed to Mr. Stottlemire an approach for him to repair the damage created by his breaches and to affirm his willingness to conform to the settlement agreement. He has so far declined to accept Coupons' proposal.

Accordingly, Monday Coupons will recommence the litigation and consider taking additional steps to mitigate its damages resulting from Mr. Stottlemire's breaches. (Coupons had not yet filed the dismissal when it learned of Mr. Stottlemire's breaches.)

We're informing you of these developments both as a courtesy because of your good efforts, and because your guidance to the parties may be helpful in resurrecting the settlement. We've no objection to you communicating ex parte and directly with Mr. Stottlemire at your earliest convenience.

Below is the email spool starting Friday that contain the parties' respective positions.

**Neil A. Goteiner**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

**Office** 415.954.4485
**Fax** 415.954.4480
**Cell** 415.279.6783
www.fbm.com

-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Sunday, November 23, 2008 12:17 PM
**To:** 'John Stottlemire'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** RE: your breach of the Settlement

In your Friday email you protested that you had not publicly disclosed the terms of the settlement. Now you admit, as you must, that you did disclose the settlement terms, particularly you disclosed the dismissal with prejudice, claimed you bested us and that you paid nothing. You attempt to justify your

breech by asserting, without basis, that the dismissal was not going to be filed under seal, and that the parties therefore implicitly "revised" the settlement agreement.

Your argument has no merit. Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, **notwithstanding the occurrence of any possible changes or differences in material fact.**" You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future. But as you signed that release, you already were breaching it and the Settlement Agreement by your self-aggrandizing statements on your own blog and to the press.

Further, your argument attempting to excuse your breach as essentially an early disclosure of information that would eventually be in the public, also fails. Your argument essentially eviscerates the confidentiality term. Further, there is nothing in the stipulation that says it would not be filed under seal. The settlement did not require a specific provision obligating the parties to do so, in order to bind (or to permit) the parties to do so. To the contrary, it was the parties' obligation to do everything reasonably necessary to comply with the terms of the settlement stipulation including that it would "remain confidential, " including filing the dismissal under seal, as well as not speaking to the press, as you did. Are you suggesting that although you represented and warranted that the settlement terms would remain confidential, that you would not agree to file the stipulation under seal once we suggested doing that to effectuate the confidentiality term?

Moreover, even if the settlement agreement had not been filed under seal, there was no certainty, or even probability, that the press would have picked up a publicly filed dismissal, had you not brought it to their attention (based on your distortion of events leading to settlement, which we aim to correct in the public record).

Similarly, your assertion of an implicit agreement "revision," flies in the face of the confidentiality term and your additional representation and warranty. You should have articulated your intent to revise the settlement with Dennis, Coupons, Inc. and Mr. McElhinny. Your post-breach "revision" spin will not play well in San Jose. All it does is underline your bad faith as you negotiated and signed the Settlement Agreement, contrary to your protests about your integrity.

Finally, given your victory lap brandishing your ass kicking exploits and disclosure of settlement terms, we're assuming that you have no objections to us publicizing facts 4(a)-(e) of my Friday 7:29 email to you. But please let me know today if you disagree, and the basis for your objection.

Coupons will not be filing the stipulation of dismissal, but will continue to  prosecute the case, short of your agreement to attempt to correct and repair the breach as we have proposed.  Your email makes clear that you would rather spin than do the right thing. And so it's become clear that Coupons and the market require a judgment and verdict to stop your injurious mischaracterizations and conduct. I presume that you know that you will be wasting your time in this continued law suit. For, I'm sure that Mr. McElhinny told you that you would lose the case, which only confirmed what you already knew when you reviewed Judge Lloyd's ruling against you and against EFF's arguments. Coupons is willing to invest the money to end its relationship with you and to clear up the confusion that you have caused through your settlement breaches.

We'll alert Mr. McElhinny Monday of these unfortunate developments.

**EXHIBIT E**

## ·Cusack, Dennis (27) x4475

**From:**    Goteiner, Neil (24) x4485
**Sent:**    Friday, November 21, 2008 9:47 PM
**To:**      'johna@stottlemire.com'
**Cc:**      Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** Re: your breach of the Settlement

We will treat that as your final response.

---

**From:** John Stottlemire
**To:** Goteiner, Neil (24) x4485
**Sent:** Fri Nov 21 20:33:29 2008
**Subject:** RE: your breach of the Settlement

There has been no breach.  The terms of the settlement agreement have not been disclosed.

