# EXHIBIT A

## TO THE DECLARATION OF DENNIS M. CUSACK IN OPPOSITION TO DEFENDANT'S MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT

Neil A. Goteiner (State Bar No. 083524)
Dennis M. Cusack (State Bar No. 124988)
Carly O. Alameda (State Bar No. 244424)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ngoteiner@fbm.com, dcusack@fbm.com,
calameda@fbm.com

Attorneys for Plaintiff
COUPONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN STOTTLEMIRE, <br><br> Defendant. | Case No. 5:07-CV-03457 HRL <br><br> **STIPULATION TO ALLOW PARTIES TO DISCLOSE SETTLEMENT DISCUSSIONS FROM ENE SESSION** <br><br> [N.D. ADR Local Rule 5-12(b)(1)] |

Pursuant to ADR Local Rule 5-12(b)(1)[1], Plaintiff Coupons, Inc., Defendant John Stottlemire, and Evaluator Harold McElhinny, hereby stipulate that the parties may disclose statements and conduct -- concerning the subject of settlement only -- that took place at the Early Neutral Evaluation ("ENE") session held November 13, 2008. This stipulation does not extend to disclosure of statements and conduct concerning the evaluation.

---

[1] "This rule does not prohibit: (1) disclosures as may be stipulated by all parties and the evaluator."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIP TO ALLOW PARTIES TO DISCLOSE
SETTLEMENT DISCUSSIONS FROM ENE SESSION
5:07-CV-03457 HRL

22675\1856843.1

1    IT IS SO STIPULATED.

2    Dated:  February 3, 2009                    FARELLA BRAUN & MARTEL LLP

3

4                                                By:_____/s/_____
5                                                    Dennis M. Cusack

6                                                Attorneys for Plaintiff
                                                 COUPONS, INC.
7
     Dated:  February 3, 2009
8

9                                                By:_____/s/_____
10                                                   John Stottlemire
                                                     Defendant, *pro se*
11
     Dated:  February 3, 2009
12

13

14                                               By:_____/s/_____
                                                     Harold McElhinny, ENE evaluator
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIP TO ALLOW PARTIES TO DISCLOSE
SETTLEMENT DISCUSSIONS FROM ENE SESSION
5:07-CV-03457 HRL

- 2 -

22675\1856843.1

**Cusack, Dennis (27) x4475**

| | |
|---|---|
| **From:** | McElhinny, Harold J. [HMcElhinny@mofo.com] |
| **Sent:** | Tuesday, February 03, 2009 10:27 AM |
| **To:** | Alameda, Carly (20) x4981; johna@stottlemire.com |
| **Cc:** | Cusack, Dennis (27) x4475; Goteiner, Neil (24) x4485; Smith, Victoria R. |
| **Subject:** | RE: Coupons v Stottlemire- stip to allow disclosure re ENE |

This is fine with me, but I won't be in my office for the rest of the week. Carly, you may sign my name to it.

Harold McElhinny

---

**From:** CAlameda@fbm.com [mailto:CAlameda@fbm.com]
**Sent:** February 02, 2009 6:36 PM
**To:** McElhinny, Harold J.; johna@stottlemire.com
**Cc:** DCusack@fbm.com; NGoteiner@fbm.com
**Subject:** Coupons v Stottlemire- stip to allow disclosure re ENE

<<2009-02-02 Coupons- stip to allow disclosure re ENE.DOC>>
Mr. McElhinny and Mr. Stottlemire,

Attached is a stipulation we prepared to allow the parties to disclose certain statements and conduct regarding settlement discussions from the ENE. If this is acceptable to you, please sign and email us back a pdf copy with your signature, and we will get this on file with the Court. Thanks.

Carly

**Carly O. Alameda**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415 954 4400
D 415 954 4981
F 415 954 4480
www.fbm.com

===================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the

## Cusack, Dennis (27) x4475

**From:** McElhinny, Harold J. [HMcElhinny@mofo.com]
**Sent:** Monday, February 02, 2009 3:12 PM
**To:** Cusack, Dennis (27) x4475; johna@stottlemire.com
**Cc:** Alice_Fiel@cand.uscourts.gov
**Subject:** RE: ENE disclosures

Gentlemen:

I agree that both of you are free to disclose to the Court any and everything that occurred during our ENE session.


Harold McElhinny

**From:** DCusack@fbm.com [mailto:DCusack@fbm.com]
**Sent:** February 01, 2009 8:33 PM
**To:** McElhinny, Harold J.
**Cc:** johna@stottlemire.com
**Subject:** FW: ENE disclosures

Mr. McElhinny:

Would you please let us know as soon as you can if you will stipulate to the disclosures described below? Mr. Stottlemire has filed his Motion to Enforce the settlement, and our opposition brief is due on Tuesday. We don't need testimony from you; only your assent to disclosures by the other participants, limited to the settlement discussions. Thanks very much for your help.


