1  John A. Stottlemire
   4509 Wayland Court
2  High Point, NC 27265
   Telephone: (614) 358-4185
3  Email: johna@stottlemire.com
   Defendant, *pro se*
4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7                          SAN JOSE DIVISION

8  COUPONS, INC., a California corporation,  )  Case No. 5:07-CV-03457 HRL
                                              )
9           Plaintiff,                        )  **DEFENDANT'S OPPOSITION TO**
                                              )  **PLAINTIFF'S ADMINISTRATIVE**
10      v.                                    )  **MOTION TO FILE UNDER SEAL**
                                              )
11 JOHN STOTTLEMIRE                           )  Courtroom: 2, 5th Floor
                                              )  Judge:     Hon. Howard R. Lloyd
12          Defendant                         )
                                              )
13

14                          **INTRODUCTION**

15      On February 3, 2009, Plaintiff Coupons, Inc. ("CI") filed an administrative motion to file

16 under seal portions of the Declaration of Steven Boal in Opposition to Defendant John

17 Stottlemire's ("Stottlemire") Motion to Summarily Enforce the Settlement Agreement. Stottlemire

18 opposes this motion on the grounds that CI has failed to articulate compelling reasons supported

19 by specific factual findings why paragraphs 16-23 of Steven Boal's declaration should be sealed.

20                             **ARGUMENT**

21      CI has requested the Court seal statements made by Steven Boal pursuant to Federal Rules

22 of Civil Procedure 26(c). Rule 26(c) applies to materials a party seeks to seal which are a product

23 of discovery and only requires the Court find "good cause" to seal the statements. Because CI has

24 attached the statements it seeks to seal to a dispositive motion, a more elevated standard applies.

25 CI must articulate compelling reasons supported by specific factual findings that outweigh the

26 general history of access and public policies favoring disclosure. CI has failed to meet its burden

27 and this Court should deny CI's motion.

28
    Defendant's Opposition to Plaintiff's Administrative Motion to File Under Seal
    No. 5:07-CV-03457 HRL                                                                              - 1 -

CI's request that the above information be filed under seal is made in connection with a dispositive motion. Accordingly, the information may not be filed under seal unless there is a "compelling interest" in doing so. *See Pintos v. Pacific Creditors Association*, 504 F. 3d 792, at 801-03 (9th Cir. 2007). A party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and public policies favoring disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 at 1178-79 (9th Cir. 2006) (citation and internal quotation marks omitted).

CI claims four reasons why the statements made by Steven Boal should be sealed: 1) Competitors *could use* the statements out of context to harm CI, 2) the comments would impact negatively on CI's customers and CI's potential customers, 3) the comments could encourage hackers, and 4) Stottlemire will attempt to use the comments out of context. (*See Declaration of Dennis Cusack* at ¶ 3, 4). None of these claims are supported by specific factual findings and are simply conclusory statements.

In its own motion to seal, CI asks the Court to allow it to file the statements made by Steven Boal "for the foregoing reasons". CI obviously has not asked the Court to find it has compelling reasons that are supported by specific factual findings. Failing to meet its heavy burden by providing compelling reasons supported by specific factual findings, the presumption of access to dispositive pleadings and attachments prevail. CI's motion to file under seal should be denied.

Dated: February 5, 2009

/s/
John Stottlemire
Defendant, *pro se*