---

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Friday, November 21, 2008 7:29 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** your breach of the Settlement


John:

Your web site comments, including "kicking ass" and that the case was dismissed with prejudice, as well as your communications (either direct or through your web site) with various bloggers including, Dan Morril and David Kravits, breached the wording and intent of the confidentiality term of the settlement agreement.  The agreement specifically states that "The terms of the settlement will remain confidential."  This was included as a material term of the agreement at your request.  Your blatant violation of your commitment, and the consequences of that abuse have damaged Coupons' reputation and continue to do so.

We are not filing the notice of dismissal unless you repair the breach.  Coupons now insists that the only way for you to repair your breach would be to publish prominently on your web site and distribute to each blogger who referred to the settlement (or does so in the near future) a full narrative of the following facts leading to the settlement.  The statement must contain the following elements (Coupons will draft the precise language), and we must receive proof that you've satisfactorily circulated the statement.

    1.    Refer to the inaccurate statements on your web site and to the statements on the relevant blogs and correct the blog's mischaracterization of the case and of the settlement terms;

    2.    Specifically state that while you asked for the confidentiality agreement, you breached it, and also that your web site and the blogs discussing the case contain misleading information about the settlement and the litigation.

    3.    Attach to your statement the entire recent court decision and accurately characterize in layman's language the Court's denial of your motion for sanctions and motion to dismiss, as well as the court's reasoning and

holding. Your statement would also point out that the Court ultimately came to its ruling notwithstanding vigorous amicus briefing from the Electronic Frontier Foundation. Your statement would of course specifically explain the court's of how and why both sections 1201(a) and section 1201(b) are applicable, over your strong objections.

4.    Accurately state the sequencing of settlement events, namely that: (a) prior to the recent hearing, you demanded that Coupons pay you $2 million for your various claims based on your position that Coupons case was without merit and vexatious, and that you had always demanded money from Coupons to settle your asserted claims; (b) you breached confidential settlement discussions previously by publishing on your web site your earlier demand for over $1 million; (c) after the hearing in which the court denied your motion to dismiss, you withdrew those settlement demands; (d) at the ENE session after the Court issued the attached ruling, you dropped your demands for even a penny and then asked for the confidentiality agreement that you breached; (e) after you signed the settlement term sheet you requested that Coupons indemnify you against claims by Coupons' customers for intentionally interfering with their business and by stealing coupons via your software; and (f) that after Coupons objected to your settlement breach, you agreed to correct the record. You are welcome to explain that it was your integrity that made you retract your misleading statements and breaching conduct, but you must truthfully state that by the time of your settlement you had not bested Coupons, but had in fact lost your motion to dismiss and explain that Coupons was about to proceed against you with discovery, including your deposition, and with significant potential for damages against you if you had not settled.

Further, you will not object to any additional press releases or stories that result from Coupons' sharing with the press the accurate facts of the case and of the settlement events.

If you don't agree to the above, you will leave Coupons no choice but either to sue to enforce the settlement agreement and seek the relief outlined above, looking to you for the costs of such a law suit, or to withdraw from the settlement and proceed with the case.

If we do not hear from you within 48 hours, we will assume you refuse to agree to the above and will proceed accordingly.

**Neil A. Goteiner**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

Office 415.954.4485
Fax    415.954.4480
Cell    415.279.6783
www.fbm.com

1/6/2009

**EXHIBIT F**

## Cusack, Dennis (27) x4475

**From:**      Cusack, Dennis (27) x4475

**Sent:**      Thursday, December 11, 2008 4:39 PM

**To:**        'John Stottlemire'

**Subject:**   RE: A request

We will not withdraw the discovery requests. We are willing to agree to a reasonable extension of time to respond to them, on the condition that we address now in a more comprehensive way the scheduling of the next phase of this litigation, the specific tasks, and balancing both your needs and Coupons' needs so that the schedule is fair and not prejudicial to either party. To summarize:

1.   If you are going to file a motion to attempt to enforce the now rescinded settlement, we want to schedule the briefing on that motion, and attendant discovery that is likely to be necessary to respond to it.

2.   We understand your need for additional time to respond to the document request in light of your move, and would be willing to agree to a substantive response date at the end of January, in the context of a broader scheduling agreement. That comprehensive schedule would entail pushing back the date for your deposition, but also agreeing on a firm date. (We may also need to depose you to respond to your promised motion to enforce the settlement).