Dennis Cusack


-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Sunday, February 01, 2009 3:04 PM
**To:** Cusack, Dennis (27) x4475
**Cc:** HMcElhinny@mofo.com
**Subject:** RE: ENE disclosures

Not a problem, as long as it is limited to disclosing ONLY the settlement discussions. Prepare the stipulation and I will sign it.


**From:** DCusack@fbm.com [mailto:DCusack@fbm.com]
**Sent:** Sunday, February 01, 2009 4:05 PM
**To:** johna@stottlemire.com
**Cc:** HMcElhinny@mofo.com
**Subject:** ENE disclosures


John:

Your motion discloses statements and conduct at the ENE. We would like the opportunity, in fairness, to present additional

2/3/2009

evidence to put your statements into context.  Will you stipulate to disclosure?  If so, then we can ask Mr. McEhinney to join the stipulation.

Dennis

**Dennis M. Cusack**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4475
F 415.954.4480
www.fbm.com

================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
================================================================

## Cusack, Dennis (27) x4475

**From:** John Stottlemire [johna@stottlemire.com]
**Sent:** Tuesday, February 03, 2009 2:43 AM
**To:** Cusack, Dennis (27) x4475
**Subject:** RE: Coupons v Stottlemire- stip to allow disclosure re ENE

Dennis,

You may affix my /s/ to the stipulation which was attached and then efile.

-john stottlemire

**From:** CAlameda@fbm.com [mailto:CAlameda@fbm.com]
**Sent:** Monday, February 02, 2009 9:36 PM
**To:** hmcelhinny@mofo.com; johna@stottlemire.com
**Cc:** DCusack@fbm.com; NGoteiner@fbm.com
**Subject:** Coupons v Stottlemire- stip to allow disclosure re ENE

<<2009-02-02 Coupons- stip to allow disclosure re ENE.DOC>>
Mr. McElhinny and Mr. Stottlemire,

Attached is a stipulation we prepared to allow the parties to disclose certain statements and conduct regarding settlement discussions from the ENE. If this is acceptable to you, please sign and email us back a pdf copy with your signature, and we will get this on file with the Court. Thanks.

Carly

**Carly O. Alameda**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415 954 4400
D 415 954 4981
F 415 954 4480
www.fbm.com

2/3/2009

# EXHIBIT B

TO THE DECLARATION OF DENNIS M. CUSACK IN
OPPOSITION TO DEFENDANT'S MOTION TO
SUMMARILY ENFORCE SETTLEMENT AGREEMENT

**Cusack, Dennis (27) x4475**

**From:**    Cusack, Dennis (27) x4475
**Sent:**    Friday, October 17, 2008 4:38 PM
**To:**      'John Stottlemire'
**Subject:** RE: Last offer - Coupons, Inc. v. Stottlemire

John:

We appreciate the offer; it's certainly a step in the right direction.  However, Coupons can't accept it.  It won't pay any money to you for a settlement of this case.

Coupons is still willing to settle for the terms set out in our February 1 letter.  We reserve the right to withdraw that offer once the hearing on your motions begins.

Dennis

> -----Original Message-----
> **From:** John Stottlemire [mailto:jstottl@comcast.net]
> **Sent:** Thursday, October 16, 2008 3:27 PM
> **To:** Cusack, Dennis (27) x4475
> **Subject:** Last offer - Coupons, Inc. v. Stottlemire
>
> Dennis,
>
> Last chance to settle this before Motion to Dismiss hearing.
>
> This offer expires Monday, October 20, 2008 at 5:00 PM.
>
> I will settle for:
>   1. A one-time payment of $300,000 for damages (compensatory, non-compensatory and punitive) which I would be entitled to under a claim of malicious prosecution.
>   2. You would also need to prepare a mutual release settlement agreement which would release me for liability under claims currently pending in Federal Court and release Coupons, Inc. for claims under malicious prosecution and/or misuse of process.
>   3. Dismiss all charges against me with prejudice.
>   4. Terms of the settlement would remain confidential.
>
> Let me know if you are interested.
>
> -john stottlemire

# EXHIBIT C

TO THE DECLARATION OF DENNIS M. CUSACK IN
OPPOSITION TO DEFENDANT'S MOTION TO
SUMMARILY ENFORCE SETTLEMENT AGREEMENT

## Cusack, Dennis (27) x4475

**From:** Goteiner, Neil (24) x4485
**Sent:** Sunday, November 23, 2008 2:09 PM
**To:** 'hmcelhinny@mofo.com'
**Cc:** 'John Stottlemire'; Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** Coupon v. Stottlemire

Mr. McElhinny:

Mr. Stottlemire's recent repeated (and admitted) breaches of the confidentiality term of the Settlement agreement have constrained Coupons to rescind the Settlement Agreement. Alternatively, Coupons proposed to Mr. Stottlemire an approach for him to repair the damage created by his breaches and to affirm his willingness to conform to the settlement agreement. He has so far declined to accept Coupons' proposal.