3.   We have difficulty, though, understanding why you need significant time to respond to the Requests for Admission. The knowledge to respond to them is presumably in your head. Your email to Mr. McElhinny, your promised new complaint on ADR issues, and your threatened settlement enforcement motion demonstrate that you have time to devote to this lawsuit on your issues and tactics. I'm sure that you understand that we don't agree with your priorities given your claimed limited time to respond to the admissions, document requests and the third amended complaint. We have explained to you that you've injured Coupons. If you insist on asking the Court for more time to answer Coupons' discovery while pursuing your collateral agenda, we will so inform the Court. We will also point out that fairness and equity demands that our discovery take precedence over your tactics, given that it was your breach and misrepresentations to the press that injured Coupons. Coupons needs as quickly as possible to set the record straight with a summary judgment motion and entry of judgment against you. In short we can't agree that you should unduly delay this proceeding so as to allow you to spend time on your agenda rather than on our Requests for Admission, production of documents and our deposition examination of you.

Finally, we ask you to be accurate in your representations to the court, to court officers and to us, going forward. Your email to Mr. McElhinny was seriously misleading. Your ellipsis was particularly objectionable.

Dennis

> -----Original Message-----
> **From:** John Stottlemire [mailto:johna@stottlemire.com]
> **Sent:** Wednesday, December 10, 2008 5:32 AM
> **To:** Cusack, Dennis (27) x4475
> **Subject:** A request
>
> Dennis,
>
> Please withdraw your discovery requests until after our Case Management Conference which Judge Lloyd ordered for February 17, 2009. It is currently impossible for me to answer your requests until I have my household items delivered. I seriously doubt I will be able to answer them with the current deadlines of December 24 and December 26. Please let me know as soon as possible if you will withdraw your discovery requests.
>
> If this request seems unreasonable please let me know why you feel it is unreasonable.
>
> -john

**EXHIBIT G**

| | |
|---|---|
| **From:** | Cusack, Dennis (27) x4475 |
| **Sent:** | Friday, December 19, 2008 10:47 AM |
| **To:** | John A. Stottlemire (johna@stottlemire.com) |
| **Cc:** | Goteiner, Neil (24) x4485; Alameda, Carly (20) x4981 |
| **Subject:** | Discovery |

John:

When we spoke on Wednesday, I said I would speak to my client about reasonable extensions on the pending discovery deadlines and get back to you. I see that you've already gone ahead and filed a motion to stay (which I haven't yet read).

For what it's worth, we're prepared to give you a month's extension on the Requests for Admission and the Request for Production of Documents. These would now be due on January 24 and 26, respectively. We will renotice the depositions, but the timing of those will depend in part on your motion to enforce the settlement, as to which we may well need discovery.

Dennis

**Dennis M. Cusack**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4475
F 415.954.4480
www.fbm.com

**EXHIBIT H**

| | |
|---|---|
| **From:** | Goteiner, Neil (24) x4485 |
| **Sent:** | Monday, November 24, 2008 3:10 PM |
| **To:** | 'johna@stottlemire.com' |
| **Cc:** | Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981 |
| **Subject:** | RE: Coupons, Inc. v. Stottlemire |

Let's also schedule dates for your and your wife's depositions at our offices. How does January 12th through the 14th look?

```
-----Original Message-----
```
| | |
|---|---|
| **From:** | Arentsen, Kay (24) x3514 |
| **Sent:** | Monday, November 24, 2008 3:00 PM |
| **To:** | 'johna@stottlemire.com' |
| **Subject:** | Coupons, Inc. v. Stottlemire |

<< File: 2008-11-24 Plaintiff Coupons, Inc.'s First Request for Production of Documents to Defendant John Stottlemire.PDF >>  << File: 2008-11-24 letter from NAG to Judge Lloyd re Settlement Status and Time to File Answer.PDF >>
Attached are the following documents:

Plaintiff Coupons, Inc.'s First Request for Production of Documents to Defendant John Stottlemire
Letter from Neil A. Goteiner to the Honorable Howard R. Lloyd regarding Settlement Status and Time to File Answer

**Kay Arentsen**
Legal Secretary to
Steven R. Lowenthal, Neil A. Goteiner
Grace K. Won, Ruth Ann Castro

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.3514
F 415.954.4480
www.fbm.com

1

## Cusack, Dennis (27) x4475

**From:** Goteiner, Neil (24) x4485
**Sent:** Thursday, November 27, 2008 1:54 PM
**To:** 'John Stottlemire'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** depositions for your contemplated summary judgment motion

Please provide some dates for your deposition on the settlement agreement breach since you are contemplating a motion for summary judgment. Let's try to set the deposition before you move so that we avoid causing you any travel inconvenience. The deposition should last no more than 5 hours, assuming that your testimony moves quickly without any quarreling. If your wife was involved in speaking with the press or bloggers, inputting material on the web site, or if she overheard any of your discussions with third parties on these issues, we'll need her deposition as well. Also, if you spoke with anyone regarding your decision or actions that we allege constitute the breach, we'll need to depose that person as well. We're assuming that you will not be asserting any attorney-client privilege as to communications with third parties, since you have no counsel.