Accordingly, Monday Coupons will recommence the litigation and consider taking additional steps to mitigate its damages resulting from Mr. Stottlemire's breaches. (Coupons had not yet filed the dismissal when it learned of Mr. Stottlemire's breaches.)

We're informing you of these developments both as a courtesy because of your good efforts, and because your guidance to the parties may be helpful in resurrecting the settlement. We've no objection to you communicating ex parte and directly with Mr. Stottlemire at your earliest convenience.

Below is the email spool starting Friday that contain the parties' respective positions.

**Neil A. Goteiner**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

**Office** 415.954.4485
**Fax** 415.954.4480
**Cell** 415.279.6783
www.fbm.com

> -----Original Message-----
> **From:** Goteiner, Neil (24) x4485
> **Sent:** Sunday, November 23, 2008 12:17 PM
> **To:** 'John Stottlemire'
> **Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
> **Subject:** RE: your breach of the Settlement
>
> In your Friday email you protested that you had not publicly disclosed the terms of the settlement. Now you admit, as you must, that you did disclose the settlement terms, particularly you disclosed the dismissal with prejudice, claimed you bested us and that you paid nothing. You attempt to justify your

breech by asserting, without basis, that the dismissal was not going to be filed under seal, and that the parties therefore implicitly "revised" the settlement agreement.

Your argument has no merit. Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, **notwithstanding the occurrence of any possible changes or differences in material fact**." You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future. But as you signed that release, you already were breaching it and the Settlement Agreement by your self-aggrandizing statements on your own blog and to the press.

Further, your argument attempting to excuse your breach as essentially an early disclosure of information that would eventually be in the public, also fails. Your argument essentially eviscerates the confidentiality term. Further, there is nothing in the stipulation that says it would not be filed under seal. The settlement did not require a specific provision obligating the parties to do so, in order to bind (or to permit) the parties to do so. To the contrary, it was the parties' obligation to do everything reasonably necessary to comply with the terms of the settlement stipulation including that it would "remain confidential," including filing the dismissal under seal, as well as not speaking to the press, as you did. Are you suggesting that although you represented and warranted that the settlement terms would remain confidential, that you would not agree to file the stipulation under seal once we suggested doing that to effectuate the confidentiality term?

Moreover, even if the settlement agreement had not been filed under seal, there was no certainty, or even probability, that the press would have picked up a publicly filed dismissal, had you not brought it to their attention (based on your distortion of events leading to settlement, which we aim to correct in the public record).

Similarly, your assertion of an implicit agreement "revision," flies in the face of the confidentiality term and your additional representation and warranty. You should have articulated your intent to revise the settlement with Dennis, Coupons, Inc. and Mr. McElhinny. Your post-breach "revision" spin will not play well in San Jose. All it does is underline your bad faith as you negotiated and signed the Settlement Agreement, contrary to your protests about your integrity.

Finally, given your victory lap brandishing your ass kicking exploits and disclosure of settlement terms, we're assuming that you have no objections to us publicizing facts 4(a)-(e) of my Friday 7:29 email to you. But please let me know today if you disagree, and the basis for your objection.

Coupons will not be filing the stipulation of dismissal, but will continue to prosecute the case, short of your agreement to attempt to correct and repair the breach as we have proposed. Your email makes clear that you would rather spin than do the right thing. And so it's become clear that Coupons and the market require a judgment and verdict to stop your injurious mischaracterizations and conduct. I presume that you know that you will be wasting your time in this continued law suit. For, I'm sure that Mr. McElhinny told you that you would lose the case, which only confirmed what you already knew when you reviewed Judge Lloyd's ruling against you and against EFF's arguments. Coupons is willing to invest the money to end its relationship with you and to clear up the confusion that you have caused through your settlement breaches.

We'll alert Mr. McElhinny Monday of these unfortunate developments.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Saturday, November 22, 2008 4:23 PM
**To:** Goteiner, Neil (24) x4485
**Subject:** RE: your breach of the Settlement

Dennis promised to file the stipulation to dismiss with prejudice as soon as he had my signature on the accompanying document. I gave Dennis my signature on the document on November 19, 2008. There has been no request nor any stipulations provided that the stipulation be filed under seal. The stipulation would have become a public document for any person who has access to the PACER system, the Court docket or any websites which display the Court docket (i.e. justia).