-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Wednesday, November 26, 2008 11:24 AM
**To:** 'John Stottlemire'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** impasse and the way out

As you wish. I'm pretty sure that the Court will simply order us back to ENE.

Coupons is fine with making everything public regarding the settlement. Keep in mind that regarding Coupons' motivations for settling, we believed your statement that there were significant judgments against you, that you had no assets and that you were judgment proof, and we also thought that you would have preferred not to have that sort of financial and personal history made public.

I also think that further correspondence with each other now doesn't pay since we are truly at an impasse if you don't want to return to McElhinny. So please don't take offense at the probability that I won't be answering your further email. We're proceeding on our discovery schedule and noticing your deposition, and with pushing for your answer to the amended complaint.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 11:04 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** RE: impasse and the way out

The dispositive issue is not the breach. The dispositive issue is your remedy in the event of a breach and your disregard for the law. You've convicted me of a breach without receiving a ruling that a breach did in fact take place. You can claim a breach all you desire and you can request that as a remedy of that breach (if in fact a jury and/or Judge concludes there is a breach) you receive what the law allows. I would think that an attorney who is licensed to practice law would fully understand due process and his requirements to adhere to due process.

In closing: Mr. McElhinny is a terminated party to this action (you should really spell his name correctly out of respect to him.) I do not consent to a meeting with any party who is a non-party to this action. Additionally, when timing is right, I will confer with CI to set a date for a

**EXHIBIT I**

John A. Stottlemire
4509 Wayland Court
High Point, NC 27265
Telephone: (614) 358-4185
Email: johna@stottlemire.com
Defendant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUPONS, INC., a California corporation,   )   Case No. 5:07-CV-03457 HRL
                                           )
            Plaintiff,                     )   **DEFENDANT JOHN STOTTLEMIRE'S**
                                           )   **RESPONSES AND OBJECTIONS TO**
      v.                                   )   **PLAINTIFF COUPONS, INC.'S FIRST**
                                           )   **REQUEST FOR ADMISSIONS**
JOHN STOTTLEMIRE                           )
                                           )   Judge:      Hon. Howard R. Lloyd
            Defendant                      )
                                           )

RESPONDING PARTY:        Defendant John Stottlemire

SET NUMBER:              One

PROPOUNDING PARTY:       Plaintiff Coupons, Inc.

Defendant John Stottlemire hereby responds and objects to Plaintiff Coupons, Inc.'s First

Request for Admissions as follows:

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that during the month of May 2007, you posted instructions on two different online

forums which would erase all Microsoft Windows registry keys and hidden files deposited on a

computer by Plaintiff Coupons, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

1  Defendant John Stottlemire objects to this request for admission on the grounds that on

2  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

3  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

4  damage, of every kind and character, known or unknown, contingent or certain, past, present or

5  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

6  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

7  CV-03457 HRL.

8  **REQUEST FOR ADMISSION NO. 2:**

9  Admit that over the course of the next several months (after May 2007), you continued to

10  update the posted instructions each time Plaintiff Coupons, Inc. changed the names of the

11  Microsoft Windows registry keys or the hidden files Plaintiff stored on the consumer's computer.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

13  Defendant John Stottlemire objects to this request for admission on the grounds that the use

14  of the term "several" renders this request vague and incapable of being admitted or denied.

15  Defendant John Stottlemire objects to this request for admission on the grounds that on

16  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

17  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

18  damage, of every kind and character, known or unknown, contingent or certain, past, present or

19  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

20  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

21  CV-03457 HRL.

22  **REQUEST FOR ADMISSION NO. 3:**

23  Admit that you offered to distribute software that, upon a consumer's specific request,

24  would remove Windows registry keys and computer files residing on the computer's storage

25  medium for the primary purpose of removing the limitations placed by the coupons.com software.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

27  Defendant John Stottlemire objects to this request for admission on the grounds that on

28  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you own and operate the online forum located at www.thecouponqueen.net/forum.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you own and operate the blog located at www.tenbucks.net.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 6:**

1      Admit that you understand that Coupons, Inc. implements print limitations which control

2 the total number of coupons from a particular coupon offer available to a particular computer (a

3 device limit) and available for the entire coupon offer (a campaign limit).