While both parties have agreed that the terms of the settlement would remain confidential, that confidentiality obviously does not extend to a document which would be filed publicly by your office. You and Dennis drafted the stipulation and you were going to file it publicly. If you have forgotten what the stipulations says, go read it. Since I have signed that stipulation with full knowledge that the stipulation would be filed as soon as you have my signature on the accompanying document and the stipulation holds no provisions to be kept under seal or redacted in any form, both sides have agreed to a revision on that particular term.

If the stipulation is not filed with the Court by Sunday, November 23, 2008 at 5:00 PM, I will have no choice but to seek a status conference with Judge Lloyd on Monday to address this matter.

-john stottlemire

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Saturday, November 22, 2008 12:11 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** RE: your breach of the Settlement

It's best that all communications be in writing so that no one can be misquoted and that the record remains clear. Short of anything else from you, we have your final response.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Saturday, November 22, 2008 11:05 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** RE: your breach of the Settlement

You have my phone number. I'm not going to discuss this through email.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Saturday, November 22, 2008 10:59 AM
**To:** NGoteiner@fbm.com; johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** RE: your breach of the Settlement

Your breach could not have been clearer. Dismissal with prejudice was settlement "term," No. 1. Term No. 5, was that "the terms of the settlement will remain confidential." You specifically disclosed that Coupons dismissed the case with prejudice. End of case.

Let me know if I have misstated any facts in my email of last night.

In refusing our offer to attempt to remedy your breach, you are proceeding at your peril. But this is apparently what you want.


-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Friday, November 21, 2008 9:47 PM
**To:** 'johna@stottlemire.com'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** Re: your breach of the Settlement

We will treat that as your final response.

---

**From:** John Stottlemire
**To:** Goteiner, Neil (24) x4485
**Sent:** Fri Nov 21 20:33:29 2008
**Subject:** RE: your breach of the Settlement
There has been no breach.  The terms of the settlement agreement have not been disclosed.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Friday, November 21, 2008 7:29 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** your breach of the Settlement


John:

Your web site comments, including "kicking ass" and that the case was dismissed with prejudice, as well as your communications (either direct or through your web site) with various bloggers including, Dan Morril and David Kravits, breached the wording and intent of the confidentiality term of the settlement agreement.  The agreement specifically states that "The terms of the settlement will remain confidential."  This was included as a material term of the agreement at your request.  Your blatant violation of your commitment, and the consequences of that abuse have damaged Coupons' reputation and continue to do so.

We are not filing the notice of dismissal unless you repair the breach.  Coupons now insists that the only way for you to repair your breach would be to publish prominently on your web site and distribute to each blogger who referred to the settlement (or does so in the near future) a full narrative of the following facts leading to the settlement.  The statement must contain the following elements (Coupons will draft the precise language), and we must receive proof that you've satisfactorily circulated the statement.

1.    Refer to the inaccurate statements on your web site and to the statements on the relevant blogs and correct the blog's mischaracterization of the case and of the settlement terms;

2.     Specifically state that while you asked for the confidentiality agreement, you breached it, and also that your web site and the blogs discussing the case contain misleading information about the settlement and the litigation.

3.     Attach to your statement the entire recent court decision and accurately characterize in layman's language the Court's denial of your motion for sanctions and motion to dismiss, as well as the court's reasoning and holding.  Your statement would also point out that the Court ultimately came to its ruling notwithstanding vigorous amicus briefing from the Electronic Frontier Foundation.  Your statement would of course specifically explain the court's of how and why both sections 1201(a) and section 1201(b) are applicable, over your strong objections.

4.     Accurately state the sequencing of settlement events, namely that: (a) prior to the recent hearing, you demanded that Coupons pay you $2 million for your various claims based on your position that Coupons case was without merit and vexatious, and that you had always demanded money from Coupons to settle your asserted claims; (b) you breached confidential settlement discussions previously by publishing on your web site your earlier demand for over $1 million; (c) after the hearing in which the court denied your motion to dismiss, you withdrew those settlement demands; (d) at the ENE session after the Court issued the attached ruling, you dropped your demands for even a penny and then asked for the confidentiality agreement that you breached; (e) after you signed the settlement term sheet you requested that Coupons indemnify you against claims by Coupons' customers for intentionally interfering with their business and by stealing coupons via your software; and (f) that after Coupons objected to your settlement breach, you agreed to correct the record. You are welcome to explain that it was your integrity that made you retract your misleading statements and breaching conduct, but you must truthfully state that by the time of your settlement you had not bested Coupons, but had in fact lost your motion to dismiss and explain that Coupons was about to proceed against you with discovery, including your deposition, and with significant potential for damages against you if you had not settled.