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

5      Defendant John Stottlemire objects to this request for admission on the grounds that on

6 November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

7 from each and every claim, demand, action, cause of action, loss, cost, expense or element of

8 damage, of every kind and character, known or unknown, contingent or certain, past, present or

9 future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

10 John Stottlemire" United States District Court, Northern District of California, case number 5:07-

11 CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 7:**

13      Admit that you understand that in order to print coupons from Coupons, Inc., consumers

14 are required to download and install coupon printing software which functions to 1) uniquely

15 identify the computer requesting the coupon, 2) decrypt the coupon file received from Coupons,

16 Inc.'s server, and 3) send the decrypted coupon directly to the printer connected to the computer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

18      Defendant John Stottlemire objects to this request for admission on the grounds that on

19 November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

20 from each and every claim, demand, action, cause of action, loss, cost, expense or element of

21 damage, of every kind and character, known or unknown, contingent or certain, past, present or

22 future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

23 John Stottlemire" United States District Court, Northern District of California, case number 5:07-

24 CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 8:**

26      Admit that in exchange for a handling fee, you distribute to others coupons you have

27 printed using coupons.com software.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

1         Defendant John Stottlemire objects to this request for admission on the grounds that on

2  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

3  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

4  damage, of every kind and character, known or unknown, contingent or certain, past, present or

5  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

6  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

7  CV-03457 HRL.

8  **REQUEST FOR ADMISSION NO. 9:**

9         Admit that you created and offered to others software that allowed a user to remove

10  registry keys and files placed by Coupons, Inc. on an individual computer.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

12         Defendant John Stottlemire objects to this request for admission on the grounds that on

13  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

14  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

15  damage, of every kind and character, known or unknown, contingent or certain, past, present or

16  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

17  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

18  CV-03457 HRL.

19  **REQUEST FOR ADMISSION NO. 10:**

20         Admit that you created and offered to others software that allowed an individual computer

21  to gain access to a single coupon offer beyond what the computer would have been able to access

22  without your software.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

24         Defendant John Stottlemire objects to this request for admission on the grounds that on

25  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

26  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

27  damage, of every kind and character, known or unknown, contingent or certain, past, present or

28  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

1  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

2  CV-03457 HRL.

3  **REQUEST FOR ADMISSION NO. 11:**

4      Admit that you accepted Coupons, Inc.'s End User License Agreement ("EULA").

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

6      Defendant John Stottlemire objects to this request for admission on the grounds that on

7  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

8  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

9  damage, of every kind and character, known or unknown, contingent or certain, past, present or

10  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

11  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

12  CV-03457 HRL.

13  **REQUEST FOR ADMISSION NO. 12:**

14      Admit that you posted comments in the Coupon Queen forum explaining a method for

15  finding and removing Coupons, Inc.'s registry keys and files which regulated access to coupon

16  offers.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

18      Defendant John Stottlemire objects to this request for admission on the grounds that on

19  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

20  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

21  damage, of every kind and character, known or unknown, contingent or certain, past, present or

22  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

23  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

24  CV-03457 HRL.

25  **REQUEST FOR ADMISSION NO. 13:**

26      Admit that you created and used software to remove registry keys and files placed on your

27  computer by coupons.com.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

1  Defendant John Stottlemire objects to this request for admission on the grounds that on

2  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

3  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

4  damage, of every kind and character, known or unknown, contingent or certain, past, present or

5  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

6  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

7  CV-03457 HRL.

8  **REQUEST FOR ADMISSION NO. 14:**

9  Admit that you offered to others and shared software to remove registry keys and files

10  placed on an individual's computer by coupons.com.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

12  Defendant John Stottlemire objects to this request for admission on the grounds that on

13  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

14  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

15  damage, of every kind and character, known or unknown, contingent or certain, past, present or

16  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

17  John Stottlemire" United States District Court, Northern District of California, case number 5:07-

18  CV-03457 HRL.

19  **REQUEST FOR ADMISSION NO. 15:**

20  Admit that the program you created to remove the registry keys and files placed by

21  Coupons, Inc. has been downloaded by consumers not less than 1,800 times.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