Further, you will not object to any additional press releases or stories that result from Coupons' sharing with the press the accurate facts of the case and of the settlement events.

If you don't agree to the above, you will leave Coupons no choice but either to sue to enforce the settlement agreement and seek the relief outlined above, looking to you for the costs of such a law suit, or to withdraw from the settlement and proceed with the case.

If we do not hear from you within 48 hours, we will assume you refuse to agree to the above and will proceed accordingly.


**Neil A. Goteiner**
Attorney at Law

_____

2/3/2009

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

Office 415.954.4485
Fax    415.954.4480
Cell   415.279.6783
www.fbm.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

# EXHIBIT D

TO THE DECLARATION OF DENNIS M. CUSACK IN
OPPOSITION TO DEFENDANT'S MOTION TO
SUMMARILY ENFORCE SETTLEMENT AGREEMENT

**Cusack, Dennis (27) x4475**

| | |
|---|---|
| **From:** | John Stottlemire [johna@stottlemire.com] |
| **Sent:** | Thursday, December 11, 2008 5:20 AM |
| **To:** | McElhinny, Harold J. |
| **Cc:** | Cusack, Dennis (27) x4475; Goteiner, Neil (24) x4485; Alameda, Carly (20) x4981 |
| **Subject:** | Coupons, Inc. v. Stottlemie - ADR Rule 2-4(a)(2) |

Mr. McElhinny,

On December 5, 2008 Coupons, Inc. filed a motion with the Court. This motion and its attached declaration contains statements made by Coupons, Inc. which are in violation ADR Rule 5-12. As just one example, the Memorandum of Points and Authorities claims "At the November 13, 2008 ENE...made it clear that Stottlemire would have to face a probable judgment" (See Memorandum of Points and Authorities Page 6 Lines 3-7) and discloses to the court your evaluation of the merits of the case. Coupons, Inc. further discloses to the Court and to others not involved in the litigation that the case settled at the ENE. Claiming the case settled, of course, is not a violation of ADR Rule 5-12, however, disclosing that it settled at the ENE obviously is as ADR Rule 5-12 specifically forbids "anything that happened" during ENE. It is important to note, these are just two examples of Coupons, Inc.'s material violation of ADR Rule 5-12. The Motion and supporting documents obviously contain more.

The information disclosed by Coupons, Inc. is in violation of ADR Rule 5-12(a)(1) as the document has been filed on the publicly available docket and is disclosed to (the entire world) those who are not involved in the litigation , is in violation of ADR Rule 5-12(a)(2) as the information has been disclosed to Judge Lloyd and is in violation of ADR Rule 5-12(a)(3) as it is being used for the purpose of arguing to the Court that the parties should return to ENE.

Coupons, Inc. claims it has served a copy of the Motion and its supporting documents on you by U.S. Mail. As the Evaluator, I am asking if you plan to file a report under seal directly to the ADR Magistrate Judge for the perceived material violations of ADR Rule 5-12. If you are not planning to file the report, please let me know as soon as possible so that I may file a complaint against Coupons, Inc. with Judge Brazil. I do realize that I could file the complaint at the same time you would file yours, however I have just moved to North Carolina and because of the logistics involved with the move and the inability to get my hands on our household goods until we have a home (we are living in temporary housing) I am unable to file it at this time.

Thank you for your time.

-john stottlemire

1    Coupons' lawsuit, the most recent being his motion to dismiss the third

2    amended complaint and his motion for sanctions.

3    9. At the November 13, 2008 ENE, only a week after the Court's ruling

4       made it clear that Stottlemire would have to face a probable judgment, the

5       independent evaluator, Harold McElhinny, an expert in intellectual

6       property law, gave the parties his expert evaluation of the merits of the

7       case. The case settled the same day.

8    10. The parties agreed to a confidentiality term to disclose no material term of

9       the settlement agreement, including the dismissal with prejudice.

10   11. After the parties reached and signed the terms of settlement at the ENE,

11      Stottlemire asked Coupons to indemnify Stottlemire for claims by

12      Coupons' customers against Stottlemire, presumably for interfering in

13      Coupons' customers' advertising campaigns and for theft of coupons.

14      Coupons declined to provide the indemnity.

15   12. Coupons believed that Stottlemire would respect the terms of the

16      confidentiality provision since he did not want it known that he – even

17      with the help of EFF -- had lost virtually all his legal arguments and that

18      he was compelled to give up his damage claims. Coupons was willing to

19      abide by the confidentiality agreement since the record of the settlement

20      coming so quickly after the Court's November 6 ruling, but without any

21      further mischaracterizations by Stottlemire, would suffice to give the

22      accurate signals to the market that Coupons would do what was necessary

23      to enforce its rights under the DMCA and the common law against anyone

24      who violated those rights.