23  Defendant John Stottlemire objects to this request for admission on the grounds that on

24  November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

25  from each and every claim, demand, action, cause of action, loss, cost, expense or element of

26  damage, of every kind and character, known or unknown, contingent or certain, past, present or

27  future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

28

1 John Stottlemire" United States District Court, Northern District of California, case number 5:07-
2 CV-03457 HRL.

3 **REQUEST FOR ADMISSION NO. 16:**

4     Admit that the comments you posted on The Coupon Queen forum and your blog,
5 www.tenbucks.net regarding the removal of registry keys and files placed by Coupons, Inc. have
6 been viewed by consumers not less than 5,000 times.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

8     Defendant John Stottlemire objects to this request for admission on the grounds that on
9 November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire
10 from each and every claim, demand, action, cause of action, loss, cost, expense or element of
11 damage, of every kind and character, known or unknown, contingent or certain, past, present or
12 future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.
13 John Stottlemire" United States District Court, Northern District of California, case number 5:07-
14 CV-03457 HRL.

15 **REQUEST FOR ADMISSION NO. 17:**

16     Admit that you are aware that print limitations are in effect for coupons obtained with
17 coupons.com software.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

19     Defendant John Stottlemire objects to this request for admission on the grounds that on
20 November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire
21 from each and every claim, demand, action, cause of action, loss, cost, expense or element of
22 damage, of every kind and character, known or unknown, contingent or certain, past, present or
23 future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.
24 John Stottlemire" United States District Court, Northern District of California, case number 5:07-
25 CV-03457 HRL.

26 **REQUEST FOR ADMISSION NO. 18:**

27     Admit that you created, used, and offered your software for the purpose of beating the print
28 limitations imposed by coupons.com software.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 19:**

Admit that you understand that each coupon print obtained with coupons.com software contains a unique bar code or other unique identifying information such that no two coupon prints are exactly the same.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you continued to post comments online to help others identify and remove the registry keys and files from coupons.com software even after you accepted the End User License Agreement ("EULA") put in place by Coupons, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of

damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 21:**

Admit that after the ENE session of November 13, 2008, you informed others that you had settled the case with Coupons, Inc. and the case would be dismissed with prejudice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant John Stottlemire objects to this request for admission on the grounds that it exceeds the scope defined in Federal Rules of Civil Procedure 26(b)(1) and that this request for admission is not relevant to Plaintiff Coupons, Inc.'s claim.

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of damage, of every kind and character, known or unknown, contingent or certain, past, present or future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v. John Stottlemire" United States District Court, Northern District of California, case number 5:07-CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 22:**

Admit that after the ENE session of November 13, 2008, you informed others that you had settled the case with Coupons, Inc. and that you would pay nothing to Coupons, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendant John Stottlemire objects to this request for admission on the grounds that it exceeds the scope define in Federal Rules of Civil Procedure 26(b)(1) and that this request for admission is not relevant to Plaintiff Coupons, Inc.'s claim.

Defendant John Stottlemire objects to this request for admission on the grounds that on November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire from each and every claim, demand, action, cause of action, loss, cost, expense or element of

1 damage, of every kind and character, known or unknown, contingent or certain, past, present or

2 future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

3 John Stottlemire" United States District Court, Northern District of California, case number 5:07-

4 CV-03457 HRL.

**REQUEST FOR ADMISSION NO. 23:**

6      Admit that after the ENE session of November 13, 2008, you posted information on your

7 blog that you had settled the case with Coupons, Inc. and the case would be dismissed with

8 prejudice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

10      Defendant John Stottlemire objects to this request for admission on the grounds that it

11 exceeds the scope define in Federal Rules of Civil Procedure 26(b)(1) and that this request for

12 admission is not relevant to Plaintiff Coupons, Inc.'s claim.

13      Defendant John Stottlemire objects to this request for admission on the grounds that on

14 November 13, 2008, Coupons, Inc. fully and forever released and discharged John Stottlemire

15 from each and every claim, demand, action, cause of action, loss, cost, expense or element of

16 damage, of every kind and character, known or unknown, contingent or certain, past, present or

17 future which arises out of, relates to, or in any way concerns the action captioned "Coupons, Inc. v.

18 John Stottlemire" United States District Court, Northern District of California, case number 5:07-

19 CV-03457 HRL.

20

21

22 DATED this 24th day of December, 2008.     _____

John Stottlemire

Defendant, *pro se*

23

24

25

26

27

28