25   13. Stottlemire, however, had a different plan. As Stottlemire was asking

26      Coupons for the indemnity, Stottlemire was breaching the settlement

27      confidentiality terms by commenting on it on his web site, and by

28      publishing his "ass kicking" of Coupons to the press and to bloggers. *See*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEM. IN SUPP. OF COUPONS' MOTION TO DIRECT THE
PARTIES TO RETURN TO ENE -- USDC/NDC/SJ 5:07-CV-
03457 HRL                                    - 6 -                          22675\1775737.1

# EXHIBIT E

**TO THE DECLARATION OF DENNIS M. CUSACK IN
OPPOSITION TO DEFENDANT'S MOTION TO
SUMMARILY ENFORCE SETTLEMENT AGREEMENT**

## Cusack, Dennis (27) x4475

**From:** Goteiner, Neil (24) x4485
**Sent:** Wednesday, November 26, 2008 11:24 AM
**To:** 'John Stottlemire'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** impasse and the way out

As you wish. I'm pretty sure that the Court will simply order us back to ENE.

Coupons is fine with making everything public regarding the settlement. Keep in mind that regarding Coupons' motivations for settling, we believed your statement that there were significant judgments against you, that you had no assets and that you were judgment proof, and we also thought that you would have preferred not to have that sort of financial and personal history made public.

I also think that further correspondence with each other now doesn't pay since we are truly at an impasse if you don't want to return to McElhinny. So please don't take offense at the probability that I won't be answering your further email. We're proceeding on our discovery schedule and noticing your deposition, and with pushing for your answer to the amended complaint.

> -----Original Message-----
> **From:** John Stottlemire [mailto:johna@stottlemire.com]
> **Sent:** Wednesday, November 26, 2008 11:04 AM
> **To:** Goteiner, Neil (24) x4485
> **Subject:** RE: impasse and the way out
>
> The dispositive issue is not the breach. The dispositive issue is your remedy in the event of a breach and your disregard for the law. You've convicted me of a breach without receiving a ruling that a breach did in fact take place. You can claim a breach all you desire and you can request that as a remedy of that breach (if in fact a jury and/or Judge concludes there is a breach) you receive what the law allows. I would think that an attorney who is licensed to practice law would fully understand due process and his requirements to adhere to due process.
>
> In closing: Mr. McElhinny is a terminated party to this action (you should really spell his name correctly out of respect to him.) I do not consent to a meeting with any party who is a non-party to this action. Additionally, when timing is right, I will confer with CI to set a date for a Motion to Summarily Enforce Settlement Agreement. First and foremost, I will wait for Judge Lloyd to rule on the pending Administrative Motion for a Status Conference and allow due process to work. I am trying to avoid such a Motion to PROTECT CI from publically disclosing the terms of the settlement. I can only imagine what the press will say should it discover that to settle this action all Stottlemire had to do was AGREE not to file action against CI for Malicious Prosecution and that CI did not even attempt to recover any of its legal fees.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 10:42 AM
**To:** johna@stottlemire.com
**Subject:** impasse and the way out

The dispositive issue is your breach. Another issue was your apparent intent never to adhere to the confidentiality term. But this email exchange won't further our conversation, since we disagree on the fundamentals. So either start writing your motion, or take the far easier route, which is for you and Coupons to jointly request a meeting with Mr. McElhinney. If you're so correct and I'm so wrong, he'll agree with you and so advise Coupons.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 10:31 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** CI has required contractual obligations

You did in fact sign a mutual release and there was a meeting of the minds on November 13, 2008. I have the signed agreement (as do you, I'm sure). Case law is clear: Parties cannot escape their obligation by refusing to sign a more formal writing required by the settlement. (Alipo v. Secretary of the U.S. Army, 1998 U.S. Dist. LEXIS 6360 (N.D. Cal, March 27, 1998).

In addition, "It may be conceded that where the minds of the parties have met respecting the terms and conditions of the more formal writing that is to be executed by them, and the agreed terms of the contract thereafter to be executed are certain and in all respects definitely understood and agreed upon in advance, either orally or by informal writing, there is in such case an obligatory contract dating for the making of the earlier agreement." Fly v. Cline, 49 Cal. App. 414,425 (1920).

I think we are both in agreement that the agreement to settle a federal case is a contract governed by the applicable state law, but, if you wish I will cite the Supreme Court.

FACTS:
November 13, 2008: CI and Stottlemire executed a Settlement agreement which was complete and required a formal Mutual Release in standard form to be executed and dismissal of all claims with prejudice. There was a complete meeting of the minds of the content of the Mutual Release and both parties signed the Settlement Agreement, this is undisputable.
November 17, 2008: CI sent Stottlemire the Mutual Release (it's even entitled Mutual Release and NOT Settlement Agreement and Mutual Release) and stated "Once we're agreed on final wording, we can arrange for an exchange of signatures on the Mutual Release"
November 19, 2008: CI and Stottlemire accepted the final wording in regards to the Mutual Release. CI stated "When we receive your signature, we'll file the Stipulation for Dismissal" and Stottlemire provided his signature (undoubtedly showing a meeting of the minds).

Even your own language over the past several days show this to be a valid contract. There would be no need to rescind an agreement if an agreement was not in place and you've referenced the contract in every email you've sent me, the Court and Mr. McElhinny (a terminated party to this action).

Again, you know as well as I do, you cannot simply decide to rescind a contract without proper authority. Rescinding the contract is NOT a legal remedy for an alleged breach unless specifically authorized by the contract. The contract of November 13 does not allow for rescinding the contract. The Mutual Release specifically releases CI and Stottlemire from all claims. Both contracts require CI to file a stipulation to dismiss with prejudice and both contracts are complete. File the stipulation as your contractual obligations require.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 9:59 AM
**To:** johna@stottlemire.com

**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** settlement agreement termination/no signed coupons release

We disagree on all points.

Since my last email I confirmed that we sent no signed release; Coupons did not release its claims prior to your breach.

If you decline to speak to Mr. McElhinny, your suggested motion is another alternative to our proposed correction remedy. Let's agree upon a hearing date for your motion.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 9:46 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** The Settelment Agreement remains in full force

Neil,

Your email provides more than enough proof to establish that there was/is a meeting of the minds on the Mutual Release. You quoted it and used it to provide proof that you were right and my argument held no merit. You know all I have to do is show there is a meeting of the minds to enforce the contract. (First Year – Contract Law if you have forgotten) In addition, on November 13, 2008 Dennis Cusack and Lauren Segal signed a contract which stated in part that the parties would exchange "mutual releases (standard form)" IN NONE of the contracts (where I will undoubtedly be able to show that there is a meeting of the minds) is "rescission" of the settlement agreement a remedy for an alleged breach. Conversely, as you pointed out, changes in material fact have no bearing on the Settlement Agreement. "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact."

I'm not stupid and I really wish you would quit treating me as such. File the stipulation as your contractual obligations require and save yourself the embarrassment which would ensue should I be required to ask the Court to FORCE your compliance with the Settlement Agreement.

One last comment: I have no discovery obligations. The case has settled.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Wednesday, November 26, 2008 9:26 AM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** RE: rescinded settlement agreement

BTW, Dennis is on vacation and so I could not confirm that he signed the release on Coupons's behalf as you appear to be implying. If he did, please send it. If he didn't, then I'm confused by your comment that Coupons released all claims.

-----Original Message-----
**From:** Goteiner, Neil (24) x4485
**Sent:** Wednesday, November 26, 2008 8:40 AM
**To:** 'John Stottlemire'

2/3/2009

**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** rescinded settlement agreement

With all due respect, you're fundamentally wrong on the law and on your interpretation of the facts. You might want to speak to Mr. McElhinny before you begin to default on your discovery obligations.

-----Original Message-----
**From:** John Stottlemire [mailto:johna@stottlemire.com]
**Sent:** Wednesday, November 26, 2008 8:17 AM
**To:** Goteiner, Neil (24) x4485
**Subject:** All claims have been released.

Proof of "meeting of the minds"

Your email sent Sunday, November 23, 2008 at 12:17 PM states:
"Your argument has no merit. Whether the press would have picked up the dismissal from pacer is irrelevant to your unilateral breach. Irrespective of what happened with anyone learning of the dismissal, you signed a mutual release which provided that, "Coupons and Stottlemire each further represent, warrant and agree that the Settlement Agreement shall remain in full force, and in effect, notwithstanding the occurrence of any possible changes or differences in material fact." You represented and warranted that you would maintain the confidentiality, regardless of what happens in the future. But as you signed that release, you already were breaching it and the Settlement Agreement by your self-aggrandizing statements on your own blog and to the press."

Your email proves that CI and I had a meeting of the minds that the case should settle, that the case has settled, and that it should now be closed.

If my alleged breach of the agreement, in your analysis, is a "possible[] change [] in material fact[s]" and invokes the confidentiality clause, you have admitted that, "notwithstanding the occurrence of any possible changes or differences in material fact", CI has already released all claims against me and must file a stipulation to dismiss with prejudice So the case is settled and should now be closed.

-john stottlemire

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

# EXHIBIT F

## TO THE DECLARATION OF DENNIS M. CUSACK IN OPPOSITION TO DEFENDANT'S MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT

## Cusack, Dennis (27) x4475

**From:** Goteiner, Neil (24) x4485
**Sent:** Friday, November 21, 2008 9:47 PM
**To:** 'johna@stottlemire.com'
**Cc:** Cusack, Dennis (27) x4475; Alameda, Carly (20) x4981
**Subject:** Re: your breach of the Settlement

We will treat that as your final response.

---

**From:** John Stottlemire
**To:** Goteiner, Neil (24) x4485
**Sent:** Fri Nov 21 20:33:29 2008
**Subject:** RE: your breach of the Settlement

There has been no breach.  The terms of the settlement agreement have not been disclosed.

**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Friday, November 21, 2008 7:29 PM
**To:** johna@stottlemire.com
**Cc:** DCusack@fbm.com; CAlameda@fbm.com
**Subject:** your breach of the Settlement

John:

Your web site comments, including "kicking ass" and that the case was dismissed with prejudice, as well as your communications (either direct or through your web site) with various bloggers including, Dan Morril and David Kravits, breached the wording and intent of the confidentiality term of the settlement agreement.  The agreement specifically states that "The terms of the settlement will remain confidential."  This was included as a material term of the agreement at your request.  Your blatant violation of your commitment, and the consequences of that abuse have damaged Coupons' reputation and continue to do so.

We are not filing the notice of dismissal unless you repair the breach.  Coupons now insists that the only way for you to repair your breach would be to publish prominently on your web site and distribute to each blogger who referred to the settlement (or does so in the near future) a full narrative of the following facts leading to the settlement.  The statement must contain the following elements (Coupons will draft the precise language), and we must receive proof that you've satisfactorily circulated the statement.

    1.    Refer to the inaccurate statements on your web site and to the statements on the relevant blogs and correct the blog's mischaracterization of the case and of the settlement terms;

    2.    Specifically state that while you asked for the confidentiality agreement, you breached it, and also that your web site and the blogs discussing the case contain misleading information about the settlement and the litigation.

    3.    Attach to your statement the entire recent court decision and accurately characterize in layman's language the Court's denial of your motion for sanctions and motion to dismiss, as well as the court's reasoning and

holding. Your statement would also point out that the Court ultimately came to its ruling notwithstanding vigorous amicus briefing from the Electronic Frontier Foundation. Your statement would of course specifically explain the court's of how and why both sections 1201(a) and section 1201(b) are applicable, over your strong objections.

4.  Accurately state the sequencing of settlement events, namely that: (a) prior to the recent hearing, you demanded that Coupons pay you $2 million for your various claims based on your position that Coupons case was without merit and vexatious, and that you had always demanded money from Coupons to settle your asserted claims; (b) you breached confidential settlement discussions previously by publishing on your web site your earlier demand for over $1 million; (c) after the hearing in which the court denied your motion to dismiss, you withdrew those settlement demands; (d) at the ENE session after the Court issued the attached ruling, you dropped your demands for even a penny and then asked for the confidentiality agreement that you breached; (e) after you signed the settlement term sheet you requested that Coupons indemnify you against claims by Coupons' customers for intentionally interfering with their business and by stealing coupons via your software; and (f) that after Coupons objected to your settlement breach, you agreed to correct the record. You are welcome to explain that it was your integrity that made you retract your misleading statements and breaching conduct, but you must truthfully state that by the time of your settlement you had not bested Coupons, but had in fact lost your motion to dismiss and explain that Coupons was about to proceed against you with discovery, including your deposition, and with significant potential for damages against you if you had not settled.

Further, you will not object to any additional press releases or stories that result from Coupons' sharing with the press the accurate facts of the case and of the settlement events.

If you don't agree to the above, you will leave Coupons no choice but either to sue to enforce the settlement agreement and seek the relief outlined above, looking to you for the costs of such a law suit, or to withdraw from the settlement and proceed with the case.

If we do not hear from you within 48 hours, we will assume you refuse to agree to the above and will proceed accordingly.

**Neil A. Goteiner**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

Office 415.954.4485
Fax   415.954.4480
Cell  415.279.6783
www.fbm.com

2/3/2009